IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| CARL WELLS,<br><br>Plaintiff,<br><br>v.<br><br>LOTTERY.COM, INC.,<br>*d/b/a* SPORTS.COM, INC.,<br>*d/b/a* AUTOLOTTO, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:23-CV-1081-RP |

**Notice of Appearance, Notice of Lack of Subject Matter Jurisdiction,**
**<u>Request for Notice, Request for Jury Trial</u>**

1. Defendant Lottery.com, Inc. ("Defendant") appears in this action. Service of all pleadings, papers, and documents required to be served in this action should be served on the undersigned. *See* FED. R. CIV. P. 5(b)(1).

2. Because Defendant has appeared, Defendant must be served with written notice of any application to the court for a default judgment, at least 7 days before the hearing. *See* FED. R. CIV. P. 55(b)(2).

3. Defendant intends to promptly move this Court to set aside the entry of default (Dkt. 4), for good cause, pursuant to FED. R. CIV. P. 55(c). Should the Court refuse to set aside the entry of default, Defendant requests that the Court exercise its discretion and allow remaining matters to be decided by a jury.[1] Plaintiff has also requested a jury. *See Civil Cover Sheet* (Dkt. 1-1).[2] Remaining matters include Plaintiff failing to establish Defendant's liability by well-pleaded

---

[1] *See Freeman v. Giuliani*, 2023 U.S. Dist. LEXIS 216074, at *15-16 (D.D.C. December 3, 2023) (Identifying authority that there is "no absolute right, under the Seventh Amendment or by statute, to a jury trial on damages after entry of default on liability… but that th[e] Court retains discretion to 'order a jury trial as to damages…'").

[2] Although Plaintiff's *Original Complaint* does not contain a jury demand, PACER shows that on September 13, 2023, the Clerk docketed "DEMAND for Trial by Jury by Carl Wells."

Complaint,[3] and determining any damages[4] Alternatively, Defendant requests an evidentiary hearing before the Court on the determination of damages.

**Advisory regarding lack of subject matter jurisdiction**

4. Pursuant to Lottery.com's duty to advise the Court about any matter which may affect the Court's subject matter jurisdiction,[5] there is no diversity jurisdiction over this Case. Plaintiff failed to make a complete allegation of subject matter jurisdiction. *See Original Complaint* (Dkt.

---

[3] A defendant, by his default, admits only the plaintiff's well-pleaded allegations of fact. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); J&J Sports Prods. v. 4709 Inc., 2017 U.S. Dist. LEXIS 111203, at *2 (W.D. Tex. July 17, 2017) (Pittman, J.) (""The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."' (Citing *Nishimatsu*). In this Case, Plaintiff's causes of action are based on "a written employment contract [Exhibit A]," yet the *Original Complaint* (Dkt. 1) fails to attach an Exhibit A.

[4] *See Finkel v. Romanowicz*, 577 F.3d 79, 83 n. 6 (2d Cir.2009) ("Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages, which must be established in a separate evidentiary proceeding. Even where a party has defaulted, it may still contest the amount of damages awarded to a plaintiff."); *Holloway v. Auto. Promotion Consultants, LLC*, 2021 U.S. Dist. LEXIS 84920, at *9 (W.D. Tex. May 3, 2021):

> With regard to liability, the entry of default by the Clerk of the Court causes all well-pleaded allegations of fact related to liability to be deemed admitted. *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524-25 (5th Cir. 2010). Although the Court must accept these allegations as true, the default alone does not warrant entry of default judgment; rather, the Court retains the burden of ascertaining whether the well-pleaded facts state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"; rather, "[t]here must be a sufficient basis in the pleadings for the judgment to be entered").

*White v. Hayden*, 2020 U.S. Dist. LEXIS 175312, at *8 (E.D. Tex. September 24, 2020) ("the Fifth Circuit has held that conclusory allegations, unwarranted deductions, and legal conclusions are not 'well-pleaded facts' for purposes of evaluating a complaint.").

[5] *See generally*, *Hartsell v. Source Media*, 2003 U.S. Dist. LEXIS 5250, at *9 (N.D. Tex. Mar. 31, 2003) (Lynn, J.) ("The duty of candor includes a 'continuing duty to inform the Court of any development which may **conceivably** affect the outcome of the litigation.'") (quoting *Bd. of License Comm'rs. v. Pastore*, 469 U.S. 238, 240 (1985)) (emphasis in original). This duty applies to any matter affecting the court's jurisdiction over a Case, since the matter of the Court's jurisdiction is "always" of "paramount concern." *Carson v. Combe*, 86 F. 202, 210 (5th Cir. 1898). Regardless whether Defendant raised the jurisdictional defect, the "court is required to examine the basis for its subject matter jurisdiction, on its own motion if necessary." *Lombardi's Inc. v. Indem. Ins. Co. of N. Am.*, 2020 U.S. Dist. LEXIS 93880, at *1-2 (N.D. Tex. May 29, 2020).

1) at p. 2, para. 3:

> In this case, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, Plaintiff is a citizen of Texas, and Defendant is incorporated in the state of Delaware. Therefore, this Court has jurisdiction over this action pursuant to 28 USC § 1332.

*See also*, *Civil Cover Sheet* (Dkt. 1-1) (Plaintiff failing to "x" any box for: 1) Basis of Jurisdiction; and 2) Defendant's *Citizenship of Principal Parties*. Under 28 U.S.C. § 1332(c)(1), a corporation is treated as a citizen of its state of incorporation as well as the state where it has its principal place of business. Because Plaintiff failed to adequately allege the basis for diversity jurisdiction, the Court must dismiss this Case. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001):

> The burden of establishing federal jurisdiction rested on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must "distinctly and affirmatively allege[]" the citizenship of the parties. "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."

Moreover, the matter is conclusive that Lottery.com is incorporated in Delaware, having its principal place of business in Texas.[6] Because "[d]iversity of citizenship jurisdiction requires complete diversity, *i.e.*, the citizenship of every plaintiff must be different from the citizenship of the defendant,"[7] the Court must dismiss this Case.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219

---

[6] *See Original Complaint*, at p. 1, para. 2 ("Defendant LOTTERY.COM, INC. d/b/a SPORTS.COM is incorporated under the laws of Delaware with principal executive offices located in Spicewood, Texas."); *Cf. Million v. Lottery.com Inc.*, 2022 U.S. Dist. LEXIS 209742, at *1 (S.D.N.Y. November 18, 2022) ("Lottery.com is a Delaware corporation based in Texas").

[7] *Lombardi's Inc. v. Indem. Ins. Co. of N. Am.*, 2020 U.S. Dist. LEXIS 93880, at *2 (N.D. Tex. May 29, 2020).

E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Lottery.com