IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| CARL WELLS,<br>Plaintiff,<br><br>v.<br><br>LOTTERY.COM, INC.,<br>*d/b/a* SPORTS.COM, INC.,<br>*d/b/a* AUTOLOTTO, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:23-CV-1081-RP |

**Defendant Lottery.com, Inc.'s Motion to Set Aside Entry of Default**

1. Defendant Lottery.com, Inc. ("Defendant") moves the Court to sign and cause the Clerk to enter an Order setting aside the *Clerk's Entry of Default* (Dkt. 4) in this Case.

2. On December 28, 2023, Plaintiff Carl Wells ("Plaintiff") filed his *First Amended Complaint.* (Dkt. 6).

**Standard of Review**

3. "The court may set aside an entry of default for good cause." *See* Fed. R. Civ. P. 55(c). However, when a Plaintiff files an amended complaint completely replacing the previous complaint, the Court **must** set aside the entry of default on the earlier pleading. *See US. Bank Nat. Assoc. as Trustee for Truman 2016 5C6 Title Trust v. Harris*, 2017 U.S. Dist. LEXIS 172701, *2-3 (E.D. Tex. Sept. 29, 2017) (Nowak, Mag.):

> Plaintiff's Amended Complaint superseded the original Complaint. The original Complaint is therefore a nullity. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n. 2 (5th Cir. 2010) ("[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect...). To that end, the Clerk's Entry of Default based on Defendant's failure to answer or otherwise respond to the original Complaint is likewise a nullity and must be set aside.

*Bank of N.Y. Mellon Trust Co. v. Dabney*, 2022 U.S. Dist. LEXIS 86868, at *4-5 (N.D. Tex. April 14, 2022) (Tolliver, Mag. (Same. Setting aside Clerk's entry of default); *Longwell v. Wynd Travel Choice Global*, 2022 U.S. Dist. LEXIS 12926, at * (W.D. Tex., Jan. 25, 2022) (Hightower, Mag.)

(adopt'd by *Longwell v. Wynd Travel Choice Global, Inc.*, 2022 U.S. Dist. LEXIS 70381 (W.D. Tex., Feb. 23, 2022) (Pitman, J.)):

> The clerk entered default as to Longwell's original Complaint. Dkt. 17. Longwell has not obtained a clerk's entry of default as to her First Amended Complaint. Because Longwell's First Amended Complaint does not adopt or incorporate by reference her original Complaint, Longwell must seek a clerk's entry of default for Wynd Travel's failure to respond to her First Amended Complaint before moving for default judgment.

*Busby v. Vacation Resorts Int'l*, 2019 U.S. Dist. LEXIS 60710, at *2 (S.D. Tex. April 9, 2019) (Rosenthal, J.) (Because the amended complaint superseded the original complaint, rendering it of no legal effect, the entry of default "must be set aside").

4. Because Plaintiff's *First Amended Complaint* (Dkt. 6) does not adopt or incorporate the original complaint, the original complaint has no legal effect and cannot serve as the basis of a default judgment. *New Orleans Ass'n of Cemetery Tour Guides v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (Citations omitted):

> "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." And incorporation by reference must be "with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation." The operative second amended complaint does not even mention, much less successfully incorporate, the first amended complaint. ACTGC thus failed to incorporate the first amended complaint, and this prior complaint has no legal effect.

Therefore, the Court must set aside the Clerk's Entry of Default (Dkt. 4) in this Case.

<u>Prayer</u>

Lottery.com prays that the Court grant:

- this Motion by signing an Order setting aside the Clerk's Entry of Default (Dkt. 4) in this Case; and
- Lottery.com any other just relief.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN

State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Lottery.com

Certificate of Conference Pursuant to Local Rule CV-7(g)

Movant Lottery.com advises the Court that the undersigned made a good-faith attempt to resolve the matter by agreement by contacting Respondent's attorneys as follows:

| Date and Time | Method of Communication |
|---|---|
| Friday 12/29/2023 11:04 a.m. | E-mail transmitting conference draft of this Motion ("Please call me at the cell number below, at a convenient time for you today to confer about Plaintiff's position on the attached Motion to Set Aside Entry of Default.") |
| Friday 12/29/2023 12:12 p.m. | E-mail transmitting draft of proposed Order on this Motion |
| Friday 12/29/2023 03:36 p.m. | Telephone Call (Voicemail left for Eddie Hodges, Jr.) |
| Friday 12/29/2023 07:46 p.m. | E-mail ("I still have not heard back from either of you on your position on Lottery.com's motions to set aside entries of default in the Wells and Marsh cases. Would you please let me know your position on these motions? My cell number is 214-535-9622.") |
| Sat 12/30/2023 5:02 p.m. | E-mail ("I have been, and currently am still available today and tonight to confer with you on the motions to set aside entries of default in the Wells and Marsh cases. Would you please let me know your position on these motions? My cell number is 214-535-9622.") |
| Sun 12/31/2023 10:35 a.m. | E-mail ("I am currently and will be available today and tonight to confer with you on the motions to set aside entries of default in the Wells and Marsh cases. Would you please let me know your position on these motions? My cell number is 214-535-9622."). |
| Tue 01/02/2024 09:17 a.m.<br>Tue 01/02/2024 09:19 a.m. | Telephone Calls (Unable to leave voicemail for Eddie Hodges, Jr.) |
| Tue 01/02/2024 09:27 a.m. | E-mail ("At 9:17 a.m. and 9:19 a.m. today I called the telephone number you list in the pleading block of the Complaints in the Wells Case and Marsh Case. I was not able to leave a voice-mail message after typing in the E-D-D in the directory for Mr. Hodges. Would you please let me know your position* on these motions by noon today? My cell number is 214-535-9622. *If no agreement can be made, please [] tell me the specific reason why. See Local Rule CV-7(g).") |
| Tue 01/02/2024 11:52 a.m. | Telephone Call (Leave voicemail message on Kennard Law general number). |

Because Respondents' attorneys did not return communication about this Motion within a reasonable time, it is presented as opposed. *Cf. United States v. James*, 528 F.2d 999, 1017 (5th Cir. 1976) (Failure to respond within a reasonable time is tantamount to a refusal).

Signature: Andrew R. Korn

ANDREW R. KORN