IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARL WELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1081-RP |
| | § | |
| LOTTERY.COM, INC. *d/b/a* Sports.com, Inc., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Lottery.com, Inc. d/b/a Sports.com, Inc.'s ("Defendant") Motion to Set Aside Clerk's Entry of Default. (Dkt. 7). Plaintiff Carl Wells ("Plaintiff") did not file a response in opposition. After reviewing the motion, the pleadings, and the relevant case law, the Court will grant Defendant's motion.

**I. Background**

Plaintiff filed his original complaint in the above-styled action on September 11, 2023. (Dkt. 1). Defendant waived service, and its answer was due on November 13, 2023. (Dkt. 2). Following Defendant's failure to plead, respond, or otherwise defend against the action, the clerk of the Court entered default against Defendant on December 11, 2023. (Dkt. 4). On December 23, 2023, an attorney appeared on behalf of Defendant. (Dkt. 5). On December 28, 2023, Plaintiff filed an amended complaint against Defendant. (Dkt. 6). On January 2, 2024, Defendant filed its motion to set aside the Clerk's entry of default. (Dkt. 7).

**II. Standard of Review**

An entry of default may be set aside "for good cause." Fed. R. Civ. P. 55(c). However, an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint adopts or incorporates by reference the earlier pleading. *King v. Dogan*, 31 F.3d

344, 346 (5th Cir. 1994). When an amended complaint is filed, a "Clerk's Entry of Default based on Defendant's failure to answer or otherwise respond to the original Complaint is likewise a nullity and must be set aside." *U.S. Bank Nat'l Ass'n v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2017 WL 10776031, at *1 (E.D. Tex. Sept. 29, 2017); *see also Winston v. City of Laurel*, No. 2:12cv61-KS-MTP, 2012 WL 5381346, at *2 (S.D. Miss. Oct. 31, 2012) (stating that "the filing of the Amended Complaint mooted the Clerk's Entry of Default" for the original complaint).

## III. Discussion

Plaintiff's amended complaint does not adopt or incorporate by reference his original complaint. (*See* Dkt. 6). Therefore, the original complaint has no legal effect and cannot serve as the basis of a default judgment. *See Longwell v. Wynd Travel Choice Glob., Inc.,* No. 1:19-CV-00557-RP, 2022 WL 214470, at *2 (W.D. Tex. Jan. 25, 2022), *report and recommendation adopted*, No. 1:19-CV-557-RP, 2022 WL 1117863 (W.D. Tex. Feb. 23, 2022) ("Because [Plaintiff's] First Amended Complaint does not adopt or incorporate by reference her original Complaint, [Plaintiff] must seek a clerk's entry of default for [Defendant's] failure to respond to her First Amended Complaint before moving for default judgment."). Since Plaintiff's original complaint is a nullity, so is the Clerk's entry of default based on Defendant's failure to respond to that original complaint. Thus, the entry of default must be set aside.

## IV. Conclusion

Accordingly, the Court **GRANTS** Defendants' Motion to Set Aside Entry of Default. (Dkt. 7). **IT IS ORDERED** that the Clerk of Court shall set aside its entry of default. (Dkt. 4).

**SIGNED** on January 17, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE