IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| CARL WELLS,<br>Plaintiff,<br><br>v.<br><br>LOTTERY.COM, INC.,<br>*d/b/a* SPORTS.COM, INC.,<br>*d/b/a* AUTOLOTTO, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:23-CV-1081-RP |

**Defendant Lottery.com, Inc.'s Response Opposing**
**Plaintiff's Second Motion for Entry of Default**

1. Defendant Lottery.com, Inc. ("Defendant") opposes the Clerk entering the default requested by Plaintiff in *Plaintiff's Second Motion for Entry of Default* (Dkt. 9) in this Case.

2. Defendant has appeared and otherwise defended in this Case. *See Defendant Lottery.com, Inc.'s Motion to Set Aside Entry of Default* (Dkt. 7). Plaintiff must now apply to the Court for any default. Fed. R. Civ. P. 55(a) and 55(b)(2).

3. On January 17, 2024, the Court ordered "that the Clerk of Court shall set aside its entry of default. (Dkt. 4)." *See* Order (Dkt. 8). A review of the PACER docket shows that the Clerk has not yet set aside the entry of default. *See* Exhibit 1. The Court has informed Lottery.com that it may not properly file motions that go to the merit of the case until entry of the judgment has been set aside. *See* Exhibit 2, at page 2.

4. Once Defendant is allowed to file a motion that goes to the merits of this Case, Defendant will have 14 days to do so. Fed. R. Civ. P. 15(a)(3). Plaintiff's request for entry of default is premature.

<u>Conclusion</u>

The Clerk should refuse Plaintiff's second motion for entry of default. Alternatively, Defendant asks that any request for entry of default be referred to the Court for determination.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

# Exhibit 1

## U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:23-cv-01081-RP

Wells v. Lottery.com, Inc.
Assigned to: Judge Robert Pitman
Demand: $1,500,000
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 09/11/2023
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Carl Wells**

represented by **Alfonso Kennard , Jr.**
Kennard Law PC
5120 Woodway Dr. Suite 10010
Houston, TX 77056
(713) 742-0900
Fax: (713) 742-0951
Email: Filings@kennardlaw.com
*ATTORNEY TO BE NOTICED*

**Eddie Robert Hodges , II**
Kennard Law, P.C.
5120 Woodway Dr. Ste. 10010
Houstotn, TX 77056
713-742-0900
Email: eddie.hodges@kennardlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lottery.com, Inc.**
*doing business as*
Sports.com, Inc.

represented by **Andrew Ross Korn**
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, TX 75219
(214) 521-6417
Email: akorn@receiverandrewkorn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2023 | 1 | COMPLAINT ( Filing fee $ 402 receipt number ATXWDC-17867818), filed by Carl Wells. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet Wells)(Kennard, Alfonso) (Attachment 1 replaced on 9/13/2023 to flatten document) (cr5). (Entered: 09/11/2023) |
| 09/11/2023 | | Case assigned to Judge Robert Pitman. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE |

