IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CARL WELLS,                          §
                                     §
            Plaintiff,               §
                                     §
v.                                   §          1:23-CV-1081-RP
                                     §
LOTTERY.COM, INC.                    §
                                     §
            Defendant.               §

## Defendant Lottery.com, Inc.'s Motion to Dismiss for Failure to State a Claim

1.   Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Lottery.com, Inc. ("Defendant")

challenges Plaintiff's *First Amended Complaint* (Dkt. 6) for failing to state a claim upon which

relief can be granted.

## Summary of this Motion

2.   Plaintiff's claims fail Rule 12(b)(6) because they:

- do not state sufficient facts to plausibly allege a cause of action;[1] or
- omit facts concerning pivotal elements;[2] or
- are not based on a cognizable legal theory;[3] or

---

[1] *Washpon v. Progressive Corp.*, 2024 U.S. Dist. LEXIS 14571, at 5-6 (W.D. Tex. January 26, 2024) (Pitman, J.) (A Plaintiff "must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal."); *Bradford v. Nationwide Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 90599, at *2-3 (W.D. Tex. May 31, 2018) (Pitman, J.); *Bige, Inc. v. Penn-America Ins. Co.*, 2015 U.S. Dist. LEXIS 119357, at *5 (W.D. Tex. September 8, 2015) (Pitman, J.) (Complaint is insufficient when it alleges — but does not show — that the pleader is entitled to relief).

[2] *See Puente v. Ridge*, 324 Fed. Appx. 423, 428 (5th Cir. 2009) ("[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."); *Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995) ("If a complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts.").

[3] Claims may be dismissed under Rule 12(b)(6) "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir.

- are barred because Plaintiff pleaded themself out of court.[4]

### Standard of Review
### Motion to Dismiss for Failure to State a Claim under Rule 12(B)(6)

3.    The Court reviews motions under 12(b)(6) under the well-known standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is familiar with the Rule 12(b)(6) standards and is experienced in applying them.[5] The Fifth Circuit reviews de novo the district court's decision to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(6).[6]

4.    In addition to the standards set forth in *Twombly* and *Iqbal* for pleading sufficiency pursuant to Rule 12(b)(6), claims sounding in fraud must meet the heightened pleading

---

2019); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, 2011 U.S. Dist. LEXIS 53822, at *3 (S.D. Tex. May 19, 2011) ("A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is 'appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.'"); *See also Dent v. NFL*, 968 F.3d 1126, 1130 (9th Cir. 2020) (A Rule 12(b)(6) motion is appropriate if the claim asserted is not supported by any "cognizable legal theory.").

[4] *See generally Sierra v. Dallas Co. Dist. Attorney's Office*, 2023 U.S. Dist. LEXIS 198973, at *6 (N.D. Tex. October 18, 2023) (Because Plaintiff "is the master of his own pleadings," he may plead himself out of court); *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) ("([A]nother rule that antedates *Twombly* and *Iqbal*) [Plaintiff] can plead himself out of court by pleading facts that show that he has no legal claim.").

[5] *See e.g., Dermaplanepro Inc. v. Brown*, 2024 U.S. Dist. LEXIS 10980, at *2-3 (W.D. Tex. January 22, 2024) (Pitman, J.); *Crystal Clear Special Util. Dist. v. Lake*, 2024 U.S. Dist. LEXIS 7731 (W.D. Tex. January 16, 2024) (Pitman, J.); *Toth Enters. II P.A. v. Forage*, 2023 U.S. Dist. LEXIS 224944, at *7-9 (W.D. Tex. December 18, 2023) (Pitman, J.); *In re SolarWinds Corp. Sec. Litig.*, 595 F. Supp. 3d 573, 580-581 (W.D. Tex. 2022) (Pitman, J.).

[6] *Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 704 (5th Cir. 2023).

requirements of Rule 9(b).[7]   This daunting standard[8] applies to all of Plaintiff's claims sounding in fraud, such as fraud, fraudulent inducement, misrepresentation, and inequitable conduct.[9]   "Once Rule 9(b) is implicated, the heightened pleading rules are well known."[10]

5.   "Dismissal based on a successful affirmative defense can be appropriate when that defense appears on the face of the complaint." *Carbon Six Barrels, L.L.C. v. Proof Rsch., Inc.*, 83 F.4th 320, 324 (5th Cir. 2023); *Wesner v. Southall*, 2023 U.S. Dist. LEXIS 67392, at *9 (N.D. Tex. April 18, 2023) ("Dismissal under Rule 12(b)(6) may be granted based on a successful affirmative defense if the defense appears on the face of the complaint.").

---

[7] *See Star Fund V (US), L.P. v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5ᵗʰ Cir. 2010) ("[A]s the claims sound in fraud and negligent misrepresentation, Appellants must plead the misrepresentations with particularity under Fed. Rule Civ. Proc. 9(b)."); *Pennington v. Vail Prods.*, 2004 U.S. Dist. LEXIS 1263, at *5 (N.D. Tex. January 8, 2004) ("Fraud claims must be averred with specificity…"); *Accord Lum v. Bank of Am.*, 361 F.3d 217, 220 (3d Cir. 2004) ("Federal Rule of Civil Procedure 9(b) requires that the fraud be pled with specificity."); *Fink v. Komansky*, 2004 U.S. Dist. LEXIS 24660, at *16 (S.D. N.Y. December 8, 2004) ("The standard of pleading 'with particularity' means with specificity.").

[8] *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("We remind that this bite of Rule 9(b) was part of the pleading revolution of 1938. In short, we apply the rule with force, without apology."); *Goodwin v. Hous. Auth. of New Orleans*, 2013 U.S. Dist. LEXIS 104396, at *20 (E.D. La. July 25, 2013) ( *Riker-Vanholland v. Transouth Fin. Corp.*, 2004 U.S. Dist. LEXIS 16081, at *14 (N.D. Iowa August 13, 2004) ("It is difficult for even some of the most seasoned attorneys to adequately plead fraud with Rule 9(b) particularity, so it comes as no surprise that… a pro se litigant, has found the task daunting.").

[9] *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Although the language of Rule 9(b) confines its requirements to claims of ... fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.") (The Fifth Circuit 'interprets Rule 9(b) strictly…'"); *Samsung Electronics Co., Ltd. v. Texas Instruments, Inc.*, 1996 U.S. Dist. LEXIS 15111, at *7 (N.D. Tex. April 18, 1996) (Rule 9(b) applies to claims of inequitable conduct).

[10] *Halaris v. Viacom, Inc.*, 3:06-CV-1646-N, 2007 U.S. Dist. LEXIS 85831, at *29 (N.D. Tex. Sep. 21, 2007) ("A plaintiff must allege 'the specific time, place, and contents of the false, representation, along with the identity of the person making the representation and what the person obtained thereby.'").

**The Challenged Pleading: Plaintiff's *First Amended Complaint* (Dkt. 6)**

6.   Plaintiff's live complaint contains nine "causes of action." None of these causes of action comply with Fed. R. Civ. P. 8, and where required, Fed. R. Civ. P. 9(b).

**Count 1; Amended Complaint (Dkt. 6) at p. 6-7; Violation of Fair Labor Standards Act**

7.   Plaintiff alleges that when Lottery.com furloughed them, Plaintiff was Lottery.com's Vice President of Information Technology, at an annual salary of $250,000.00. Amended Complaint (Dkt. 6) at p. 3-5, & 7. This allegation establishes that Plaintiff is exempt from coverage under the Fair Labor Standards Act.

8.   According to 29 U.S.C. §213 and the Department of Labor's explanation, the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 13(a)(1).[11] Section 13(a)(17) also exempts certain computer employees.[12] According to 29 CFR §541.601 (Highly compensated employees) and the Department of Labor, the "regulations contain a special rule for 'highly compensated' employees who are paid total annual compensation of $107,432 or more. A highly compensated employee is deemed exempt under Section 13(a)(1) if:

- The employee earns total annual compensation of $107,432 or more, which includes at least $684* per week paid on a salary or fee basis;
- The employee's primary duty includes performing office or non-manual work; and
- The employee customarily and regularly performs at least one of the exempt duties or responsibilities of an exempt executive, administrative or professional employee.

---

[11] https://www.dol.gov/agencies/whd/fact-sheets/17d-overtime-professional. Exhibit 1.

[12] *Id*.; https://www.dol.gov/agencies/whd/fact-sheets/17a-overtime. Exhibit 2.

Thus, for example, an employee may qualify as an exempt highly compensated executive if the employee customarily and regularly directs the work of two or more other employees, even though the employee does not meet all of the other requirements in the standard test for exemption as an executive."[13]

If one of the duties of a high compensation employee is managing the enterprise or managing a customarily recognized department or subdivision of the enterprise, that employee is exempt from FLSA coverage because that employee is performing one of the duties of an executive employee.[14] And this is how Plaintiff pleaded themself out of a minimum wage claim under the FLSA. Because Plaintiff alleges they were a high compensation individual **and** the head of a subdivision of Lottery.com, the Court must dismiss Plaintiff's FLSA cause of action for failure to state a claim.

9.   Moreover, Plaintiff is an exempt employee as a Creative Professional employee, or a highly compensated employee who regularly performs at least one of the exempt duties or responsibilities of a creative professional employee.[15] According to the World International Property Organization (WIPO):[16] "Intellectual property (IP) refers to creations of the mind, such as inventions; literary and artistic works; designs; and symbols, names and images used in commerce."[17]

---

[13] https://www.dol.gov/agencies/whd/fact-sheets/17h-overtime-highly-compensated. Exhibit 3.

[14] https://www.dol.gov/agencies/whd/fact-sheets/17a-overtime. Exhibit 2.

[15] https://www.dol.gov/agencies/whd/fact-sheets/17h-overtime-highly-compensated; Ex. 3; and https://www.dol.gov/agencies/whd/fact-sheets/17d-overtime-professional. Exhibit 1

[16] *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*, 189 F. Supp. 2d 385, 392 (E.D. Va. 2002) ("WIPO is not simply and solely a private body; rather, it is a quasi-public organization that is an integral part of the United Nations system of organizations, with a mandate to administer intellectual property matters.").

[17] https://www.wipo.int/about-ip/en/.

**Count 2; Amended Complaint (Dkt. 6) at p. 7-8; Breach of Contract**

10. Plaintiff's breach of contract action is based on "a written employment contract [Exhibit A]," "entered into" "on March 29, 2022." Amended Complaint (Dkt. 6), at p. 6, ¶26. However, Plaintiff failed to attach Exhibit A. This omission makes Plaintiff's claim insufficient,[18] especially when Plaintiff claims that:

- "Plaintiff's official Employment Start Date was March, 09 2022. See attached [Carl Wells - VP of IT Offer Letter - Exhibit A] hereinafter "Employment Agreement."" Amended Complaint (Dkt. 6), at p. 3, ¶9 (No Exhibit A attached).

- an "offer letter stated the essential terms of the employment relationship between Plaintiff and Defendant" Amended Complaint (Dkt. 6), at p. 6, ¶26.

- "The contract incorporated the laws of Delaware." *Id.* ¶28.

- "Plaintiff's employment agreement stipulates the offer letter shall be governed by the laws of the State of Delaware…" at p. 10, ¶¶40 & 45; p. 12, ¶54.[19]

The Amended Complaint (Dkt. 6) leaves Lottery.com guessing whether Plaintiff is alleging 1 or 2 agreements, and the material terms that allegedly govern each one. Lottery.com

---

[18] *See Duran v. Bar-S Foods Co.*, 2015 U.S. Dist. LEXIS 70237, 2015 WL 3466231, at *3 (S.D. Tex. June 1, 2015) ("[Defendant] argues that [Plaintiff's breach of contract claim is legally insufficient because [Plaintiff] does not attach or clearly identify the contract under which he sues, and he fails to specify what provision of any contract Bar-S breached. The Court agrees."); *Stocker v. Extendicare Health Servs., Inc.*, 2016 U.S. Dist. LEXIS 103908, at *10 n.3 (N.D. Ind. Aug. 8, 2016) ("The Court also notes that by failing to attach the contract on which her breach of contract claim is based, the Plaintiff's Complaint fails to give the Defendant a reasonable notice of her claims.").

[19] *But see* Amended Complaint (Dkt. 6), at p. 2, ¶4 (Emphasis added):

> Venue is proper in this judicial district since **all** Defendant's unlawful practices alleged herein, and/or the adverse effects from these unlawful practices negatively affecting Plaintiff, were **committed and/or occurred** in **Spicewood, Texas**, located in this judicial district…

p. 2-3, ¶6 (applying Texas law on Lottery.com's waiver of arbitration - presumably based on the same "contract" that incorporates the laws of Delaware).

previously advised Plaintiff that they omitted Exhibit A from their Original Complaint.[20]

Plaintiff thereafter filed its Amended Complaint (Dkt. 6) - without attaching Exhibit A.

11. Moreover, Plaintiff pleaded themself out of a breach of contract claim, as follows.

- Plaintiff alleges that Lottery "furloughed" certain employees on July 29, 2022; that they were not paid thereafter; that they were asked to work "during furlough"; that they did continue to be employed by Lottery.com; and they completed work for Lottery.com. Amended Complaint (Dkt. 6) at p. 3.

- While Plaintiff hasn't pleaded an exception to "at will" status,[21] any contract Plaintiff alleges they could enforce was for the time before their layoff.[22] Plaintiff (and other employees) made a new arrangement to work during furlough but Plaintiff has not alleged an enforceable agreement (*i.e.* one containing a meeting of the minds on essential terms, like compensation)[23] after furlough occurred. If Plaintiff chose to work for Lottery.com after the furlough, Plaintiff did so without a contract requiring Lottery.com to pay them.

---

[20] *See* Lottery.com's *Notice of Appearance, Notice of Lack of Subject Matter Jurisdiction, Request for Notice, Request for Jury Trial* (Dkt. 5) at p. 2 n.3.

[21] "Texas law imposes a strong presumption in favor of at-will employment." *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 866 (5th Cir. 1999); *Rodriguez v. City of Corpus Christi*, 2023 U.S. Dist. LEXIS 64691, at * (S.D. Tex. March 31, 2023) ("As a threshold matter, 'the mere fact that an [alleged] employment contract is in writing is insufficient to rebut the presumption of employment at-will[.]" The contract must 'directly limit in a meaningful and special way the employer's right to terminate the employee without cause."); *Longoria v. CKR Prop. Mgmt., LLC*, 2019 Tex. App. LEXIS 4948, at *9 (Tex. App.—Houston [14th Dist.] June 13, 2019) ("'In Texas, at-will employment is presumed unless shown otherwise.'"); *Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 325 (Tex. App.—Waco 2000, pet. denied) ("In an at-will employment relationship, 'employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all.'"). *Accord E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d 436, 440 (Del. 1996) ("heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite.").

[22] A furlough is a form of lay-off. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 287 & n. 11, 66 S. Ct. 1105, 90 L. Ed. 1230 (1946).

[23] *APS Capital Corp. v. Mesa Air Group, Inc.*, 580 F.3d 265, 272 (5th Cir. 2009):

> In order to be a legally enforceable contract, an agreement must be formed around the contours of sufficiently specific terms. "Under Texas law . . . an agreement is not enforceable unless it resolves all essential terms and leaves no material matters open for future negotiation." "[W]here an agreement leaves essential terms open for future negotiations, it is not a binding contract but, rather, an unenforceable 'agreement to agree.'"

12. Last, Plaintiff failed to state a claim upon which relief can be granted for any bonus, because Plaintiff failed to allege sufficient facts that their bonus was fixed and nondiscretionary.[24]

### Count 3; Amended Complaint (Dkt. 6) at p. 8-9; Common Law Fraud and Fraud in the Inducement[25]

13. Plaintiff alleges that Lottery.com engaged in fraud by failing to fulfill a contractual promise.  Plaintiff's fraud claims share the same deficiencies identified in *Ada Noles Props., LLC v. CitiMortgage, Inc.*, and should likewise be dismissed.[26] *See also Crown Distrib. LLC v. Peacefull Choice Distrib. LLC*, 2023 U.S. Dist. LEXIS 25383, at * (N.D. Tex. January 27, 2023)

---

[24] *Cf. Delaney v. Bank of Am. Corp.*, 908 F. Supp. 2d 498, 518 (S.D.N.Y. 2012), aff'd, 766 F.3d 163 (2d Cir. 2014) (dismissing claim for discretionary bonus at motion for summary judgment stage); *Brady v. Liquidity Servs.*, 2018 U.S. Dist. LEXIS 203403, at *11-12 (D.D.C. November 29, 2018) (Citations omitted):

> Brady relies entirely on conclusory allegations that he is owed the bonus. Furthermore, the offer letter states that "any provision[] contained herein may be modified and/or revoked without notice." Without more facts to demonstrate that the bonus allegedly owed to Brady is 'automatic and mandatory," the Court must dismiss Count II for failure to state a claim upon which relief may be granted.

[25] The elements of these two causes of action are identified in *Crosswell v. Rodriguez*, 2023 U.S. Dist. LEXIS 171753, at *10-11 (S.D. Tex. September 8, 2023).

[26] 2018 U.S. Dist. LEXIS 24297, at * 6-7 (N.D. Tex. January 8, 2018) (Citations omitted):

> Defendant argues that Plaintiffs' allegations with respect to their statutory and common law fraud claims are similarly premised in that Defendant allegedly engaged in fraud by failing to fulfill a contractual promise. Defendant argues that these fraud claims should also be dismissed, because Plaintiffs fail to allege other facts regarding Defendant's intent, and they lack allegations regarding essential elements. "The mere failure to perform a promise is not of itself evidence of an intent not to perform[,]" and the "mere breach of contract or failure to perform a contract is not evidence of fraud." For the reasons argued by Defendant, Plaintiffs' statutory and common law fraud claims should also be dismissed.

*See also Cockrell v. Craugh*, 338 S.W.2d 516, 519 (Tex. Civ. App.—Austin 1960, no writ) ("a promise if made to perform some act in the future does not amount to fraud, even though the promise is subsequently broken without excuse.").

(Internal quotation marks omitted) ("simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) and that [t]he plaintiffs must set forth specific facts supporting an inference of fraud."). Plaintiff made their failure to plead specific facts supporting an inference of fraud even bigger by affirmatively pleading that Lottery.com **paid** Plaintiff as agreed *for four months*. Amended Complaint (Dkt. 6), at p. 4, ¶¶11-12. *See Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010)) (Affirming 12(b)(6) dismissal of fraud claim) ("All of these events point away from an inference that Potter never intended to pay."); *Allamon v. Acuity Specialty Prods.*, 877 F. Supp. 2d. 498, 525 (E.D. Tex. 2012) (Partial performance negates fraud allegation that Defendant had no intention to perform under agreement when Defendant entered into it); *Hua Xu v. Lam*, 2014 Tex. App. LEXIS 12130, at *24 (Tex. App.—Houston [14th Dist.] Nov. 6, 2014, no pet.) ("undisputed evidence of partial performance negated the Investor's claim of fraud.").

14. While Plaintiff had to plead specific facts supporting all the elements of fraud,[27] Plaintiff also failed to so do so on reliance and materiality, making only generic references to these elements. *Arimilli v. Rezendes*, 2022 U.S. Dist. LEXIS 94061, at *14 (D. Ariz. May 24, 2022) (Plaintiff failed to establish that the misrepresentations were material, that they induced Plaintiff to invest, or that Plaintiff had a right to rely on these misrepresentations in making Plaintiff's investments); *Deburro v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 156565, at *12 (W.D. Tex. October 30, 2013) (Citations omitted):

> Plaintiffs have not pleaded reliance upon any representations made by Apple with sufficient particularity. Plaintiffs merely assert, in conclusory fashion, "Plaintiffs relied upon Apple's statements of suitability." In addition to being wholly generic (what

---

[27] *See Fingles v. Continental Cas. Co.*, 2010 U.S. Dist. LEXIS 41643, at *20 n.7 (E.D. Pa. Apr. 28, 2010) (Rule 9(b)'s heightened pleading requirement applies with equal force to all six elements of fraud.").

statement? suitability for what purpose? for how long?), this statement is precisely the kind of "formulaic recitation of the elements of a cause of action" the United States Supreme Court found insufficient under Rule 8, much less under the stricter standards of Rule 9(b).

15. Plaintiff's factual allegations on fraud are only: "To date, Defendant has made several representations that Plaintiff would be fully compensated for the work performed, bonus earned, and reimbursements."). Amended Complaint (Dkt. 6), at p. 4, ¶15. These allegations do not survive a Rule 8 review.[28] These allegations completely fail to comply with any application of Rule 9(b).[29]

16. Moreover, Plaintiff is required to allege a contract to establish fraudulent inducement.[30] If Plaintiff failed to sufficiently state a claim for breach of contract in Count 2 Rule 8, Plaintiff certainly hasn't cleared the higher bar of stating that claim under Rule 9(b).

17. Last, because Plaintiff's fraud claims and their breach of contract claim are based on the same conduct,[31] Plaintiff's claims for damages are barred by the economic loss rule.[32]

---

[28] *See generally White v. Hayden*, 2020 U.S. Dist. LEXIS 175312, at *8 (E.D. Tex. September 24, 2020) ("the Fifth Circuit has held that conclusory allegations, unwarranted deductions, and legal conclusions are not 'well-pleaded facts' for purposes of evaluating a complaint.").

[29] *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188-189 (5th Cir. 2009):

> The "time, place, contents, and identity" standard originated in common law fraud and securities fraud cases making it no surprise that the elements of those claims match the pleading standard's requirements… Given the elements of reliance and damages, pleading common law fraud with particularity demands the specifics of the false representation-- without the precise contents of the misrepresentation the plaintiff cannot show he relied on the misrepresentation to his detriment. In other words, common law fraud's elements of reliance and damages are intertwined with the misrepresentation and heighten the need for attention to the misrepresentation itself.

[30] *Crosswell v. Rodriguez*, 2023 U.S. Dist. LEXIS 171753, at *10-11 (S.D. Tex. September 8, 2023).

[31] Amended Complaint (Dkt. 6), at p. 8, ¶¶33 & 35.

[32] *Pratt v. S. Austin Family Practice Clinic LLP*, 2021 U.S. Dist. LEXIS 168393, at *6-8 (W.D. Tex. June 7, 2021(Lane, Mag.) adopted by 2021 U.S. Dist. LEXIS 168251 (W.D. Tex. July 26, 2021)

18. Given Plaintiff's failure to get anywhere close to sufficiently pleading facts on any of the elements of a fraud or fraudulent inducement claim, the Court must dismiss these claims.

## Count 4; Amended Complaint (Dkt. 6) at p. 9-10 Common Law Misrepresentation (a/k/a negligent misrepresentation)

19. Plaintiff alleges only the third and fourth element of the four elements required to state a claim for negligent misrepresentation.[33] Therefore the Court must dismiss Plaintiff's negligent misrepresentation claim. *See generally Pollett v. Aurora Loan Servs.*, 455 Fed. Appx. 413, 415 (5th Cir. 2011) ("The district court correctly determined that [Plaintiff] had failed to state a claim for wrongful foreclosure under Texas law because he failed to plead all elements of that cause of action").

20. Plaintiff alleges that Lottery.com failed to exercise care and competence in

---

(Recommending that fraud claims be dismissed under Rule 12(b)(6) because alleged misrepresentations were contractual representations, therefore, barred by the economic loss rule); *West Loop Hosp., LLC v. Houston Galleria Lodging Assocs.*, 649 S.W.3d 461, 488 (Tex. App.—Houston [1st Dist.] 2022, pet. denied):

> In their fraud claims, the sellers alleged that the developers promised that they would perform their obligations, "do the Galleria deal on the terms agreed to," and close if they obtained additional time. These are representations that the developers would perform their contractual obligations under the Purchase Agreement. These representations thus arise from the Purchase Agreement itself and are not independent of that contract. *See DeLanney*, 809 S.W.2d at 494; *see also Chapman Custom Homes*, 445 S.W.3d at 718 ("[A] party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit."). The trial court properly dismissed the fraud claims.

[33] *Harco Energy, Inc. v. The Re-Entry People, Inc.*, 23 S.W.3d 389, 393 (Tex. App.—Amarillo 2000, no pet.):

> The elements for a negligent misrepresentation cause of action are (1) a representation made by the defendant in the course of the defendant's business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Federal Land Bank Ass'n. v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

---

representing three things that Lottery.com would do in the future. *See* Amended Complaint (Dkt. 6) at p. 9, ¶¶37-38. However, "to establish a negligent misrepresentation claim, the plaintiff must also prove that the defendant misrepresented **an existing fact rather than a promise of future conduct**." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379 (Tex. App.—Houston [1st Dist.] 2007, no pet.);[34] *Mullinix v. Thirty-Eight St., Inc.*, 2019 U.S. Dist. LEXIS 160580, at *15-16 (W.D. Tex. September 20, 2019) (Hightower, Mag.) adopted 2019 U.S. Dist. LEXIS 160580, 2019 WL 4579869 (W.D. Tex., Sept. 20, 2019) (Citations to Record omitted):

> Plaintiff alleges that the Individual Defendants made false representations that they would pay him "$125,000 on receipt of the 2017 Earn-Out and $375,000 on receipt of the 2018 Earn-Out, and they would compensate him for the tax liabilities associated with each payment." These allegations cannot support a claim for negligent misrepresentation because they was not a misstatement of an existing fact. "A claim for negligent misrepresentation under Texas law contemplates that the 'false information' provided by the defendant is a misstatement of existing fact." … *Moncrief*, 481 F.3d at 314 ("We have . . . clarified that a negligent misrepresentation claim must allege a misstatement of an 'existing fact,' not the "future behavior of [defendant]."). The misrepresentation alleged by Plaintiff concerned the future behavior of the Individual Defendants — that they would compensate Plaintiff on receipt of the certain Earn-Outs in 2017 and 2018. *See Moncrief*, 481 F.3d at 314 (holding that the alleged misrepresentation claim was not actionable because it concerned the future behavior of the defendant — that he would continue to honor the agreements — rather than an "existing fact"); *Sergeant Oil & Gas Co. v. Nat'l Maint. & Repair, Inc.*, 861 F. Supp. 1351, 1360 (S.D. Tex. 1994) (holding that defendant's representation that a barge could be

---

[34] *See also Swank v. Sverdlin*, 121 S.W.3d 785, 802-03 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ("alleged oral promises not to fire Sverdlin, not to take control of [Company], and not to exercise their stock options are promises of future conduct, not existing fact. As such, Sverdlin is not entitled to recover for negligent misrepresentation."); *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("[Plaintiff] attempted to establish only two representations by [Defendant's President]: (1) [President] agreed to provide all the equipment needed to start the Louisiana plant; and (2) [President] agreed to pay [Plaintiff] an annual salary of $55,000 as a consultant while [Plaintiff] attempted to start the new plant. These representations are insufficient to establish negligent misrepresentation as a matter of law because they do not constitute a representation of existing fact."); *Miksch v. Exxon Corp.*, 979 S.W.2d 700, 706 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) ("[Defendant's] alleged oral promise not to terminate [Plaintiff] was not a misrepresentation of an existing fact but was, at most, a promise to refrain from taking some action in the future. As such, [Plaintiff] may not maintain a claim for negligent misrepresentation.").

loaded in eighteen to twenty-four hours was not actionable under a theory of negligent misrepresentation). Accordingly, Plaintiff's negligent misrepresentation fails to state a plausible claim for relief.

Since all the representations Plaintiff complains of are promises of future conduct, Plaintiff has failed to state a claim for negligent misrepresentation. Therefore, the Court must dismiss Plaintiff's misrepresentation claim.

21. Alternatively, Plaintiff fails to state a claim because the damages Plaintiff seeks are not recoverable on a negligent misrepresentation claim.[35] Except "when a plaintiff endeavors to recover **only out-of-pocket expenses** in a negligent misrepresentation suit" – damages are barred by the economic loss rule. *Correct RX Pharmacy Servs., Inc. v. Cornerstone Automation Sys., L.L.C.*, 945 F.3d 423, 428 (5th Cir. 2019). Because Plaintiff ties their only mention of out-of-pocket expenses to their alleged contract ("Defendant Lottery represented to Plaintiff that… Defendant would honor all contract terms including reimbursing Plaintiff for moving and closing costs"),[36] Plaintiff pleaded themself out of court on negligent misrepresentation. *Homeland Ins. Co. of N.Y. v. Clinical Pathology Labs., Inc.*, 2021 U.S. Dist. LEXIS 145626, at *22-23 (W.D. Tex. August 4, 2021) (Pitman, J.) ("Because Homeland's claim depends on the existence and enforceability of the 2017 Policy, it revolves around the insurance policy between the parties and is thus barred by the economic loss rule."); *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex. 1998). (When Plaintiff's request for damages "in

---

[35] Amended Complaint (Dkt. 6) at p. 9-10, ¶38 (seeking "loss of contracted salary, future salary, lost employee benefits, diminished earnings capacity, lost career and business opportunities, litigation expenses, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages.").

[36] *See* Amended Complaint (Dkt. 6) at p. 9, ¶37.

essence" seeks benefit of the bargain of its bargain, Plaintiff "is not entitled to any recovery under the theory of negligent misrepresentation.").

**Count 5; Amended Complaint (Dkt. 6) at p. 10; Breach of the Covenant of Good Faith and Fair Dealing under Delaware law[37]**

22. Because Plaintiff's fraud and misrepresentation claims fail, their claim for breach of duty of good faith and fair dealing also fail. "[I]rrespective of the category implicated, a claim for the breach of duty of good faith and fair dealing requires employer conduct amounting to fraud, deceit, or misrepresentation." *Cimino v. Del. Dep't of Lab.*, 2002 U.S. Dist. LEXIS 2979, at *11 (D. Del. Feb. 25, 2002) ("the traditional elements of fraud must be present in a claim for breach of an implied covenant of good faith.").

23. Plaintiff's allegations fail to plausibly show a breach of the implied covenant of good faith and fair dealing under Delaware law. The Amended Complaint (Dkt. 6) does not identify a gap in the alleged contract that the Court should fill with an implied contractual obligation.

---

[37] No cause of action exists under Texas law for this claim. *See Walker, Sr. v. Webco Indus., Inc.*, 2013 U.S. Dist. LEXIS 78992 at *14 (E.D. Tex. April 29, 2013) ("In Texas… there is no duty of good faith and fair dealing in the employment context."); *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied):

> Texas does not recognize a fiduciary duty or a duty of good faith and fair dealing owed by an employer to an employee. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216, 43 Tex. Sup. Ct. J. 884 (Tex. 2000) (holding that there is no duty of good faith and fair dealing in the employment context).

Texas law still applies to Plaintiff's claims because Plaintiff: 1) is a Texan complaining about harm that occurred solely in this District; 2) relies on the elements of Texas law in pleading other common law claims; and 3) did **not** attach the Agreement that allegedly "stipulates… [it] shall be governed by the laws of the State of Delaware" to Plaintiff's Amended Complaint. *See Westcott v. Russ*, 2023 U.S. Dist. LEXIS 85184, at *4 (W.D. Tex. May 15, 2023) ("Westcott asserts the contract to buy P2 and P3 was signed in California. However… Westcott has failed to attach a copy of the alleged contract to his Complaint. And, Westcott relies on Texas law in his pleadings."). Nevertheless, the point remains that Plaintiff's cause of action for breach of the covenant of good faith and fair dealing – under Delaware law – fails to state a claim upon which relief can be granted.

*vMedex, Inc. v. TDS Operating, Inc.*, 2020 U.S. Dist. LEXIS 152059, at *24-25 (D. Del. Aug. 21, 2020).

24. Plaintiff pleads themself out of court when Plaintiff alleges: "Despite the **specific provisions of the employment agreement**… Defendant… failed to compensate Plaintiff… which ultimately is a **direct breach of the employment contract**." Amended Complaint (Dkt. 6) at p. 10, ¶42 (Emphasis added). Because "the implied covenant only applies **where a contract lacks specific language governing an issue** and the obligation the court is asked to imply advances, and does not contradict, the purposes reflected in the express language of the contract." *All. Data Sys. Corp. v. Blackstone Cap. Partners V L.P.*, 963 A.2d 746, 770 (Del. Ch. 2009), aff'd, 976 A.2d 170 (Del. 2009).

## Count 6; Amended Complaint (Dkt. 6) at p. 10-11; Violation of the Minimum Wage Act: 19 Del. C. §§ 901 to 914

25. Plaintiff is **not** included as a covered Employee under the Delaware Minimum Wage Act. *See* 19 Del. C. §901(3)(c):

> "Employee" includes any individual employed by an employer but shall **not** include: Any individual employed in a bona fide executive, administrative or professional capacity…

Plaintiff's specific allegations pleaded Plaintiff out of court on this cause of action. Plaintiff alleges that when Lottery.com furloughed them, Plaintiff was Lottery.com's Vice President of Information Technology, at an annualized salary of $250,000.00. Amended Complaint (Dkt. 6) at p. 7. An executive officer is defined as "a corporate officer at the upper levels of management." *Black's Law Dictionary* (11th ed. 2019). Because Lottery.com is publicly traded,[38]

---

[38] Lottery.com requests that the Court take judicial notice of Lottery.com's listing on the NASDAQ Exchange. *See* https://www.nasdaq.com/market-activity/stocks/ltry; *Cowles v. Cumulus Media, Inc.*,

Plaintiff's position also made them an executive officer pursuant 17 CFR 240.3b-7. Because Plaintiff does not allege they are (nor can they be) a covered employee, the Court must dismiss Plaintiff's Delaware Minimum Wage Act claim.[39] Alternatively, Plaintiff fails to state a claim for bonuses, reimbursement, or liquidated damages because these categories are not provided by the state wage laws of Delaware. *See* 19 Del. C. § 911.

## Count 7; Amended Complaint (Dkt. 6) at p. 11; Violation of Wage Payment and Collection Act: 19 Del. C. §§ 1101 to 1115

26. Plaintiff alleges that Defendant failed to pay them wages pursuant to §§1101 & 1103 of the Delaware Code. Amended Complaint (Dkt. 6) at p. 11, ¶52.[40] By failing to allege the

---

2009 U.S. Dist. LEXIS 140077, at *5 n.2 (N.D. Ga. February 6, 2009):

> Cumulus is listed as a NASDAQ security on the NASDAQ webpage. See http://www.nasdaq.com/asp/symbols.asp. This Court may take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201…The Court finds that Cumulus' listing on the NASDAQ exchange is the type of historical fact that is appropriate to take judicial notice of, and that the accuracy of the official NASDAQ website cannot reasonably be questioned. Accordingly, the Court takes judicial notice of the fact that Cumulus securities are traded on the NASDAQ exchange.

[39] *See e.g.*, *Pinto v. Bricklayers & Allied Craftworkers Local 1 PA/DE*, 2019 U.S. Dist. LEXIS 28634, at *5-6 (E.D. Pa. Feb. 22, 2019) ("To plausibly state an entitlement to relief under either act, a complaint must have well-pled factual allegations demonstrating that plaintiff is an eligible employee of a covered employer. The First Amended Compliant fails in this regard, consequently Plaintiff has failed to state a claim in accordance with Rule 12(b)(6).").

[40] Plaintiff originally contended that Texas wage law applied to Plaintiff's "employment." *See Plaintiff's Original Complaint* (Dkt. 1) at p. 10-11. Texas law still applies to Plaintiff's claims because Plaintiff: 1) is a Texan complaining about harm that occurred solely in this District; 2) relies on the elements of Texas law in pleading other common law claims; and 3) did **not** attach the Agreement that allegedly "stipulates… [it] shall be governed by the laws of the State of Delaware" to Plaintiff's Amended Complaint. *See Westcott v. Russ*, 2023 U.S. Dist. LEXIS 85184, at *4 (W.D. Tex. May 15, 2023) ("Westcott asserts the contract to buy P2 and P3 was signed in California. However… Westcott has failed to attach a copy of the alleged contract to his Complaint. And, Westcott relies on Texas law in his pleadings."). Nevertheless, the point remains that Plaintiff's causes of action for violations of Delaware's wage acts fail to state claims upon which relief can be granted.

elements of a claim for wages under the Delaware Code, Plaintiff failed to state a claim upon which relief can be granted.[41] Therefore, the Court must dismiss Plaintiff's Delaware Wage Payment and Collection Act claim.

**Count 8; Amended Complaint (Dkt. 6) at p. 11-12; Tortious Interference with Contract**

27. Plaintiff alleges that "Plaintiff's employment agreement with Defendant was tortiously interfered with by Defendant…" Amended Complaint (Dkt. 6) at p. 12, ¶55. Plaintiff fails to state a claim upon which relief can be granted.  No cause of action exists for Plaintiff – as a matter of law – because Lottery.com cannot interfere with its own contract.[42] Therefore, the Court must dismiss Plaintiff's tortious interference with contract claim.

---

[41] *Pestell v. CytoDyn Inc.*, 2020 U.S. Dist. LEXIS 103533, at *6 (D. Del. June 12, 2020) ("Plaintiff cannot properly state a claim under the Delaware [Wage Payment and Collection Act] statute because he was never employed in Delaware and the agreement was not made in Delaware."); *Servaas v. Ford Smart Mobility LLC*, 2021 Del. Ch. LEXIS 186, at *12 n.48 -*15 (Del. Ch. Aug. 25, 2021) (Dismissing claim under Delaware Wage Payment and Collection Act claim):

> [T]he elements for a claim under 19 Del. C. § 1103 are: 1) plaintiff was an employee of the employer, 2) under a contract made in Delaware or to be performed in Delaware, 3) whose wages were withheld, and 4) there were no reasonable grounds to withhold the wages…

> The plaintiffs do not contend (nor could they) that any of the contracts relevant to this action were "made in Delaware." None of the plaintiffs physically worked in Delaware during their employment. Justin Rees and Kelly Rees reside in Morgan, Utah (where they lived while they were Journey employees) and their employment agreements provide that their "principal work location[s] w[ould] be at the Company's office in Utah." …The Complaint does not allege that any Founder ever traveled to Delaware for work or any other purpose.

[42] *Community Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 690 (Tex. 2017) (A defendant must be a stranger to a contract to tortiously interfere with it; a defendant "cannot tortiously interfere with its own contract"); *Adidas Am., Inc. v. Shoebacca Ltd.*, 2021 U.S. Dist. LEXIS 183828, at *5 (N.D. Tex. Sept. 27, 2021) ("A foundational principle of tortious interference with contract case law is 'the logically necessary rule that a party cannot tortiously interfere with its own contract.'") (Citing Supreme Court of Texas); *See e.g.*, *ProTradeNet, LLC v. Predictive Profiles, Inc.*, 369 F. Supp. 3d 788, 791-793 (W.D. Tex. 2019) (Dismissing tortious interference claim).

**Count 9; Amended Complaint (Dkt. 6) at p. 12-13; Quantum Meruit/Unjust Enrichment**

No Unjust Enrichment

28. "Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *King v. Baylor Univ.*, 46 F.4th 344, 367 (5th Cir. 2022). This occurs in one of three ways:

> A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by [1] fraud, [2] duress, or [3] the taking of undue advantage.

*Padua v. Jason A. Gibson*, P.C., 2023 Tex. App. LEXIS 4833, at *13 (Tex. App.—Houston [14th Dist.] July 6, 2023, pet. filed); *Elias v. Pilo*, 781 Fed. Appx. 336, 338 (5th Cir. 2019) (same). Plaintiff was required to plead unjust enrichment with particularity. *Aponte v. Wyndham Vacation Resorts, Inc.*, 2016 U.S. Dist. LEXIS 141608, at *14-15 (W.D. Tex. October 12, 2016):

> plaintiffs do not sufficiently allege facts that Wyndham obtained a benefit by fraud, duress, or the taking of an undue advantage. While there is no doubt that plaintiffs conclude these things, the complaint does not include a factual recitation that meets the requirements of Fed. R. Civ. P. 8 and 9.

*See also Paige-Hull v. Wofford*, 2008 U.S. Dist. LEXIS 70987, at *25 (N.D. Tex. Sept. 17, 2008) (Duress is a closely related species of legal fraud); *Am. United Life Ins. Co. v. Mays*, 2017 U.S. Dist. LEXIS 120031, at *15 (E.D. Va. July 31, 2017) ("Defendant Whitney has not pled all the elements of duress, let alone with the particularity required by Rule 9(b) and Virginia law."); *Vaughn v. World Sav. Bank, FSB*, 2013 U.S. Dist. LEXIS 66630, at *6 (C.D. Cal. February 22, 2013).

29. Plaintiff failed to: 1) allege that Lottery.com obtained a benefit by fraud, duress or the taking of undue advantage;[43] 2) much less plead plausible facts showing how this occurred; 3)

---

[43] Plaintiff's claim for unjust enrichment fails to meet even a Rule 8 pleading standard. *Shanghai Hailian*

much less pleaded these facts with particularity.

No Quantum Meruit

30. Plaintiff specifically pleads for compensation allegedly owed by contract (not in the alternative – but within the claim for Quantum Meruit/Unjust Enrichment). *See* Amended Complaint (Dkt. 6) at ¶59 (Plaintiff expects to be compensated "as agreed"). This is fatal to a claim for Quantum Meruit/Unjust Enrichment.

31. Although Plaintiff states the elements of quantum meruit, they do not allege any plausible facts to support this claim. Other than stating generically that they rendered "valuable sales services to Defendant by participating in management of Defendant's business." Plaintiff fails to state any facts – as opposed to conclusory allegations – that support their claims for payment of more than $9,600.00 every two weeks (plus bonus).[44]

## **Conclusion**

"[W]hen a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted."[45] Weighing *Plaintiff's First Amended Complaint* (Dkt.6) for legal sufficiency under Fed. R. Civ. P. 12(b)(6) reveals that it lacks a single plausible

---

*Elec. Tools Co. v. Home Depot U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 146919, at *2 (N.D. Tex. Sept. 12, 2017) (Plaintiff failed to plead an unjust enrichment claim because it did not allege that Defendant obtained a benefit from it by fraud, duress, or the taking of an undue advantage).

[44] *See e.g.*, *Middaugh v. Interbank*, 528 F. Supp. 3d 509, (N.D. Tex. 2001)("Plaintiffs quantum meruit claim is factually based on their allegations that InterBank 'overcharged, overbilled, and otherwise [took] and received payments' over the amounts actually due under the loans or notes previously held, in an amount exceeding $10,000.00.' …These allegations are conclusory.").

[45] *G & G Closed-Circuit Events, LLC. v. Houston Hobby Invs., Inc.*, 59 F. Supp. 3d 781, 784 (N.D. Tex. 2014).

claim for relief. Plaintiff's allegations fail Rule 12(b)(6)'s plausibility standard by: 1) omitting factual allegations where needed to provide fair notice of what the claims are; 2) presenting causes of action that fail as a matter of law; and 3) pleading Plaintiff out of court.

Despite being disfavored, "Fed. R. Civ. P. 12(b)(6) motions are valuable procedural tools… to eliminate fruitless litigation, saving litigants and the judiciary much time, effort, and expense."[46] "The purpose of Rule 12(b)(6) motion is to allow the court to eliminate lawsuits that are fatally flawed in their legal premises and destined to fail, sparing litigants the burdens of unnecessary pretrial and trial activity."[47] "The purpose of a 12(b)(6) motion to dismiss is to dispose of suits when plaintiffs fail 'to give the defendant fair notice of what the claim is and the grounds upon which it rests.'").[48]

Therefore, the Court fulfills the purpose of Rule 12(b)(6) by granting this Motion and dismissing all claims contained in Plaintiff's *First Amended Complaint* (Dkt. 6).

## **Prayer**

Defendant Lottery.com, Inc. requests that the Court sign and cause to be entered an order dismissing all claims contained in Plaintiff's *First Amended Complaint* (Dkt. 6). Alternatively, Lottery.com requests that the Court dismiss each claim alleged by Plaintiff that the Court finds legally insufficient under Fed. R. Civ. P. 12(b)(6). Lottery.com requests any other relief to which it is justly entitled under Fed. R. Civ. P. 12(b)(6).

---

[46] *In re Mr. Goodbuys of New York Corp., Inc.*, 164 B.R. 24, 27 (Bankr. E.D.N.Y. 1994).

[47] *D.R. v. Devereux Adv. Behavioral Health*, 2019 U.S. Dist. LEXIS 65419, at *7-8 (S.D. Tex. April 17, 2019).

[48] *Dominguez v. Target Corp.*, 2019 U.S. Dist. LEXIS 32121, at *29 (S.D. Tex. Feb. 8, 2019).

Local Court Rule CV-10(b) Required Information:

Signature: _Andrew R. Korn_

ANDREW R. KORN

State Bar card number: 11683150

Mailing address:

        Andrew R. Korn, PLLC

        4221 Avondale Avenue

        Dallas, Texas 75219

E-mail address: akorn@receiverandrewkorn.com

Telephone number: (214) 521-0500

Attorney for Defendant Lottery.com, Inc.