IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARL WELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1081-RP |
| | § | |
| LOTTERY.COM, INC. | § | |
| | § | |
| Defendant. | § | |

**Lottery.com's: 1) Reply to *Plaintiff's Response in Opposition to Defendant's Rule (12)(B)(6) Motion to Dismiss*; 2) Response in Opposition to Plaintiff's conditional request for leave to amend; and 3) Objection to Request for Judicial Notice**

Defendant Lottery.com, Inc. (Lottery.com): 1) replies to *Plaintiff's Response in Opposition to Defendant's Rule (12)(B)(6) Motion to Dismiss* (Dkt. 12) ("Response"); 2) responds to Plaintiff Carl Well's (Plaintiff) conditional request for leave to amend solely on Plaintiff's fraud claim;[1] and 3) objects to Plaintiff's request for judicial notice.[2]

**Plaintiff's failure to respond to Lottery.com's arguments requires dismissal.**

Plaintiff failed to respond to the substance of the merits of many arguments - supporting dismissal of certain claims - contained in *Defendant Lottery.com, Inc.'s Motion to Dismiss for Failure to*

[1] Imbedded in the Response (Dkt. 12), at p. 13 ("If this Court is of the opinion that the Amended Complaint needs more facts to satisfy the Rule 9(b) heightened pleading standard; Plaintiff respectfully asks for leave to amend his Complaint to address any Rule 9(b) issues on his fraud claim.").

[2] *Id.*, at p. 2 ("we ask this Court to …take judicial notice of frivolous filings and arguments presented by Defendant.").

*State a Claim* (Dkt. 11) ("Motion"). By doing so, Plaintiff abandoned or waived any opposition to the Motion on several claims.[3]

Count 1: Violation of Fair Labor Standards Act; Amended Complaint (Dkt. 6), at p. 6-7.

Plaintiff does not contest Lottery.com's characterization of his exempt employee status. Only that Plaintiff "lost any exemption he had in July, 2022" because he was not adequately compensated. Response (Dkt. 12), at p. 4-6. According to Plaintiff's response, exempt employees who don't receive minimum wage on a work week basis are not exempt.[4] The court should reject that circular reasoning. *See Arambula v. Irvine Unified Sch. Dist.*, 2016 Cal. Super. LEXIS 32777, at *2 (Cal. Super. Ct. October 21, 2016) (Emphasis added):

> As the Court understands the pleading, Plaintiff is alleging that he performed "duties" that are described in the administrative exemption from the minimum wage laws (See 29 CFR § 541.204 .200), and therefore he should have received greater compensation akin to the salary floors for the administrative exemption. As the Court understands the exemption, however - which includes a three part test that considers salary level, salary basis, and employee duties (29 CFR 541.204(a)(1), .200) - **these are not mandating that employers pay employees any particular salary levels if they are exempt**. **It appears the exemption tests are used to see if an employee is compensated enough, to not be subject to minimum wage and overtime laws.**

Count 2: Breach of Contract; Amended Complaint (Dkt. 6), at p. 7-8.

In Response, Plaintiff attaches an Exhibit A, alleging it contains the promise to pay Plaintiff $250,000 annually. Response (Dkt. 12), at p. 8 and (Dkt. 12-1). This Agreement does not

---

[3] *See Kellam v. Metrocare Servs.*, 2013 U.S. Dist. LEXIS 197235, at *3 (N.D. Tex. May 31, 2013), aff'd 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") *See also*: *Grace v. Texmex Rainey, LLC*, 2023 U.S. Dist. LEXIS 104060, at *10 (W.D. Tex. June 15, 2023 (Howell, Mag.) adopted by 2023 U.S. Dist. LEXIS 116628 (W.D. Tex., July 7, 2023); *E-Dealer Direct v. Bank of Am., N.A.*, 2021 U.S. Dist. LEXIS 99011, at *21 (W.D. Tex. May 25, 2021); *Medina v. Parkside Lending LLC*, 2020 U.S. Dist. LEXIS 130815, at *10 (W.D. Tex. July 23, 2020) (Austin, Mag.) adopted by 2020 U.S. Dist. LEXIS 243234 (W.D. Tex. November 17, 2020).

[4] Plaintiff's alleged compensation agreement is contrary to Plaintiff's argument that salary on a work week basis determines any exemptions to minimum wage. Plaintiff attached an alleged agreement to its Response that Plaintiff characterizes as an annual contract. *See* Response (Dkt. 12), at p. 8 ("Plaintiff has attached Exhibit A, which contains the promise to pay Plaintiff $250,000 annually.").

promise Plaintiff anything annually.[5] Nor does it obligate Lottery.com to pay any bonus, contrary to Plaintiff's contentions.[6]

Although Plaintiff spends much of the Response (Dkt. 12), at p. 5-19 discussing how he was not "furloughed," the Amended Complaint (Dkt. 6) alleges that Plaintiff has been working unpaid since July 22, 2022. *Id.* at p. 7-8, para. 29-30; Response (Dkt. 12), at p. 19. Whatever rights Plaintiff claims the at-will Agreement attached as (Dkt. 12-1) provides, Plaintiff was constructively terminated when he did not receive the first bi-weekly pay period he alleges was missed for July 22, 2022.[7] *Traweek v. Global Solutions & Logistics LLC*, 2015 U.S. Dist. LEXIS 98098, at *15 (N.D. Ala. July 28, 2015):

> assuming that Traweek was still employed following the January 17th meeting, Global's failure to pay his wages can, in itself, be considered an "adverse employment action." *See, e.g., Penn. State Police v. Suders*, 542 U.S. 129, 134, 124 S. Ct. 2342, 159 L. Ed. 2d 204 (2004) (stating that "an extreme cut in pay" can, under some circumstances, provide a basis for alleging constructive discharge); *Bass v. Bd. of Cnty. Comm'rs*, 256 F.3d 1095, 1118 (11th Cir. 2001) (stating in a Title VII case that an adverse employment action can be "conduct that alters the employee's compensation"), overruled in part on other grounds by *Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008).

For wages after that first unpaid pay period, Plaintiff has no enforceable contract. Nevertheless, Plaintiff contends that "Texas law provides employees who are claiming they have been denied wages to file breach of contract claims in district court." Response (Dkt. 12), at p. 10. The *Douglas* opinion cited by Plaintiff does not stand for the proposition that an employee can sue

---

[5] *See* (Dkt. 12-1), at p. 3:

> **At-Will Employment** Your employment with Lottery.com will be "at will" and for no specified period. Lottery.com has the unfettered right to terminate its employment relationship with you at any time, with or without cause, for any or no reason, and with or without notice.

[6] *See* Amended Complaint, at p.7, para 29(b) ("Defendant Lottery breached the contract by: …Failing to pay Plaintiff his annual bonus").

[7] *Id.*, at para, 29(a).

for wages under a breach of contract cause of action – when there is **no** contract. In those situations, an aggrieved employee must pursue an applicable claim in quasi-contract. *Nart v. Open Text Corp.*, 2011 U.S. Dist. LEXIS 96449, at *10-12 (W.D. Tex. Aug. 29, 2011) (Austin, Mag.) adopted by 2011 U.S. Dist. LEXIS 167863 (W.D. Tex., Oct. 3, 2011).

Count 3: Common Law Fraud & Fraud in the Inducement; Am. Complaint (Dkt. 6) at p. 8-9.

**Response demonstrates Plaintiff's failure to sufficiently plead fraud under Rule 9(b)**

The Response's attempt to bolster the Amended Complaint (Dkt. 6) shows why Plaintiff's fraud-based claims must be dismissed under Rule 12(b)(6). *See* Response (Dkt. 12), at p. 12-13, where Plaintiff fails to:

- include a "Where" section as a one of the "specifics" of fraud. This is fatal to Plaintiff's claims.[8]
- adequately plead "When." "July 2022" is insufficient.[9] "Continues to occur" provides no time at all.
- adequately plead "Who." Plaintiff's choice to identify alleged fraudsters solely by categories or vague description (*i.e.* "the board members, corporate representatives and CEO") is insufficient. This omission is particularly telling since Plaintiff alleges holding the office of Vice-President.[10] This omission is fatal to Plaintiff's claims.[11]

---

[8] *Brown v. United States Bank Home Mortg.*, 2019 U.S. Dist. LEXIS 253272, at *5-6 (W.D. Tex. April 2, 2019) (Pitman, J.) (Emphasis added) ("In alleging fraud or mistake, a party must 'specify the statements contended to be fraudulent, identify the speaker, state when and **where** the statements were made, and explain why the statements were fraudulent.'").

[9] *See Vegetable Juices, LLC v. Haliburton Int'l Foods, Inc.*, 2023 U.S. Dist. LEXIS 234221, at *9-10 (C.D. Cal. December 27, 2023) ("Plaintiff alleges that Defendant's fraud happened 'in May and June 2018.' … Because merely alleging the month and year 'do[es] not make the grade under Rule 9(b),' Plaintiff's fraud claims do not meet Rule 9(b)'s standard.").

[10] A company executive knows the names of the Company's board of directors and its CEO. Neither the Amended Complaint (Dkt. 6) nor the Response (Dkt. 12) attempts to explain why Plaintiff would not know the names of the alleged fraudsters. Plaintiff was able to name drop Ryan Dickinson – Lottery.com's former CFO – in another context. *See* Amended Complaint (Dkt. 6), at p. 4, para. 10.

[11] *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003):

> This court has stated that Rule 9(b) requires that the plaintiff allege "the particulars of time, place, and contents of the false representations," Williams v. WMX Techs., 112 F.3d 175. 179

Plaintiff waived and abandoned its fraud claim[12] because Plaintiff failed to address Lottery.com's arguments that: 1) Plaintiff failed to plausibly allege intent, reliance, and materiality;[13] 2) partial performance negates a fraud claim; [14] and 3) the fraud alleged is barred by the economic loss rule.[15]

Additionally, Exhibit 12-1, at p. 5, contains a reliance disclaimer. Therefore, Plaintiff's reliance (as to both the fraud claim and negligent misrepresentation claim) is limited to the promises or representations contained in Exhibit 12-1.[16] Reliance on any statement outside Exhibit 12-1 to make a showing of plausibility now fails to state a claim upon which relief can be granted.

---

> (5th Cir. 1997), as well as **the identity of the person** making the misrepresentation and what that person obtained thereby, otherwise referred to as the "who, what, when, where, and how" of the alleged fraud.

*See also Lopez v. Council on American-Islamic Reals. Action Network, Inc.*, 741 F. Supp. 2d 222, 236-237 (D.D.C. 2010)(Virginia law is in accord with Fed. R. Civ. P. 9(b) in requiring "Each element of the claim must be pled with particularity — including identification of the agents, officers, and employees of the entities who are alleged to have perpetrated the fraud and the details of the time and place of the fraudulent acts."); *Near v. Crivello*, 673 F. Supp. 2d 1265, 1284 (D. Kan. 2009) ("Rule 9(b) requires identification of particular corporate officers who made each alleged oral misrepresentation.").

[12] *See* f.n. 3, *supra*.

[13] *See* Motion (Dkt. 13), at p. 7-8, para. 11-12.

[14] *See* Motion (Dkt. 13), at p. 7-8, para. 11.

[15] *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (To avoid the economic loss rule, a party must plead (1) a source of duty arising independently from the Agreement, and (2) harm other than economic loss of a contractual benefit).

[16] *Providence Title Co. v. Truly Title, Inc.*, 2022 U.S. Dist. LEXIS 61991, at *16-17 (E.D. Tex. March 29, 2022).

Count 4: Common Law Misrepresentation (neg. misrep.); Am. Comp. (Dkt. 6) at p. 9-10.

Plaintiff admits that the Rule 9(b) particularity standard applies to the misrepresentation claim.[17] Plaintiff failed to respond to Lottery.com's arguments that:

- Plaintiff failed to plead the first two elements of the cause of action ((1) a representation made by the defendant in the course of the defendant's business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business). *See* Motion (Dkt. 13), p. 11, para. 19;
- all the representations Plaintiff complains about are promises of future conduct. *Id.*, p. 11-13, para. 20; and
- the misrepresentation claim is barred by the economic loss rule. *Id.,* p. 13-14, para. 21.

Therefore, Plaintiff waived and abandoned its negligent misrepresentation claim [18]

**Plaintiff's four claims alleged under Delaware law aren't governed by DE law.**

Count 5: Breach of the Covenant of Good Faith and Fair Dealing; Amended Complaint (Dkt. 6) at p. 10; Count 6: Violation of the Minimum Wage Act: 19 Del. C. §§ 901 to 914; Amended Complaint (Dkt. 6) at p. 10-11; Count 7: Violation of Wage Payment and Collection Act: 19 Del. C. §§ 1101 to 1115; Amended Complaint (Dkt. 6) at p. 11; and Count 8: Tortious Interference with Contract; Amended Complaint (Dkt. 6) at p. 11-12.

Plaintiff's four Delaware law claims only lie "**if**" the Court determines that Delaware law applies. Response (Dkt. 12), at p. 16 (Counts 5-7 "asserted…in the alternative to allegations brought under Texas law); at p. 19 (Count 8 conceded "only…if Texas law applies"). However, there is no controversy on the issue of which State's law applies to Plaintiff's claims. The parties each contend that Texas law should apply. *See* Amended Complaint (Dkt. 6), at p. 2, para. 4 ("all Defendant's unlawful practices alleged herein, and/or the adverse effects from these unlawful practices negatively affecting Plaintiff, were committed and/or occurred in Spicewood, Texas") & p. 2-3, para 7 (applying Texas law); Motion (Dkt. 11), at p. 14 n.37 ("Texas law still applies to

[17] Response (Dkt. 12), at p. 14.

[18] *See* f.n. 3, *supra.*

Plaintiff's claims because…"); Response (Dkt. 12), at p. 16-17 ("Plaintiff's offer letter states the governing law is Delaware, but Plaintiff has not been to Delaware and no actions in his lawsuit substantially occurred there."). Moreover, it is unlikely that a Delaware court would enforce a Delaware choice of law provision when Texas "has the most significant relationship to the transaction and the parties as relates to claims under the Employment Agreement… [and Texas] maintains a more compelling public policy interest in ensuring its laws are enforced with respect to the employment rights of its citizens working within the state." *AG Res. Holdings, LLC v. Terral*, 2021 Del. Ch. LEXIS 24, at *11-12 (Del. Ch. Feb. 10, 2021).

Therefore, the Court should apply Texas law to Plaintiff's claims.[19] And after doing so, dismiss the four claims based on Delaware law.

**Additional arguments supporting dismissal of claims based on Delaware law**

Plaintiff concedes the dismissal of Plaintiff's tortious interference with contract claim but only under Texas Law. Response (Dkt. 12), at p. 19. Yet – despite Plaintiff's position that Texas law applies to Plaintiff's tort claims – Plaintiff isn't conceding the nonexistence of the tortious interference cause of action under Delaware law. *Id.*

**Lottery.com cannot – as a matter of Delaware law – interfere with its own contract**. *See Tolliver v. Trinity Par. Found.*, 2017 U.S. Dist. LEXIS 121764, at *24 (D. Del. August 2, 2017) ("A party to a contract cannot interfere or conspire to interfere with its own contract.").

Plaintiff's argument that Delaware permits a tortious interference with contract cause of action regarding Plaintiff's employment contract **makes no sense**. Plaintiff does not explain how

[19] *See DeWolff, Boberg & Assocs. v. Pethick*, 2022 U.S. Dist. LEXIS 177058, at *23 (N.D. Tex. September 29, 2022) ("As the parties both agree that Texas law applies, the court's analysis will also apply Texas law."); *Mfrs. Alliance Ins. Co. v. B&B Transp.*, 2018 U.S. Dist. LEXIS 223233, at *6 (W.D. Tex. December 14, 2018) (Pitman, J.) ("The parties do not dispute that Texas law governs the contracts at issue in this case.").

Delaware law permits a cause of action for "interfering" with one's own contract. Plaintiff cites cases that have the same elements as Texas law, or other authority like the Restatement (Second) of Torts. Response (Dkt. 12), at p. 19-20. Had Plaintiff read the exact section Plaintiff cited – Plaintiff would know it contradicts Plaintiff's contention.[20]

Last, if Plaintiff can rely on (Dkt. 12-1) – the document Plaintiff attached the Response – then Plaintiff is barred from contending Delaware law applies. Because Plaintiff already materially breached the "Governing Law" provision[21] by filing suit in Texas.[22]

Count 9: Amended Complaint (Dkt. 6) at p. 12-13; Quantum Meruit/Unjust Enrichment

Plaintiff did not address Lottery.com's argument that Plaintiff failed to state a claim upon which relief can be granted by recasting a quantum meruit claim as one for contract damages. *See* Motion at p. 19, para. 30. Recovery for quantum meruit is limited to "the reasonable value of the work performed and the materials furnished." *See* Texas Pattern Jury Charge 115.7 (Exhibit 1). The more specific allegations in a Complaint govern over the general.[23] By specifically seeking contract damages – under the elements of quantum meruit – Plaintiff pleaded themself out of

---

[20] *See e.g.*, *Tenneco Auto., Inc. v. El Paso Corp.*, 2007 Del. Ch. LEXIS 4, at *22 (Del. Ch. Jan. 8, 2007) (Citing Dobbs, *The Law of Torts* §446, at 1360 (2001) and the Restatement (Second) of Torts §766 (1979)) (Emphasis added) ("**After all, '[a] defendant cannot interfere with its own contract.**'").

[21] *See* (Dkt. 12-1), at p. 4 [of the PACER page numbers]:

> **Governing Law** This offer letter shall be governed by the laws of the State of Delaware without reference to its choice of law provisions. Any litigation arising out of this offer letter shall be adjudicated in the state or federal courts located in Delaware.

[22] *Level 4 Yoga, LLC v. CorePower Yoga, LLC*, 2022 Del. Ch. LEXIS 49, at *31 (Del. Ch. Mar. 1, 2022), aff'd, 287 A.3d 226 (Del. 2022) ("Delaware law firmly supports the principle that a party to a contract is excused from performance if the other party is in material breach of his contractual obligations.").

[23] *Papapietro v. Clott*, 2024 U.S. Dist. LEXIS 20150, at 12-13 (E.D.N.Y. February 5, 2024).

Court. [24] Amended Complaint (Dkt. 6), at p. 13, para. 62 ("Plaintiff now seeks damages in the amount of all respective unpaid wages, bonuses, and reimbursements, plus liquidated damages."). By making a strategy decision[25] to seek more than any claimant could be entitled to recovery under quantum meruit, Plaintiff failed to state a quantum meruit claim upon which relief can be granted.

Plaintiff also pleaded themself out of court by alleging knowledge of Lottery.com's fraud all along, as explained by the Response (Dkt. 12), at p. 11 (Emphasis added):

> **It is clear by Defendant's** response to this lawsuit and their **actions since July 2022 to present that Defendant never had any intention to compensate Plaintiff** and continue to use his services without any intent to fairly compensate Plaintiff.

Plaintiff negated that they ever expected to be paid. "[A] prerequisite to establishing grounds for quantum meruit recovery is claimant's **reasonable** expectation of compensation."[26] Plaintiff's knowledge that Lottery.com never intended to pay Plaintiff bars Plaintiff from recovering on an element of quantum meruit.[27] Therefore, **all quasi-contract and equitable theories of recovery are barred by virtue of that knowledge** and Plaintiff cannot state a claim upon which relief can be granted for any compensation after July 22, 2022.[28]

---

[24] *See generally Romero v. Becken*, 256 F.3d 349, 354-55 (5th Cir. 2001) (Affirming dismissal of a claim because it sought money damages unavailable under the relevant statute).

[25] *See e.g.*, *Tasion Communs. v. Ubiquiti Networks, Inc.*, 2013 U.S. Dist. LEXIS 169861, at *8 n.3 (N.D. Cal. December 2, 2013) (Decision to seek tort instead of contract damages was a strategic decision).

[26] *Walker v. Williamson*, 2017 U.S. Dist. LEXIS 31213, at *18 (S.D. Miss. March 6, 2017); *See also Internacional Realty, Inc. v. Ferrari*, 2009 U.S. Dist. LEXIS 672, at *9 (W.D. Tex. January 7, 2009) (Nowak, Mag.) ("[A] plaintiff seeking to recover in quantum meruit must prove he reasonably expected the defendant to pay him for the services provided").

[27] *In re All Tex. Elec. Contrs., Inc.*, 2022 Bankr. LEXIS 113, at *35 (Bankr. S.D. Tex. Jan. 18, 2022) ("[B]ecause Plaintiff is barred from bringing a quantum meruit claim and because Plaintiff failed to plead an essential element, Plaintiff's Claim[] for quantum meruit …is dismissed.").

[28] *Twp. of Middletown v. Simon*, 937 A.2d 949, (N.J. 2008) (Emphasis added) (When a Plaintiff is not "innocent" (*i.e.* of the belief that Plaintiff will be paid) that Plaintiff is "deemed to officiously confer a benefit and may not recover.").

Alternatively, the Response (Dkt. 12) confirms that Plaintiff pleaded themself out of Court for any claim after September 11, 2023, the date Plaintiff filed the *Original Complaint* (Dkt. 1). If one accepts Plaintiff's response, Plaintiff unmistakably knew – by at least the date suit was filed – that Lottery.com was not paying Plaintiff, never intended to pay Plaintiff, kept asking Plaintiff to work but wasn't going to pay them.[29] Therefore, Plaintiff cannot state a claim upon which relief can be granted for any compensation after September 11, 2023.

Plaintiff discusses unjust enrichment as an afterthought, in one paragraph on page 16, beginning with "Lastly." Plaintiff cites no authority in opposition to Lottery.com's authority. Plaintiff does not distinguish Lottery.com's authority. Plaintiff does not specifically address the arguments made by Lottery.com about Plaintiff's failure to plead "unjustness" (*i.e.* the use of: [1] fraud, [2] duress, or [3] the taking of undue advantage by Lottery.com). Motion (Dkt. 13), at p. 13-14, para 21-22. Plaintiff claims to have sufficiently alleged fraud through "inferences." Response (Dkt. 12), at p. 16. But this cannot be done.[30]

Because Plaintiff's claims for quantum meruit/unjust enrichment are so deficient, the Court should dismiss them for failure to state a claim.

**<u>Response to Plaintiff's Request for Leave to Amend</u>**

Imbedded in the Response (Dkt. 12), Plaintiff seeks conditional leave to amend claims requiring particularity under Rule 9(b)[31] (although by Plaintiff's response to Count 3 of the

---

[29] *See also* Original Complaint (Dkt. 1), at p. 8, para. 27.

[30] *See Target Const., Inc. v. Baker Pile Driving & Site Work,* L.L.C., 2012 U.S. Dist. LEXIS 166448, at *7 (E.D. La. Nov. 20, 2012) (Dismissing fraud claim) ("Because Rule 9(b) requires that fraud be pled with particularity to the circumstances allegedly constituting the fraud, Baker cannot rely on an inference from the Court to supplement pleadings that are insufficient.").

[31] Response (Dkt. 12), at p. 13 ("If this Court is of the opinion that the Amended Complaint needs more facts to satisfy the Rule 9(b) heightened pleading standard; Plaintiff respectfully asks for leave to amend his Complaint to address any Rule 9(b) issues on his fraud claim.").

Amended Complaint (Dkt. 6) Plaintiff erroneously believes that Rule 9(b) only applies to Plaintiff's fraud "claim").[32]

No Motion to speak of. Plaintiff's request for leave must be denied because it does not constitute a motion within the contemplation of Rule 15(a).[33]

Request for Leave filed in violation of Local Rules. Plaintiff's request for leave violates Local Rule CV-7(B).[34] This violation comes after the Court already warned Plaintiff's counsel about following the Local Rules.[35] Accordingly, Plaintiff's request for leave to amend should be denied.[36]

---

[32] *See Contra Rodriguez v. Allstate Tex. Lloyds*, 2018 U.S. Dist. LEXIS 171571, at *4 (W.D. Tex. May 21, 2018) (Chesney, Mag.) adopted by 2018 U.S. Dist. LEXIS 171572 (W.D. Tex., June 12, 2018) (Emphasis added) ("**The requirements of Rule 9(b) 'apply to all cases where the gravamen of the claim is fraud** even though the theory supporting the claim is not technically termed fraud.'").

[33] *Johnson v. Tyson Foods, Inc.*, 580 F. Supp. 3d 382, 387 n.2 (N.D. Tex. 2022); *See also Anderson v. Branch Banking and Trust Company*, 119 F. Supp. 3d 1328, 1351 (S.D. Fla. 2015) ("the Court notes that Kearse has improperly sought amendment of his pleadings through a responsive filing. 'It is not appropriate to seek an order for affirmative relief in a response to a motion.'").

[34] "**Leave to File**. When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave…"

[35] *See* Civil Action No. 1:23-CV-616-RP; *Yes Period, LLC v. Lottery.com*; In the United States District Court for the Western District of Texas, Austin Division, Order (Dkt. 22) at p. 2 ("Plaintiff is reminded that parties are not permitted to file sur-replies and sur-responses absent leave of this Court. *See* W.D. Tex. Loc. R. CV-7(e)(1)").

[36] *See ALD Soc. LLC v. Verizon Commc'ns, Inc.*, 2023 U.S. Dist. LEXIS 177083, at *21-22 (W.D. Tex. September 30, 2023):

> Plaintiff also fails to provide the Court with a proposed amended complaint or explain how the potential amendment would cure the defects identified in Verizon's motion. *Schiller v. Physicians Res. Grp., Inc.* 342 F.3d 563, 565 (5th Cir. 2003) (denying leave to amend where party did not formally move for leave or attach a copy of a proposed amended complaint); *see also* TXWD Loc. R. CV-7(b) (explaining that copy of proposed amended complaint must be attached to request for leave to amend pleading). Accordingly, Plaintiff's request for leave to amend is DENIED.

Bad Faith. Leave should be denied. Bad faith is a substantial reason to deny leave to amend.[37] Plaintiff's counsel is aware of the pleading standard required for pleading fraud.[38] Plaintiff's failure to plead with particularity in this Case was done in bad faith because it is the result of an intentional (and habitual) violation of the rules of civil procedure.[39]

Standing on a deficient Complaint. Instead of showing how amendment would overcome the factual deficiencies in the Amended Complaint (Dkt. 6), Plaintiff chose to argue that the Amended Complaint satisfied Rule 9(b). *Body Brother, Inc. v. Yu Zhou*, 2022 U.S. Dist. LEXIS 214509, at *15 (S.D. Tex. November 7, 2022) (Bray, Mag.) adopted by 2022 U.S. Dist. LEXIS 213591 (S.D. Tex., Nov. 28, 2022):

> Although Body Brother states in its response that it believes any deficiency found by the court could be remedied by amendment, Body Brother bases its responsive arguments on the sufficiency of the Amended Petition as is. *See id.* at 4. Body Brother offers no argument or additional facts to show how amendment would overcome the Amended Petition's factual deficiencies discussed above. *Id.* Body Brother had the opportunity to address the defects that Defendants raised but chose instead to argue that its RICO claims satisfied the pleading requirements. *Cf. Khoury v. Thota*, No. 20-20578, 2021 U.S. App. LEXIS 26402, 2021 WL 3919248, at *4 (5th Cir. 2021) (holding that, because the plaintiff chose to stand on his complaint and argue that it satisfied the pleading requirements, the district court did not err by denying leave to amend).
>
> The court recommends that Body Brother's federal RICO claim be dismissed with prejudice…

[37] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378-79 (5th Cir. 2014).

[38] *See e.g.*, *United States ex rel. Jacobs v. Walgreen Co.*, 2022 U.S. App. LEXIS 5502, at *2-3 (5th Cir. Mar. 2, 2022) (Affirming dismissal of fraud claim plead by Alfonso Kennard, Jr. because the allegations in his amended complaint were still insufficient under Rule 9(b)); *E-Dealer Direct v. Bank of Am., N.A.*, 2021 U.S. Dist. LEXIS 99011, at *13-15 (W.D. Tex. May 25, 2021) ((Fraud claim plead by Alfonso Kennard, Jr. dismissed for failing to satisfy pleading standard of Rule 9(b)); *Go Prof'l Ops v. Sherwin-Williams Co.*, 2018 U.S. Dist. LEXIS 239773, at *22-23 (W.D. Tex. June 28, 2018) (Same).

[39] Tex. Comm. On Professional Ethics, Op. 415, 47 Tex. B.J. 946 (1984) ("An attorney's intentional or habitual violation of [a] Rule [of civil procedure on pleadings] constitutes a violation of the Code of Professional Responsibility.").

Undue Delay. Undue delay is a valid ground to deny leave to amend where the moving party could have reasonably avoided the delay.[40] Plaintiff's attempt to use the Response (Dkt. 12) (at p. 12-13) to supplement and amplify missing allegations proves that Plaintiff could have reasonably avoided delay by including some of the essential allegations[41] that Plaintiff intentionally omitted from the Amended Complaint.[42]

Futility of Amendment. Futility is a substantial reason to deny leave to amend.[43] Granting Plaintiff leave to amend their Complaint to plead fraud with particularity is futile because the fraud alleged is barred by the economic loss rule.[44] Moreover, because Plaintiff failed to address Lottery.com's arguments that Plaintiff failed to plausibly allege reliance and materiality,[45] Plaintiff waived and abandoned its fraud claim.[46] Additionally, Plaintiff waived and abandoned its fraud claim by failing to address Lottery.com's argument that the partial performance (alleged in the Amended Complaint) negates a fraud claim.[47]

---

[40] *In re Folding Carton Antitrust Litigation*, 1980 U.S. Dist. LEXIS 12519, at *5 (N.D. Ill. June 3, 1980).

[41] As discussed, *supra*, these allegations still fail to plausibly allege a fraud claim and fail to cure all the fatal defects in Plaintiff's fraud claims.

[42] *See Layfield v Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (Affirming denial of leave to amend, "particularly in view of the admission by the appellant's counsel that all of the facts relevant to the proposed amendment were known to the appellant at the time she filed her original complaint."); *McMillon v. Corridan*, 1999 U.S. Dist. LEXIS 6043, at * (E.D. La. April 23, 1999) (Clement, J.) (Denying leave based on bad faith and dilatory conduct after examining movant's motive and finding delay base on movant's tactical decision).

[43] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378-79 (5th Cir. 2014).

[44] *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (To avoid the economic loss rule, a party must plead (1) a source of duty arising independently from the Agreement, and (2) harm other than economic loss of a contractual benefit).

[45] *See* Motion (Dkt. 11), at p. 9, para. 14.

[46] *See* f.n. 3, *supra*.

[47] *See* Motion (Dkt. 11), at p. 8-9, para. 13.

**Objection to Plaintiff's Request for Judicial Notice**

Plaintiff asks the Court to "take judicial notice of frivolous filings and arguments presented by Defendant." Response (Dkt. 12), at p. 2. Plaintiff's request for judicial notice is: 1) procedurally irregular;[48] 2) another violation of the local rules;[49] and **not** an available subject for judicial notice.[50] Therefore, Lottery.com opposes Plaintiff's request for judicial notice. If the Court could take judicial notice of "frivolous filings and arguments presented by Defendant," the request violates Defendant's due process because Plaintiff fails to give adequate notice of the "filings and arguments" it requests be judicially noticed as frivolous.[51] Therefore, Lottery.com objects to Plaintiff's request for judicial notice.

---

[48] *Bice v. BP Exploration & Prod.*, 2022 U.S. Dist. LEXIS 230234, at *11 (E.D. La. December 22, 2022) (Observing the "procedural irregularity of seeking affirmative relief in a response to a motion"); *Awdziewicz v. Meriden*, 115 A.3d 1084, 1095 (Conn. 2015) (Quotation consolidated) (The doctrine of judicial notice cannot be used to subvert pleading requirements. The doctrine of judicial notice does not obviate the necessity for the proper framing of issues, whether of fact or of law. Facts cannot be proven by evidence or established by judicial notice until and unless they are properly pleaded.").

[49] Local Rule CV-7(C)(1) ("All motions must state the grounds therefor and cite any applicable rule, statute, or other authority, justifying the relief sought.").

[50] Federal Rule of Evidence 201(b); *See generally Harper v. Killion*, 348 S.W.2d 521, 522 (Tex. 1961) ("[J]udicial notice implies the absolute truth of the fact known, and, such fact being undisputed, its effect becomes matter of law.").

[51] *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306-1307 (11th Cir. Fla. July 18, 2006):

> "Due process requires that the [party] be given fair notice that [its] conduct may warrant sanctions and the reasons why." Importantly, a party can be given notice from either the court or from the party seeking sanctions. The party subject to sanctions must be afforded the opportunity to justify its actions either orally or in writing.

*See generally*, *Holly v. Vicksburg Warren Sch. Dist.*, 2023 U.S. Dist. LEXIS 218747, at *7-8 (S.D. Miss. December 8, 2023):

> The "recognized principles of due process" are "adequate and timely notice and a meaningful opportunity to be heard." *Findeisen v. N. E. Indep. Sch. Dist.*, 749 F.2d 234, 237 (5th Cir. 1984).

Local Court Rule CV-10(b) Required Information:

Signature: /s/ Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
ATTORNEY FOR PLAINTIFF

/s/ Andrew R. Korn
ANDREW R. KORN