Kennard
ATTORNEYS AT LAW

Alfonso Kennard
Managing Shareholder
Direct Line: 713.742.0906
alfonso.kennard@kennardlaw.com

June 12, 2024

**Honorable Mark Lane**
United States Federal Courthouse
501 West 5th Street
Suite 7400
Austin, Texas 78701

**RE: Wells v. Lottery.com, Inc. (1:2023-cv-01081); Marsh v. Lottery.com, Inc. (1:2023-cv-00880), letter.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

I am in receipt of the Order issued this morning: (a) taking issue with our "late filed" request to appear via Zoom at today's hearing and (b) alleged issues in a completely unrelated matter upon which this court has taken "judicial notice." Please consider the following:

1. Plaintiff counsel and staff had made multiple attempts via phone and email, over the course of several days leading up to the hearing to reach this honorable court regarding Zoom attendance. Despite our ongoing efforts, we did not receive any response until the day before the hearing.

2. This Firm was advised by the court staff that we would need to file a formal motion requesting Zoom attendance, to which we obliged as soon as we were given that instruction.

3. The unforeseen circumstance was simply that: (a) Since Zoom attendance is rarely not allowed, particularly for out-of-town counsel where no local counsel requirement exists; (b) we had not received any communication regarding our request until just before the hearing; (c) we had hoped to have this resolved much sooner as plaintiffs sought to conserve client resources since they aren't getting paid and case expenses are the clients' responsibility; (d) and that filing a late motion became necessary upon instruction (only way to request it per the clerk) and since counsel had presumed standard Zoom attendance would be proper without the need to file a motion. The alternative would have been to not request it at all and not at least be afforded the opportunity to actively seek to conserve limited client resources.

4. Nonetheless, this Firm was at all times prepared to attend in person. The request has now been denied and plaintiff takes no issue with that decision, although it was certainly unforeseen that this otherwise standard request would require a formal motion and moreover that it would subsequently be denied. We certainly respect the Court's decision.

5. This Firm at all times is and was prepared to appear in person in the unlikely event the request was denied and Mr. Eddie Hodges will be appearing at the hearing.

6. This court takes judicial notice of "reputation" citing a case that has no bearing on this case. We will reserve our right to challenge any decision making based on this arguably improper judicial notice.

7. Also, for the record, we do not concern ourselves with reputation. We only concern ourselves with our character. Seeking to preserve client resources where we can is consistent with our character.

8. A former senior-level attorney was lead counsel on that case, and there was no indication from the undersigned that there was any issue with the veracity of those claims in that circumstantial evidence-based standard of review case. As such, no issues have been conceded. In fact, this case is tentatively set for oral argument at the Fifth Circuit on those very issues, and any references to that unrelated matter are improper.

Respectfully Submitted,

kennard law P.C.

Alfonso Kennard, Jr.

CC: All parties via ECF system.