**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **1:23-CV-1081-RP** |
| | § | |
| **LOTTERY.COM, INC.,** | § | |
| **Defendant.** | § | |

**Defendant Lottery.com, Inc.'s Motion to Dismiss for Failure to State a Claim**

1. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Lottery.com, Inc. ("Defendant" or "Lottery.com) challenges *Plaintiff's Second Amended Complaint* (Dkt. 35) for failing to state a claim upon which relief can be granted.

**The Challenged Pleading: *Plaintiff's Second Amended Complaint* (Dkt. 35) ("SAC")**

2. The SAC contains four "causes of action":
   - Violations of the Fair Labor Standards Act – 29 U.S.C. § 206 (A);
   - Breach of Contract;
   - Common Law Fraud and Fraud in the Inducement; and
   - Quantum Meruit/Unjust Enrichment

None of these "causes of action" comply with Fed. R. Civ. P. 8, and where required, Fed. R. Civ. P. 9(b).

**Summary of this Motion**

3. Plaintiff's claims fail Rule 12(b)(6) because they:
   - do not state sufficient facts to plausibly allege a cause of action;[1] or
   - fail to plead all required elements of a cause of action;[2] or
   - omit facts concerning pivotal elements;[3] or

---

[1] *Bradford v. Nationwide Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 90599, at *2-3 (W.D. Tex. May 31, 2018) (Pitman, J.); *Bige, Inc. v. Penn-America Ins. Co.*, 2015 U.S. Dist. LEXIS 119357, at *5 (W.D. Tex. September 8, 2015) (Pitman, J.) (Complaint is insufficient when it alleges — but does not show — that the pleader is entitled to relief).

[2] *See generally Pollett v. Aurora Loan Servs.*, 455 Fed. Appx. 413, 415 (5th Cir. 2011) ("The district court correctly determined that [Plaintiff] had failed to state a claim for wrongful foreclosure under Texas law because he failed to plead all elements of that cause of action").

[3] *See Puente v. Ridge*, 324 Fed. Appx. 423, 428 (5th Cir. 2009) ("[W]hen a complaint omits facts that, if

- are not based on a cognizable legal theory;[4] or
- are barred because Plaintiff pleaded themself out of court.[5]

**Standard of Review**
**Motion to Dismiss for Failure to State a Claim under Rule 12(B)(6)**

4. The Court reviews motions under 12(b)(6) under the well-known standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is familiar with the Rule 12(b)(6) standards and is experienced in applying them.[6] The Fifth Circuit reviews de novo the district court's decision to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(6).[7]

5. In addition to the standards set forth in *Twombly* and *Iqbal* for pleading sufficiency pursuant to Rule 12(b)(6), claims sounding in fraud must meet the heightened pleading requirements

---

they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."); *Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995) ("If a complaint omits facts concerning pivotal elements of the pleader's claim, the court is justified in assuming the nonexistence of such facts.").

[4] Claims may be dismissed under Rule 12(b)(6) "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019); *Kingvision Pay-Per-View, Ltd. v. Betancourt*, 2011 U.S. Dist. LEXIS 53822, at *3 (S.D. Tex. May 19, 2011) ("A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is 'appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.'").

[5] *See generally Sierra v. Dallas Co. Dist. Attorney's Office*, 2023 U.S. Dist. LEXIS 198973, at *6 (N.D. Tex. October 18, 2023) (Because Plaintiff is the master of his own pleadings, he may plead himself out of court); *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) ("([A]nother rule that antedates *Twombly* and *Iqbal*) [Plaintiff] can plead himself out of court by pleading facts that show that he has no legal claim.").

[6] *See e.g.*, *Dermaplanepro Inc. v. Brown*, 2024 U.S. Dist. LEXIS 10980, at *2-3 (W.D. Tex. January 22, 2024) (Pitman, J.); *Crystal Clear Special Util. Dist. v. Lake*, 2024 U.S. Dist. LEXIS 7731 (W.D. Tex. January 16, 2024) (Pitman, J.); *Toth Enters. II P.A. v. Forage*, 2023 U.S. Dist. LEXIS 224944, at *7-9 (W.D. Tex. December 18, 2023) (Pitman, J.); *In re SolarWinds Corp. Sec. Litig.*, 595 F. Supp. 3d 573, 580-581 (W.D. Tex. 2022) (Pitman, J.); *Phillips v. Ethicon Endo-Surgery, Inc.*, 2024 U.S. Dist. LEXIS 101704, at * (W.D. Tex. June 6, 2024) (Lane, Mag) *adopted by, in part* 2024 U.S. Dist. LEXIS 122638 (W.D. Tex., July 11, 2024) (Pitman, J.).

[7] *Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 704 (5th Cir. 2023).

of Rule 9(b).[8] This daunting standard[9] applies to all of Plaintiff's claims sounding in fraud, such as fraud, fraudulent inducement, and inequitable conduct.[10] Rule 9(b)'s heightened pleading requirement applies with equal force to all elements of fraud.[11]

6. "Dismissal based on a successful affirmative defense can be appropriate when that defense appears on the face of the complaint." *Carbon Six Barrels, L.L.C. v. Proof Rsch., Inc.*, 83 F.4th 320, 324 (5th Cir. 2023); *Wesner v. Southall*, 2023 U.S. Dist. LEXIS 67392, at *9 (N.D. Tex. April 18, 2023) ("Dismissal under Rule 12(b)(6) may be granted based on a successful affirmative defense if the defense appears on the face of the complaint.").

Dispositive authority on two of Plaintiff's causes of action (Fraud and Breach of Contract)
No Secret Agents

7. "Fraud claims against corporate or business entities require allegations that specifically identify names of individuals who made the misrepresentation, **that those individuals had authority to speak for the corporation**, and state what was said or written and when." *Turner v. Harvard MedTech*

---

[8] *See Star Fund V (US), L.P. v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("[A]s the claims sound in fraud and negligent misrepresentation, Appellants must plead the misrepresentations with particularity under Fed. Rule Civ. Proc. 9(b)."); *Pennington v. Vail Prods.*, 2004 U.S. Dist. LEXIS 1263, at *5 (N.D. Tex. January 8, 2004) ("Fraud claims must be averred with specificity…"); *Accord Lum v. Bank of Am.*, 361 F.3d 217, 220 (3d Cir. 2004) ("Federal Rule of Civil Procedure 9(b) requires that the fraud be pled with specificity."); *Fink v. Komansky*, 2004 U.S. Dist. LEXIS 24660, at *16 (S.D. N.Y. December 8, 2004) ("The standard of pleading 'with particularity' means with specificity.").

[9] *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("We remind that this bite of Rule 9(b) was part of the pleading revolution of 1938. In short, we apply the rule with force, without apology."); *Riker-Vanholland v. Transouth Fin. Corp.*, 2004 U.S. Dist. LEXIS 16081, at *14 (N.D. Iowa August 13, 2004) ("It is difficult for even some of the most seasoned attorneys to adequately plead fraud with Rule 9(b) particularity, so it comes as no surprise that… a pro se litigant, has found the task daunting.").

[10] *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) ("Although the language of Rule 9(b) confines its requirements to claims of ... fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.") ; *Samsung Elec. Co., Ltd. v. Texas Instruments, Inc.*, 1996 U.S. Dist. LEXIS 15111, at *7 (N.D. Tex. April 18, 1996) (Rule 9(b) applies to claims of inequitable conduct).

[11] *Fingles v. Cont'l Cas. Co.*, 2010 U.S. Dist. LEXIS 41643, at *20 n.7 (E.D. Pa. Apr. 28, 2010).

*of Nev., LLC*, 2023 U.S. Dist. LEXIS 21177, at *10 (D. Nev. February 8, 2023) (Emphasis added); *Buchoz v. Klein*, 143 Tex. 284, 184 S.W.2d 271, 271 (Tex. 1944) (Because Plaintiff based his breach of contract claim on the theory that the Signer had authority from Defendants to execute the contract in their name, the burden was on Plaintiff to prove the Signer's authority).

8. Plaintiff alleges an Employment Agreement with Lottery.com. *See* Exhibit A to the SAC (Dkt. 35, at pp. 29-35). However, Plaintiff fails to allege: 1) that Lottery.com's board of directors directly authorized Plaintiff's Employment Agreement (*i.e.* by board resolution after duly noticed meeting);[12] or 2) how Lottery.com authorized Ryan Dickerson to make the Employment Agreement on Lottery.com's behalf. This is a fatal omission because:

> A president of such a company, or a corporation for that matter, has no actual authority by virtue of his position alone to bind his company by contract. In order to bind a [] corporation by the contract of its president, he must be authorized to make it either by the statutes of this state, the terms of the by-laws, or by appropriate action taken by the directors, trustees or other governing body. Neither does any apparent authority exist in such officer by virtue of his position.

*Manuf. Equip. Co. v. Cisco Clay & Coal Co.*, 15 S.W.2d 609, 613 (Tex. 1929) (Citations omitted).

9. Plaintiff's fraud claims (SAC, at pp. 20-25) do not allege that any of the people making representations had authority to make them on behalf of Lottery.com. **Agency is never presumed**. *Buchoz v. Klein*, 143 Tex. 284; *Private School Found., Inc. v. Bullin*, 2021 Tex. App. LEXIS 10118, at *21 (Tex. App.—Amarillo Dec. 22, 2021, pet. denied) ("The law does not presume agency."). As a Vice President of Lottery.com, Plaintiff ought to be aware whether Lottery.com's Board of Directors delegated authority to any person to make binding employment decisions for Lottery.com's officers.[13]

---

[12] *In re Solutia, Inc.*, 2007 Bankr. LEXIS 1576, at *49-50 (Bankr. S.D.N.Y. May 1, 2007) ("A corporation acts through its board of directors. The board of directors act by passing resolutions and by appointing officers to whom it delegates certain, but necessarily limited, authority.").

[13] *Douglass v. Panama, Inc.*, 487 S.W.2d 228, 233 (Tex. App.—Houston [14th Dist.] 1972) aff'd 504 S.W.2d 776 (Tex. 1974) (finding no actual authority of the president of a corporation to promise employees bonuses because under Texas statutes "the business and affairs of a corporation are managed by the board of directors and not by . . . anyone else in the absence of an agreement or, as to third parties, apparent authority").

But Plaintiff failed to allege facts supporting reasonable reliance on any representation **as authorized by** Lottery.com. "[A] party dealing with an agent must ascertain both the fact and the scope of the agent's authority, and, if the party deals with the agent without having done so, he deals with the agent at his own risk." *Sw. Land Title Co. v. Gemini Fin. Co.*, 752 S.W.2d 5, 7 (Tex. App.—Dallas 1988, no writ). Without alleging facts supporting agency, Plaintiff failed to plausibly establish fraud or contract claims. *Id.* at 7-8; *See e.g.*, *Reitz v. Cvy of Alexandria, LLC*, 2024 U.S. Dist. LEXIS 58457, at *7-12 (E.D. Va. March 29, 2024):

> As Plaintiff does not allege any misrepresentations made directly by Defendant GM to Plaintiff, Plaintiff's claim can proceed against Defendant GM only if Plaintiff has adequately alleged that an agent made misrepresentations on behalf of Defendant GM… Plaintiff fails to specifically allege the parameters of this alleged agency relationship, which is insufficient to state a claim… as Plaintiff has failed to adequately allege an actual agency or apparent agency relationship… the Court will dismiss…

*Burback v. Oblon*, 2022 U.S. Dist. LEXIS 128867, at *26-28 (E.D. Tex. July 20, 2022) (Citations omitted) (Emphasis added):

> Plaintiffs must demonstrate that Oblon was acting on behalf of those entities when he undertook the allegedly fraudulent actions… for all of the fraud claims, **Plaintiffs' allegations regarding Oblon's agency must be pleaded with the particularity required under Rule 9(b)**…
>
> The Court concludes that the FAC does not plead sufficient facts establishing that… Oblon was acting on behalf of those entities when he made the allegedly fraudulent statements. Instead, the FAC relies exclusively on Oblon's role within the entities and conclusory, boilerplate statements that in those roles, he had some form of authority to act on their behalf. These allegations are insufficient to link the Moving Entity Defendants to Oblon's allegedly fraudulent acts. Accordingly, Plaintiffs' fraud claims against the Moving Entity Defendants will be dismissed.

10. Because Plaintiff failed to allege facts plausibly supporting agency, Plaintiff failed to state contract and fraud claims on which relief can be granted. Therefore, the Court must dismiss those claims. *Garza v. United States*, 2019 U.S. Dist. LEXIS 81849, at *4 (E.D.N.C. May 7, 2019) (Citing *Twombly*) ("A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible.").

**Count 1: Violations of the Fair Labor Standards Act – 29 U.S.C. § 206 (A)**

Yo no soy marinero, soy capitán
Soy capitán, soy capitán

11. The Employment Agreement was mutually drafted after negotiation. SAC, at p. 4, ¶10. The first paragraph of the Employment Agreement reads:

> **Position** You will be employed in the fulltime, **exempt role** of Vice President of Information Technology

SAC, at p. 29 (Emphasis added).

12. The Employment Agreement provides for "bi-weekly salary of $9,615.39 (being $250,000 Annualized)." Although the Employment Agreement does not promise Plaintiff any bonus, Plaintiff is seeking "annual bonus" of $37,500.00. SAC, at p. 16, ¶49.[14] To justify his high paying salary, Plaintiff describes his role at Lottery.com like a Boss. In the one paragraph where Plaintiff describes their responsibilities at Lottery.com, Plaintiff used the word "managing/management" five separate times. *Id*., at pp. 5-6, ¶11. Plaintiff also alleges that Lottery.com: 1) "tasked" Plaintiff "with developing and implementing all IT strategies"; 2) "implementing policies and procedures for data storage, backup, and recovery"; and 3) "ensuring that third-party services and products meet the organization's needs and standards." Despite these deep and varied executive functions, Plaintiff is seeking to "be paid full regular pay compensation as required by the FLSA for every hour worked in any workweek for which he was not compensated. SAC, at p. 18, ¶61.

Based on the SAC, Plaintiff's FLSA claims must be dismissed. *See Miller v. Infinite Percent Partners, LLC*, 2021 U.S. Dist. LEXIS 114026, at *4-7 (N.D. Cal. June 17, 2021) (Some Citations

[14] Plaintiff failed to state a claim upon which relief can be granted for any bonus, because Plaintiff failed to allege sufficient facts that their bonus was fixed and nondiscretionary. *Brady v. Liquidity Servs.*, 2018 U.S. Dist. LEXIS 203403, at *11-12 (D.D.C. November 29, 2018) (Citations omitted):

> Brady relies entirely on conclusory allegations that he is owed the bonus. Furthermore, the offer letter states that "any provision[] contained herein may be modified and/or revoked without notice." Without more facts to demonstrate that the bonus allegedly owed to Brady is 'automatic and mandatory," the Court must dismiss Count II for failure to state a claim upon which relief may be granted.

omitted) (Emphasis added):

> The FLSA requires employers to pay minimum wages and overtime compensation to nonexempt, i.e. hourly, employees. See 29 U.S.C. §§ 206-207. These requirements do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). While it is the employer who bears the burden of demonstrating that an FLSA exemption applies to an employee, the Court may rely on "'judicial experience and common sense' to determine whether the factual allegations, which are assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679, and applying the 12(b)(6) plausibility standard in the FLSA context).
>
> Here, Plaintiff alleges that she accepted a job offer from Defendants to be IPP's Chief Medical Officer and that she accepted an annual salary of $200,000. According to Plaintiff, Defendants offered to pay her "$10,000 per month for the first three months" and to pay the accrued balance in stock and cash. After the first three months, Plaintiff was to be paid $16,667 per month…
>
> According to Plaintiff's own allegations, she was hired to perform professional functions, and she was to be paid a monthly salary, not an hourly wage. Plaintiff does not even attempt to allege that she was a nonexempt employee. Instead, she argues in her opposition that "[e]xempt employees are still entitled to the benefits of the FLSA if they are paid no minimum wage for 3 months." Plaintiff cites no authority, and the Court has found none, in support of this proposition. **On the contrary, the plain language of 29 U.S.C. § 213 clearly exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the minimum wage provisions of 29 U.S.C. § 206.** Accordingly, the Court finds that Plaintiff has not plausibly alleged a violation of the FLSA's minimum wage provisions.

13. According to the SAC, "Plaintiff is not an exempt employee under the FLSA because he was compensated less than $684 per week, (no administrative or executive exemption applies)…" SAC, at pp. 16-17, ¶¶52, 58. The Court should reject Plaintiff's circular reasoning. *See Arambula v. Irvine Unified Sch. Dist.*, 2016 Cal. Super. LEXIS 32777, at *2 (Cal. Super. Ct. October 21, 2016) (Emphasis added):

> **As the Court understands the exemption**, however - which includes a three part test that considers salary level, salary basis, and employee duties (29 CFR 541.204(a)(1), .200) - **these are not mandating that employers pay employees any particular salary levels if they are exempt.** It appears the exemption tests are used to see if an employee is compensated enough, to not be subject to minimum wage and overtime laws.

Plaintiff's circular reasoning would result in there being no exempt employees. Plaintiff's position is inconsistent with the Department of Labor's description of minimum wage coverage. *See* (Dkt. 15-1) ("The federal minimum wage **for covered** nonexempt employees is $7.25 per hour.").

**Count 2: Breach of Contract**

14. "At will employment is an important and longstanding doctrine in Texas."[15] "Texas law imposes a strong presumption in favor of at-will employment."[16] To overcome the long-standing rule in Texas of employment at will, Plaintiff had to clearly and specifically allege an express agreement to the contrary.[17] Plaintiff failed to do so. *Sapp v. Chamberlain Coll. of Nursing*, 2020 U.S. Dist. LEXIS 120390, at *14 (S.D. Tex. July 9, 2020) ("Neither Rule 9(b) nor Texas law will allow a plaintiff to use bare allegations of fraud to circumvent the at-will nature of an employment relationship.").

15. The Employment Agreement alleged by Plaintiff specifically acknowledges that Plaintiff's "employment with Lottery.com will be at will and for no specific period." SAC, at p. 30.

16. With respect to the relocation expense clause that Plaintiff added to the Employment Agreement (SAC, at p. 30), Plaintiff fails to allege that Lottery.com "approved in advance" any expenses, or that Plaintiff complied with the requirement to "provide Lottery.com with (3) three vendor quotes… for such services." *Id.* Therefore, Plaintiff has failed to allege that Lottery.com was required to perform. *Shipping & Fin., Ltd. v. Aneri Jewels LLC*, 2019 U.S. Dist. LEXIS 181780, at *9 n.1 (S.D.N.Y. Oct. 21, 2019):

> SFL cannot maintain a breach of contract claim for Aneri's failure to pay its out-of-pocket and travel expenses because the complaint fails to allege not only any such expenses, but also that SFL "s[ought] approval for [them]," as the Agreement requires.

17. Whatever rights Plaintiff claims the at-will Employment Agreement provides on salary,

---

[15] *Rieves v. Buc-EE's LTD*, 532 S.W.3d 845, 850 (Tex App.—Houston [14 Dist.] 2017, no pet.) (Observing that "Texas has zealously guarded against any erosion of the at-will employment doctrine.").

[16] *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 866 (5th Cir. 1999).

[17] *Brown v. Sabre, Inc.*, 173 S.W.3d 581, 585 (Tex. App.—Fort Worth 2005, no pet.).

Plaintiff was constructively terminated when he did not receive the first bi-weekly pay period Plaintiff alleges Lottery.com missed (July 22, 2022). SAC, at p. 5, ¶12 & p. 17, ¶56. Although Plaintiff maintains he was not "furloughed,"[18] Plaintiff knew immediately, and continually, that he would only be paid for work as an employee if the fortune of Lottery.com turned around.[19] *See Traweek v. Global Solutions & Logistics LLC*, 2015 U.S. Dist. LEXIS 98098, at *15 (N.D. Ala. July 28, 2015):

> assuming that Traweek was still employed following the January 17th meeting, Global's failure to pay his wages can, in itself, be considered an "adverse employment action."
>
> *See, e.g., Penn. State Police v. Suders*, 542 U.S. 129, 134, 124 S. Ct. 2342, 159 L. Ed. 2d 204 (2004) (stating that "an extreme cut in pay" can, under some circumstances, provide a basis for alleging constructive discharge); *Bass v. Bd. of Cnty. Comm'rs*, 256 F.3d 1095, 1118 (11th Cir. 2001) (stating in a Title VII case that an adverse employment action can be "conduct that alters the employee's compensation")

---

[18] SAC, at p. 7, ¶17. A furlough is a form of lay-off. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 287 & n. 11, 66 S. Ct. 1105, 90 L. Ed. 1230 (1946).

[19] *See*:

| Date | Event | SAC |
|---|---|---|
| July 29, 2022 | Lottery.com files Form-8K, giving notice that it does not currently have sufficient financial resources to fund its operations or pay certain existing obligations, including its payroll and related obligations. | p. 6, ¶16 |
| July 29, 2022 – August 12, 2022 | Lottery.com didn't know when payroll would be back up and running | p. 7, ¶19 |
| August 16, 2022 | Lottery.com filed a Form 10-Q stating that on July 28, 2022, the Board determined that the Company did not have sufficient financial resources to fund its operations or pay certain existing obligations, including its payroll and related obligations | p. 7, ¶20 |
| October 11 & 12, 2022 | Lottery.com unable to make payments until $2.5mil financing received | p. 8-9, ¶26 |
| December 12, 2022 | Lottery.com unable to pay Plaintiff until "Company revitalizes itself" | p. 10, ¶34 |
| March 29, 2023 | Lottery.com unable to pay "members of the team" until the company resolves its current state of insolvency" | p. 11, ¶38 |
| April 23, 2023 | Plaintiff made request for payment that "never came into fruition" | p. 11, ¶39 |
| April – July 2023 | Plaintiff told payroll would start back up if he "completed work," Plaintiff continued working, but Lottery continually failed to pay | p. 22, ¶75 |

Assuming the other defects in the SAC weren't fatal to Plaintiff's contract claim, Plaintiff has no enforceable contract for wages after that first unpaid two-week pay period.

18. The Employment Agreement contains an entireties clause. SAC, at p. 32. Because Lottery.com made no promises to do anything else for Plaintiff, Lottery.com could not have breached any contract. *Buford v. Walton Tex., LP*, 2024 U.S. Dist. LEXIS 96877, at *15 (W.D. Tex. May 31, 2024).

19. Alternatively, any contractual claim by Plaintiff for anything promised after the date of the March 9, 2022, Employment Agreement fails for lack of consideration. *Robnett v. BrightClaim, LLC*, 2020 U.S. Dist. LEXIS 162464, at *5 (S.D. Tex. September 4, 2020).

**Count 3: Common Law Fraud and Fraud in the Inducement**

20. The misrepresentations that Plaintiff attributes to Lottery.com are not actionable. SAC, at pp. 12; & 20-23:

- Katie Lever, Chief Legal Officer. (i-ii) Non-actionable opinion/legal opinion.
- Ryan Dickinson. (i) Non-actionable opinion; (ii) Statement made after expense incurred. No inducement. No reliance; Barred by Employment Agreement.
- Richard Kivel. Statement was conditional on future events and uncertain.
- Dennis Ruggeri. Too vague[20] or general and relate to future events.
- Mark Gustavson. Too vague or general and relate to future events. No inducement/reliance.
- Matt McGahan. Statement made after representations complained about. No inducement. No reliance. Statement was conditional on future events and uncertain.
- Sohail Quraeshi. Statement depended on conditional events and uncertain.
- Amar Ali. Question asked. Not a statement of existing fact or a promise. Made during time period Plaintiff was adverse to Lottery.com on the claims made in this Case. No reliance on litigation adversary.
- Harry Dhaliwal Too vague or general, was conditional on future events and uncertain.
- Rob Stubblefield. Too vague or general, was conditional on future events and uncertain. Made during time period Plaintiff was adverse to Lottery.com in this Case. No reliance on litigation adversary. July 2024 time impossible, as proposed SAC filed on June 26, 2024 (Dkt. 34).

[20] "Vague statements" are "not sufficiently certain to support a fraud cause of action." *Livingston v. Shaffer*, 2023 Tex. App. LEXIS 825, at * (Tex. App.—Fort Worth February 9, 2023, no pet.) (When Plaintiff left it "unclear what exactly [the defendant] meant… [plaintiff's fraud] cause of action ha[d] 'no arguable basis in law'"). Reassuring statements" are "general statements of good intentions" falling short of actionable fraud. *Woodnotch Farms Inc. v. Agri-Mark, Inc.*, 2024 U.S. Dist. LEXIS 50921, at *20 (D. Vt. February 2, 2024); See generally, 37 Am Jur 2d Fraud and Deceit §32 (Necessity of false representation in action for fraud; definiteness) ("To constitute the basis of fraud, the representations must be definite and not mere general statements uncertain in their character.").

Plaintiff fails to allege: 1) that these statements are false or how they were recklessly made and if so, why they are false; 2) how any of these statements were relied on; 3) what Plaintiff gave up as a result; and 4) what Lottery.com received as a result. Plaintiff fails to provide specific times that the statements were made, giving four to five-month ranges for the date of some of the representations. Plaintiff fails to identify the specific means of transmission, alleging with respect to **every** representation: "WHERE: Verbal conversations, text messages and e-mails." SAC, at pp. 20-23. These failures to plead with particularity require dismissal of Plaintiff's fraud claims. *U.S. Enercorp, Ltd. v. SDC Mont. Bakken Expl.,* 2014 U.S. Dist. LEXIS 93660, at *26-27 (W.D. Tex. July 10, 2014):

> The Court finds that Shapiro failed to allege with sufficient particularity the circumstances constituting the fraudulent inducement as required by Federal Rule of Civil Procedure 9(b). Shapiro fails to identify who specifically made these representations, where the representations were made, or why or how the statements were fraudulent. Shapiro's allegations that Enercorp, Gates, SDC, and Dedmon "represented" certain fraudulent inducements fail to identify what specific statements were made in the representation, who made each of these representations, how each representation was made, and when each representation was made. Shapiro cannot even narrow the timeframe in which these statements were made to smaller than an eighteen-month window. The pleading does not explain whether these representations to Shapiro were made independently of one another, at the same time, at the same place, or in the same method of communication.
>
> Therefore, the Court finds that the claim for fraudulent inducement as alleged against the Dedmon Entities must be DISMISSED…

*In re iPhone 4s Consumer Litig.*, 637 Fed. Appx. 414, 416 (9th Cir. 2016) (Emphasis added):

> The district court did not err in finding that Plaintiffs failed to meet the heightened pleading requirements of Rule 9(b) when Plaintiffs failed to describe how and why Apple's statements were fraudulent or misleading… In pleading fraud or misrepresentation a plaintiff "**must** state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this standard a plaintiff **must** allege the "who, what, where, when, and how" of the misconduct and explain what is false or misleading about the statement made and why it is false.

21. Plaintiff's complaints about representations occurring **after** Plaintiff's Employment Agreement (March 9, 2022)[21] fail to state a plausible claim and must be dismissed. *Halper v. Univ. of the Incarnate Word*, 90 S.W.3d 842, 847 (Tex. App.—San Antonio 2002, no pet.):

[21] *See* SAC, at p. 29-33.

> Texas courts have drawn a distinction based on the timing of the alleged misrepresentation. If the alleged misrepresentation was made after the employee began employment, the employee's at-will status will preclude a fraud claim; however, if the alleged misrepresentation was made before the employee commenced employment, the fraud claim is not barred.

*Studer v. Moore*, 2021 Tex. App. LEXIS 1209, at *4 (Tex. App.—Houston [14th Dist.] Feb. 18, 2021, no pet.) ("[A]n at-will employee cannot bring fraud claims that depend on continued employment.").

22. Plaintiff's complaints about representations occurring **after** Plaintiff's claims arose (March 30, 2023)[22] fail to state a plausible claim and must be dismissed. *AKB Hendrick, LLP v. Musgrave Enters.*, 380 S.W.3d 221, 232 (Tex. App.—Dallas 2012, no pet.) ("Generally, reliance on representations made in a business or commercial transaction is not justified when the representation takes place in an adversarial context."). 63% of the amount of salary Plaintiff seeks is for time allegedly employed by Lottery.com **after** Plaintiff initiated arbitration against Lottery.com (that is now the subject of this Case), accusing Lottery.com of fraud. *See* SAC, at p. 14, ¶50. Fraud is a serious allegation.[23] The claims Plaintiff ultimately made in this Case cast Plaintiff and Lottery.com in an adversarial context because a "characteristic of litigation" is its "adversarial nature." *Coma v. United States*, 2022 U.S. Dist. LEXIS 141662, at *6-7 (M.D. Pa. August 9, 2022); *See also Zamora v. GC Servs., LP*, 2018 U.S. Dist. LEXIS 244730, at *1 (W.D. Tex. November 21, 2018) ("The Court reminds Mr. Zamora that a lawsuit is an adversarial proceeding…").

23. The SAC further negates the reasonable reliance element of fraud because since Plaintiff

---

[22] Plaintiff's adversity to Lottery.com existed on (and most certainly **before**) March 30, 2023, the date Plaintiff started the arbitration process against Lottery.com. SAC, p. 11, ¶39.

[23] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) ("[A] lawsuit containing the serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending."); *McNeill v. Butz*, 480 F.2d 314, 320 (4th Cir. 1973); ("The charges smack of deliberate fraud. These relatively serious accusations in effect allege dishonesty and thereby impugn plaintiff's good name, reputation, honor, and integrity."); *cf. Morales-Carrera v. Ashcroft*, 74 Fed. Appx. 324, 325, 2003 U.S. App. LEXIS 15208 (5th Cir. 2003) (Fraud is a crime involving moral turpitude).

was an at will employee, Plaintiff is barred from complaining about any of Lottery.com's future conduct. *See Allamon v. Acuity Specialty Products, Inc.*, 877 F.Supp.2d 498, 523-524 (E.D. Tex. 2012) ("because she is an at-will employee, she is barred under Texas law from asserting fraudulent inducement claims"); *Hinds v. Orix Cap. Markets, L.L.C.*, 2003 U.S. Dist. LEXIS 15942, at *20 (N.D. Tex. Sept. 11, 2003) ("The promise of at-will employment provides no guarantees as to the employer's future conduct and, as such, does not provide a reasonable basis for reliance."); *See Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373, 379-80 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (Plaintiff's "status as an at-will employee preclude[d] his claim for fraudulent inducement as a matter of law"): *PAS, Inc. v. Engel*, 350 S.W.3d 602, 612-13 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (Employee's at-will status precludes a fraud claim as a matter of law because the employee cannot establish detrimental reliance which is an essential element of a fraud claim).

24. Last, because Plaintiff's fraud claims revolve around the Employment Agreement, Plaintiff's fraud claims are barred by the economic loss rule. *Homeland Ins. Co. of N.Y. v. Clinical Pathology Labs., Inc.*, 2021 U.S. Dist. LEXIS 145626, at *22-23 (W.D. Tex. August 4, 2021) (Pitman, J.) ("Because Homeland's claim depends on the existence and enforceability of the 2017 Policy, it revolves around the insurance policy between the parties and is thus barred by the economic loss rule.").

**Count 4: Quantum Meruit/Unjust Enrichment**

Not enough law. Not enough facts. = Not Fair Notice

25. The SAC, at p. 25-26, fails to allege enough facts to state a facially plausible claim for quantum meruit.[24] Plaintiff alleges "render[ing] valuable sales services to Defendant by participating in

[24] Plaintiff also failed to allege all the elements of quantum meruit. *Compare*:

management of Defendant s [*sic*] business." SAC, at p. 25, at ¶82. Defendant concludes that he is "entitled to recover the reasonable value of his management services." *Id.* General and conclusory references to "valuable services"[25] and "management"[26] without any specifics about the tasks performed does not sufficiently state a claim for quantum meruit. *Dynamic Robotic Sols., Inc. v. Simwon Tech., Inc.*, 2024 U.S. Dist. LEXIS 120801, at *23 (W.D. Tex. July 10, 2024) (Dismissing quantum meruit claim):

> Plaintiff's allegations are conclusory. Plaintiff simply states it "furnished valuable services to Defendants by providing additional labor and materials to support the Texas Project that were necessitated by Defendants' failure to provide the parts, data, and information required for adequate testing and installation of the Systems." …Plaintiff has not specifically alleged "what, when, or how" valuable services were rendered… and how Defendant accepted and enjoyed the services. *See Provision Group, Inc. v. Crown Toxicology, Ltd.*, No. 5:16-CV-1291-DAE, 2017 U.S. Dist. LEXIS 226644, 2017 WL 11221433 (W.D. Tex. Oct. 19, 2017) (dismissing quantum meruit claim because Plaintiff alleged brief factual allegations couched as legal conclusions)).

| Second Am. Complaint (Dkt. 35), at p. 25, ¶83 | *Hill v. Shamoun & Norman*, LLP, 544 S.W.3d 724, 732-33 (Tex. 2018). |
|---|---|
| The elements of an action for quantum meruit are: (a) the Plaintiff provided valuable services or materials; (b) the services or materials were provided for the Defendant; (c) the Defendant accepted the services or materials; and (d) the Defendant had reasonable notice that the plaintiff expected compensation for the services or materials. | To recover under a quantum-meruit claim, a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, **and were used and enjoyed by him**; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid **by the person sought to be charged**. |

[25] *See In re SpecAlloy Corp.*, 582 B.R. 801, 807 (Bankr. M.D. Ala. 2018) ("Neither the Court nor the Trustee is obliged to accept Audientis' vague and conclusory assertion that valuable services were rendered at face value.").

[26] *See Lotfi v. Star Career Acad.*, 2017 U.S. Dist. LEXIS 59125, at *14 (S.D.N.Y. Mar. 23, 2017). ("Lotfi's allegation that Quad was involved in Star's 'day to day management,' SAC ¶ 59, is conclusory and therefore does little to help her.").

*Zimnicki v. Krysiak Constr. Corp.*, 2022 U.S. Dist. LEXIS 166317, at *22-23 (E.D.N.Y. Sept. 14, 2022):

> Plaintiffs set forth only vague and conclusory allegations regarding the "reasonable value for these services" and they fail to allege the "reasonable value" of the services they rendered to Ms. Krysiak. *See, e.g., Singerman v. Reyes*, 240 A.D.2d 335, 336, 659 N.Y.S.2d 762 (1st Dep't 1997). Further, plaintiffs have failed to plead how the "reasonable value" for the services they provided could be calculated. Plaintiffs also fail to plead where the applicable hourly rate can be found or how it can be calculated.
>
> Plaintiffs' allegations are insufficient to state a quantum meruit claim. *See DeSilva*, 2012 U.S. Dist. LEXIS 30597, 2012 WL 748760, at *9 ("vague and conclusory allegations regarding services [] provided" and "the reasonable value" for them failed to state quantum meruit claim) (citing *Singerman*, 240 A.D.2d at 336); *see also Hajny v. Best Roofing of New Jersey, Inc.*, No. 11 CIV. 00173, 2011 U.S. Dist. LEXIS 67763, 2011 WL 2493737, at *7 (S.D.N.Y. June 22, 2011) (dismissing quantum meruit claim where plaintiffs failed to allege the reasonable value of services rendered to defendants). Accordingly, this Court recommends dismissal of plaintiffs' claim for quantum meruit.

*Accord Law Offices of John L. Juliano, P.C. v. Jensen*, 673 F. App'x 291, 294 (4th Cir. 2016) (Complaint failed to provide "fair notice" of quantum meruit for services because it did not identify any work Plaintiff had performed); *Cf. Johnson v. Luchin*, 2012 Tex. App. LEXIS 8055, at *4 (Tex. App.—Houston [14th Dist.] Sep. 25, 2012, no pet.) (To recover in quantum meruit, a party must provide specific evidence about the fair market value of each discrete task performed).

Show me the "No Money"
Plaintiff failed to adequately allege nonpayment

26. An essential allegation for recovering in quantum meruit is nonpayment for the beneficial services provided. *See Hill v. Shamoun & Norman*, 544 S.W.3d 724, 741 (Tex. 2018); *Cf. Il Ventures, LLC v. Factory 14 Uk Acquisition VI Ltd.*, 2023 U.S. Dist. LEXIS 226718, at *14-15 (W.D. Tex. December 20, 2023) (Lane, Mag.) *adopted by* 2024 U.S. Dist. LEXIS 2528 (W.D. Tex., Jan. 5, 2024) (Pitman, J.) (Finding quantum meruit adequately pleaded when Plaintiff alleged that "Defendants accepted benefits from Plaintiffs without compensating Plaintiffs"). Yet Plaintiff doesn't say that Lottery.com did not compensate Plaintiff. Instead, Plaintiff complains about not being paid at a biweekly salary totaling $250,000.00 per year. *See e.g.*, SAC, at pp. 25-26, ¶¶84-85 (Emphasis added) ("Plaintiff was not properly compensated for his work **at the applicable salary** that he contracted to earn.").

No enchilada to chew, when you eschew
Plaintiff eschews the limits of compensation under quantum meruit

27. The measure for recovery in quantum meruit is the reasonable value of the services provided.[27] By seeking recovery in quantum meruit for an amount based on agreed salary, Plaintiff's request for quantum meruit fails to state a legally cognizable claim. *Cf. O.C.T.G., LLP v. Laguna Tubular Prods. Corp.*, 557 S.W.3d 175, 202 (Tex. App.—Houston [14th Dist.] 2018, pet. dism'd by agr.) ("Laguna points to evidence of amounts charged or paid as evidence of reasonable expenses. But this evidence does not necessarily reflect the reasonableness of those amounts because parties operating in a freedom-of-contract realm can agree to pay amounts that are unreasonable."). Had Plaintiff followed the wisdom of the Texas Tornadoes,[28] perhaps Plaintiff could have stated a plausible claim. Refusing to stay within the limits of the law now leaves Plaintiff with nada on his quantum meruit/unjust enrichment claims. *Koeller v. Numrich Gun Parts Corp.*, 675 F. Supp. 3d 260, 270 n.5 (N.D.N.Y. 2023) ("the plaintiff must also plead cognizable damages to survive a defendant's motion to dismiss under Rule 12(b)(6)."); *Burns v. Stratos*, 581 F. Supp. 3d 687, 696 (E.D. Pa. 2022) *aff'd* 2023 U.S. App. LEXIS 14854 (3d Cir. Pa., June 15, 2023) (Dismissing claims seeking benefit of the bargain damages on causes or action where that measure of damages was unavailable); *Hassan v. Facebook, Inc.*, 2019 U.S. Dist. LEXIS 122803, at *9 (N.D. Cal. July 23, 2019) ("Plaintiffs must plead legally cognizable

---

[27] *In re Palms at Water's Edge, L.P.*, 334 B.R. 853, 857-58 (Bankr. W.D. Tex. 2005) (Citations omitted):

> The measure of recovery in a quantum meruit action is the reasonable value of services rendered and materials furnished. In determining what is reasonable under the circumstances, the end accomplished, as well as the time and effort expended, should be taken into consideration. The test for the value of services under quantum meruit is not the value of the services to the defendant, but what would be the usual, reasonable and customary compensation for such services.

[28] Texas Tornadoes, *Little Bit is Better than Nada*, on *4 Aces* (Reprise Records 1996):

> A little bit is better than nada
> Sometime you want the whole enchilada
> A little bit is better than nada
> A little bit or nothin' at all

contract damages to state a contract claim. Because they have not done so, Claim Three is dismissed…").

<u>You're not that innocent. Plaintiff pleads themself out of Court on equitable claims</u>

28. Plaintiff's specific allegations have pleaded Plaintiff out of court on quantum meruit/unjust enrichment. First, Plaintiff pleaded themself out of Court for any recovery accruing after **March 30, 2023**, the date Plaintiff initiated arbitration against Lottery.com (SAC, p. 11, ¶39), because Plaintiff unmistakably knew – by at least the date Plaintiff initiated arbitration – that Lottery.com: 1) was not paying Plaintiff; 2) never intended to pay Plaintiff; and 3) kept asking Plaintiff to work but wasn't going to pay Plaintiff. *See supra* at n.19. Therefore, all quasi contract and equitable theories of recovery are barred by virtue of that knowledge and Plaintiff cannot state a claim upon which relief can be granted for any compensation thereafter. *West Teleservices, Inc. v. Carney*, 75 S.W.3d 455, 460 (Tex. App.—San Antonio 2001, no pet.). ("no recovery can be had in quantum meruit where the plaintiff 'had actual knowledge and understanding prior to' performing the services in question that he or she would not receive compensation."); *See generally Twp. of Middletown v. Simon*, 937 A.2d 949, (N.J. 2008) (Emphasis added) (When a Plaintiff is not "innocent" (*i.e.* of the belief that Plaintiff will be paid) that Plaintiff is "deemed to officiously confer a benefit and may not recover."). Moreover, one of Plaintiff's earlier statements negates any claims for quantum meruit/unjust enrichment occurring since **July, 2022** relating to compensation. *Plaintiff's Response in Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss* (Dkt. 14), at p. 10 (Emphasis added) ("**It is clear by Defendant's**… **actions since July 2022** to present that Defendant never had any intention to compensate Plaintiff and continue to use his services without any intent to fairly compensate Plaintiff.").

<u>No cause of action for concern</u>

29. As a threshold issue, the Court can dismiss Plaintiff's unjust enrichment claim because unjust enrichment is not a "distinct" or independent cause of action. *Midwestern Cattle Mktg., L.L.C. v. Legend*

*Bank, N.A.*, 999 F.3d 970, 972 (5th Cir. 2021); *Nickel Bridge Cap., LLC v. Hendrickson*, 2024 U.S. Dist. LEXIS 73091, at *18 (S.D. Tex. April 22, 2024) (Dismissing unjust enrichment claim pursuant to *Midwestern Cattle* because unjust enrichment is not a distinct cause of action under Texas law).

<u>No Unjustness. No Piece.</u>

30. SAC, at p. 25, ¶82, mentions unjust enrichment ("Defendant is liable to Plaintiff for unjust enrichment") without any further discussion of its elements.

31. "Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." *King v. Baylor Univ.*, 46 F.4th 344, 367 (5th Cir. 2022). This occurs in one of three ways:

> A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by [1] fraud, [2] duress, or [3] the taking of undue advantage.

*Padua v. Jason A. Gibson*, P.C., 2023 Tex. App. LEXIS 4833, at *13 (Tex. App.—Houston [14th Dist.] July 6, 2023, pet. filed); *Elias v. Pilo*, 781 Fed. Appx. 336, 338 (5th Cir. 2019) (same). The SAC is twenty-one pages but does not contain the word "unconscionable."

32. Plaintiff was required to plead unjust enrichment with particularity. *Aponte v. Wyndham Vacation Resorts, Inc.*, 2016 U.S. Dist. LEXIS 141608, at *14-15 (W.D. Tex. October 12, 2016):

> plaintiffs do not sufficiently allege facts that Wyndham obtained a benefit by fraud, duress, or the taking of an undue advantage. While there is no doubt that plaintiffs conclude these things, the complaint does not include a factual recitation that meets the requirements of Fed. R. Civ. P. 8 and 9.

*See also Paige-Hull v. Wofford*, 2008 U.S. Dist. LEXIS 70987, at *25 (N.D. Tex. Sept. 17, 2008) (Duress is a closely related species of legal fraud); *Am. United Life Ins. Co. v. Mays*, 2017 U.S. Dist. LEXIS 120031, at *15 (E.D. Va. July 31, 2017) ("Defendant Whitney has not pled all the elements of duress, let alone with the particularity required by Rule 9(b) and Virginia law."); *Vaughn v. World Sav. Bank, FSB*, 2013 U.S. Dist. LEXIS 66630, at *6 (C.D. Cal. February 22, 2013).

33. The Court should dismiss Plaintiff's unjust enrichment claim because Plaintiff failed to plead

specific plausible facts showing: 1) that Lottery.com obtained a benefit by fraud, duress or the taking of undue advantage;[29] and 2) how this occurred.

**Conclusion**

"[W]hen a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted."[30] Weighing *Plaintiff's Second Amended Complaint* (Dkt. 36) for legal sufficiency under Fed. R. Civ. P. 12(b)(6) reveals that it lacks a single plausible claim for relief.

Despite being disfavored, "Fed. R. Civ. P. 12(b)(6) motions are valuable procedural tools… to eliminate fruitless litigation, saving litigants and the judiciary much time, effort, and expense."[31] "The purpose of Rule 12(b)(6) motion is to allow the court to eliminate lawsuits that are fatally flawed in their legal premises and destined to fail, sparing litigants the burdens of unnecessary pretrial and trial activity."[32] "The purpose of a 12(b)(6) motion to dismiss is to dispose of suits when plaintiffs fail 'to give the defendant fair notice of what the claim is and the grounds upon which it rests.'").[33]

This was Plaintiff's third attempt to state a claim against Lottery.com. *See McNeill v. Brady*, 1991 U.S. Dist. LEXIS 11084, at *3 (D.D.C. Aug. 6, 1991) ("Litigation must not be allowed to become the carnival game of "pitch 'till you win.'"). Despite having the benefit of Lottery.com's briefing, and feedback from the Court at oral argument on the sufficiency of Plaintiff's previous Complaint, Plaintiff has failed again to state a claim upon which relief can be granted. Therefore, the Court fulfills the

---

[29] Plaintiff's claim for unjust enrichment fails to meet even a Rule 8 pleading standard. *Shanghai Hailian Elec. Tools Co. v. Home Depot U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 146919, at *2 (N.D. Tex. Sept. 12, 2017) (Plaintiff failed to plead an unjust enrichment claim because it did not allege that Defendant obtained a benefit from it by fraud, duress, or the taking of an undue advantage).

[30] *G&G Closed-Circuit Events v. Houston Hobby Invs., Inc.*, 59 F. Supp. 3d 781, 784 (N.D. Tex. 2014).

[31] *In re Mr. Goodbuys of New York Corp., Inc.*, 164 B.R. 24, 27 (Bankr. E.D.N.Y. 1994).

[32] *D.R. v. Devereux Adv. Behav. Health*, 2019 U.S. Dist. LEXIS 65419, at *7-8 (S.D. Tex. April 17, 2019).

[33] *Dominguez v. Target Corp.*, 2019 U.S. Dist. LEXIS 32121, at *29 (S.D. Tex. Feb. 8, 2019).

purpose of Rule 12(b)(6) by granting this Motion and dismissing with prejudice all claims contained in the SAC.

**Prayer**

Defendant Lottery.com, Inc. requests that the Court sign and cause to be entered an order dismissing with prejudice all claims contained in *Plaintiff's Second Amended Complaint* (Dkt. 36). Alternatively, Lottery.com requests that the Court dismiss each claim alleged by Plaintiff that the Court finds legally insufficient under Fed. R. Civ. P. 12(b)(6). Alternatively, Lottery.com asks the Court to dismiss portions of claims for the periods after which recovery is barred. Lottery.com requests any other relief to which it is justly entitled under Fed. R. Civ. P. 12(b)(6).

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
ATTORNEY FOR PLAINTIFF

Andrew R. Korn
ANDREW R. KORN