**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS,** | **§** | |
| **Plaintiff,** | **§** | |
| **v.** | **§** | |
| | **§** | **1:23-CV-1081-RP** |
| **LOTTERY.COM, INC. d/b/a** | **§** | |
| **SPORTS.COM, INC.,** | **§** | |
| **Defendant.** | **§** | |

**ORDER**

Before the court is Plaintiff's Unopposed Motion to Exceed Page Limitations in His Response to Defendant's 12(b)(6) Motion to Dismiss (Dkt. 39).

"Federal courts are vested with the inherent power to manage their affairs so as to achieve the orderly and expeditious disposition of the cases." *Burden v. BTI Employee Screening Serv.*, 248 F.3d 1138, at *1 (5th Cir. 2001) (per curiam) (unpublished) (internal quotation marks omitted) (citing *Chambers v. NASCO*, 501 U.S. 32 (1990)). "Fed. R. Civ. P. 83 permits the establishment of local rules, and 83(b) expressly permits a federal judge to regulate practice in any manner consistent . . . local rules of the district." *Id.* (internal quotation marks omitted) (citing *Carroll v. The Jaques Admiralty Law Firm*, 110 F.3d 290 (5th Cir. 1997)). Local Rule CV-7(d)(3) limits "a response to a discovery or case management motion [] to 10 pages and a response to other motions [] to 20 pages."

Plaintiff seeks leave to exceed the page limitation by 20 pages. But "nothing in the proposed brief indicates that the case raises novel issues requiring extensive briefing." *Lee v. Metrocare Servs.*, Civil Action No. 3:13-CV-2349-O, 2015 U.S. Dist. LEXIS 198558, at *4 (N.D. Tex. 2015) (citing *Gulf Petro Trading Co. Nigerian Nat. Petroleum*, 233 F.R.D. 492, 493 (E.D. Tex. 2005) (noting that because the case did not raised novel issues, the defendants' brief in support

of motion to dismiss needed not be extensive)). This case presents a handful of causes of action, including breach of contract, which in the court's experience do not require extensive briefing. Furthermore, a cursory review of Plaintiff's Response (Dkt. 38) revealed multiple instances of verbatim recitations and the decision to not employ shortened citations.

Accordingly, Plaintiff's Motion is **DENIED**.

Plaintiff shall file a Response by 12:00 p.m. Central Prevailing Time on Friday, August 16, 2024. Plaintiff may exceed the 20-page limit by five pages. Plaintiff is expressly warned that the revised Response **may not include** any argument not asserted in the current delinquent filing.

Defendant shall file a notice by 5:00 p.m. Central Prevailing Time that same day, Friday, August 16, 2024, indicating whether Defendant stands on its Reply as filed or whether it will submit a revised Reply. If Defendant elects to file a revised Reply, the revised Reply shall be due at or before 12:00 p.m., noon, Central Prevailing Time on Wednesday, August 21, 2024. Defendant may exceed the page limitation by five pages.

SIGNED August 14, 2024.

MARK LANE
UNITED STATES MAGISTRATE JUDGE