| | | |
|---|---|---|
| | | INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (cr5) (Entered: 09/13/2023) |
| 09/11/2023 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Lane. (cr5) (Entered: 09/13/2023) |
| 09/11/2023 | | DEMAND for Trial by Jury by Carl Wells. (cr5) (Entered: 09/13/2023) |
| 10/18/2023 | 2 | WAIVER OF SERVICE Returned Executed by Carl Wells as to Lottery.com, Inc.. Waiver sent on 9/11/2023, answer due 11/13/2023. (Kennard, Alfonso) (Entered: 10/18/2023) |
| 12/08/2023 | 3 | MOTION for Clerk's Entry of Default against LOTTERY.COM d/b/a SPORTS.COM d/b/a AUTOLOTTO, INC. by Carl Wells. (Attachments: # 1 Proposed Order)(Kennard, Alfonso) (Entered: 12/08/2023) |
| 12/11/2023 | 4 | Clerk's ENTRY OF DEFAULT as to Lottery.com, Inc. (dm) (Entered: 12/11/2023) |
| 12/23/2023 | 5 | NOTICE of Attorney Appearance by Andrew Ross Korn on behalf of Lottery.com, Inc.. Attorney Andrew Ross Korn added to party Lottery.com, Inc.(pty:dft) (Korn, Andrew) (Entered: 12/23/2023) |
| 12/23/2023 | | DEMAND for Trial by Jury by Lottery.com, Inc. embedded within Notice of Appearance (Dkt. 5). (jv2) (Entered: 12/27/2023) |
| 12/28/2023 | 6 | AMENDED COMPLAINT against Lottery.com, Inc. amending 1 Complaint., filed by Carl Wells. (Attachments: # 1 Exhibit)(Hodges, Eddie) (Entered: 12/28/2023) |
| 01/02/2024 | 7 | MOTION to Set Aside 4 Clerk's Entry of Default by Lottery.com, Inc.. (Attachments: # 1 Proposed Order Setting Aside Entry of Default)(Korn, Andrew) (Entered: 01/02/2024) |
| 01/17/2024 | 8 | ORDER GRANTING 7 Defendant's Motion to Set Aside 4 Clerk's Entry of Default. Signed by Judge Robert Pitman. (jv2) (Entered: 01/17/2024) |
| 01/23/2024 | 9 | Second MOTION for Clerk's Entry of Default against LOTTERY.COM d/b/a SPORTS.COM d/b/a AUTOLOTTO, INC. by Carl Wells. (Attachments: # 1 Proposed Order)(Kennard, Alfonso) (Entered: 01/23/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 01/23/2024 12:10:04 | | | |
| **PACER Login:** | akorn4221 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:23-cv-01081-RP |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YES PERIOD, LLC *d/b/a* SERENITY SOFTWARE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-616-RP |
| | § | |
| LOTTERY.COM, INC. *d/b/a* SPORTS.COM *d/b/a* AUTOLOTTO, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Plaintiff Yes Period, LLC ("Plaintiff") filed this action on June 1, 2023 (Dkt. 1). On August 30, 2023, Plaintiff returned an executed waiver of service, indicating that Defendant Lottery.com, Inc. ("Defendant") had waived service on June 26, 2023, and that the parties had agreed that Defendant's answer would be due July 27, 2023. (Dkt. 10). Because Defendant had not yet appeared, Plaintiff filed a motion for clerk's entry of default on December 8, 2023. (Dkt. 11). The Clerk of Court entered an entry of default against Defendant on December 11, 2023. (Dkt. 12).

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction, filed on December 24, 2023. (Dkt. 13). Plaintiff filed a response, (Dkt. 15), and Defendant filed an amended reply, (Dkt. 17). Plaintiff also filed a sur-response, (Dkt. 18), without seeking leave of the Court. Also before the Court is Defendant's Motion to Strike, (Dkt. 19), in which it asks the Court to strike Plaintiff's sur-response. Thereafter, Plaintiff filed a response in opposition to the motion to strike, (Dkt. 21). Plaintiff also filed its First Amended Complaint, (Dkt. 20), which incorporates by reference Plaintiff's Original Complaint, (Dkt. 1), and only adds jurisdictional facts that aim to fix the defects noted in Defendant's Motion to Dismiss.

In light of the Plaintiff's First Amended Complaint, **IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction, (Dkt. 13), is **MOOT**. As Defendant's Motion to Strike relates to the motion to dismiss, **IT IS FURTHER ORDERED** that Defendant's Motion to Strike, (Dkt. 19), is also **MOOT**. However, Plaintiff is reminded that parties are not permitted to file sur-replies and sur-responses absent leave of this Court. *See* W.D. Tex. Loc. R. CV-7(e)(1) ("A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed.").

Further, the Court reminds Defendant that even though its motion to dismiss is moot, the motion was improper because it was filed even though the Clerk's entry of default against Defendant had not yet been set aside. "The Fifth Circuit has explained that a party who has defaulted must succeed in setting aside the default before they can file motions that go to the merits of the case." *Wilhite v. Reg'l Employers' Assurance Leagues VEBA Tr.*, No. B-11-059, 2011 WL 13254064, at *3-4 (S.D. Tex. Nov. 15, 2011) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)); *see also Blackhawk Paving, Inc. v. CPCM, LLC*, No. 4:20-CV-00048, 2021 WL 770614, at *7 (E.D. Tex. Feb. 10, 2021), *report and recommendation adopted by* 2021 WL 765082 (E.D. Tex. Feb. 26, 2021) (collecting cases). Defendant must file a motion to set aside the Clerk's entry of default entered on December 11, 2023, before it can file another motion to dismiss, answer, or other pleading that goes to the merits of this case.

**SIGNED** on January 9, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE