**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **1:23-CV-1081-RP** |
| | § | |
| **LOTTERY.COM, INC.,** | § | |
| **Defendant.** | § | |

**Lottery.com, Inc.'s Reply regarding Motion to Dismiss for Failure to State a Claim**

1. Defendant Lottery.com, Inc. ("Defendant" or "Lottery.com) replies to *Plaintiff's Corrected Response in Opposition to Defendant's Rule 12(B)(6) Motion to Dismiss* (Dkt. 41) ("Corrected Response").[1]

Plaintiff's failure to respond to Lottery.com's arguments requires dismissal.

2. By failing to respond to the substance of many arguments contained in *Defendant Lottery.com, Inc.'s Motion to Dismiss for Failure to State a Claim* (Dkt. 36) ("Motion"), Plaintiff abandoned any opposition to the Motion on their four remaining claims.[2]

The Corrected Response violates the Local Rules and the Order (Dkt. 40)

Plaintiff stacked and packed the pages of the Corrected Response
to avoid the Court's 25-page limitation.

3. The Original Response was effectively 43 pages and contained approximately 13,632 words,

[1] Plaintiff names the following four causes of action: 1) 29 U.S.C. §206(a) minimum wages; 2) breach of contract; 3) common law fraud and fraud in inducement; and 4) quantum meruit/unjust enrichment. *See Second Amended Complaint* (Dkt. 35) ("SAC"), at pp. 16-26.

[2] *See Grace v. Texmex Rainey, LLC*, 2023 U.S. Dist. LEXIS 104060, at *10 (W.D. Tex. June 15, 2023 (Howell, Mag.) *adopted by* 2023 U.S. Dist. LEXIS 116628 (W.D. Tex., July 7, 2023) ("Failure to respond to an argument in a motion to dismiss constitutes a forfeiture of that issue at the district court."); *E-Dealer Direct v. Bank of Am., N.A.*, 2021 U.S. Dist. LEXIS 99011, at *21 (W.D. Tex. May 25, 2021); *Medina v. Parkside Lending LLC*, 2020 U.S. Dist. LEXIS 130815, at *10 (W.D. Tex. July 23, 2020) (Austin, Mag.) *adopted by* 2020 U.S. Dist. LEXIS 243234 (W.D. Tex. November 17, 2020) (Citations omitted)("Failure to respond to an argument in a motion to dismiss constitutes waiver of that issue at the district court. By failing to address this argument, Plaintiffs abandoned these claims. Defendants are, therefore, entitled to dismissal with prejudice of these claims.").

approximately 13,469 of which were in portions subject to Local Rule limitations. (Dkt. 38). The Court Ordered a Corrected Response to be no more than 25 pages. (Dkt. 40). This is a content reduction of approximately 42%. Plaintiff's Corrected Response was effectively 24 pages and contained approximately 10,112 words, approximately 9,878 of which were in portions subject to Local Rule limitations (Dkt. 41). This is only a 26% reduction in words. The amount of words per page in the Corrected Response increased 28% from the Original Response.

Plaintiff used single spacing to improperly stack
substantive content into the Corrected Response.

4. Local Rule CV-10(a) requires that submissions be in double-spaced format, although "headings, footnotes, and quotations more than two lines long may be single-spaced." Since style guides indicate a preference for lists in single-spaced format,[3] Lottery.com takes no issue with Plaintiff's abuse of this convention at Corrected Response, pp. 17-20. However, by employing large amounts of single spacing in other parts of the Corrected Response – sometimes exceeding half a page[4] – Plaintiff violated Local Rule CV-10(a). Plaintiff used bulk single spacing solely to make the 25-page limit ordered by the Court in (Dkt. 40).

Plaintiff used condensed character spacing to improperly pack
substantive content into the Corrected Response.

5. The undersigned converted (Dkt. 38) and (Dkt. 41) to WORD format and using the *Compare* tool through Microsoft Word included in Microsoft 365 MSO (Version 2407 Build 16.0.17830.20056) (64-bit) enabling him to see all Plaintiff's reformatting, insertions and deletions between (Dkt. 38) and (Dkt. 41). This comparison revealed that Plaintiff condensed character spacing throughout the

---

[3] *See* Bryan A. Garner *Garner on Language and Writing*, p. 100-101 (2009) ("Use bullets for lists as needed… Single-Space bulleted text…"); *See also* Tex. R. App. P. 9.4(d) Spacing. ("Text must be double-spaced, but footnotes, block quotations, short lists, and issues or points of error may be single-spaced.").

[4] *See e.g.*, Corrected Response, at pp. 15, 22.

document ranging from (-.01) through (-.045). It is unknown exactly how much space this saved Plaintiff. However, Plaintiff's selection of condensed text was intended to exceed the space limitation imposed by the Court in (Dkt. 40). *See Pyzynski v. Thomas & Betts Corp.*, 2017 U.S. Dist. LEXIS 232257, at *2-3 (M.D. Fla. Nov. 16, 2017) (Filings failed to comply with the Court's Local Rules in relation to formatting):

> Both the 20-page response and the motion to strike are in a condensed or narrow font. *See* Docs. 58; 59. Pursuant to the Case Management and Scheduling Order, Plaintiff was limited to a 20-page response. Doc. 21. Local Rule 1.05 specifies the format requirements of the response — and all other filings in this case — and requires "at least 12-point type." The undersigned finds that the use of a narrow or condensed font is a violation of Local Rule 1.05. Using such a font potentially allows a party to comply with the letter of the Local Rule, by using a 12-point narrow or condensed font, but is a violation of the underlying purpose and spirit of the Local Rule. It allows for more words per line and per page than a traditional font and results in a much less legible filing, doing no service to the party and further complicating the Court's work.

Plaintiff's compaction of text into 25 pages was not meaningfully better for Lottery.com than responding to the original 43-page Response. The format of the Corrected Response leaves it even harder to follow. *Cf. Lawrence Albert Sweet v. Brown County. Sheriff's Dep't,* 2024 U.S. Dist. LEXIS 120812, at *4 (E.D. Wis. July 10, 2024) ("plaintiff's single-spaced, handwritten pages are difficult to read because there are no breaks and no blank space."); *Shepherd v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 14236, at *1 (D. Colo. February 7, 2012) (Stating that a complaint was "hard to decipher," *inter alia*, because it is single-spaced"); *Culp v. Jones*, 2010 U.S. Dist. LEXIS 53309, at *2 (D. Colo. May 10, 2010) ("One reason the amended complaint… is difficult to read is because the amended complaint is single-spaced").

The time for a "stinging rebuke" and "lecture on the importance of the Local Rules" is over. <u>A "Stiff sanction" for intentional violation of Local Rules requires striking the Corrected Response</u>.[5]

6. Because Plaintiff's counsel has repeatedly chosen to violate the Local Rules, and intentionally

[5] *Molokai Chamber of Comm. v. Kukui (Molokai), Inc.*, 161 F.R.D. 426, 429-430 (D. Haw. 1995) (Ezra, J.).

chosen to violate the *Order* (Dkt. 40) to gain an advantage over Lottery.com,[6] Lottery.com requests that the Court strike the Corrected Response or otherwise disregard its content. *See Dohrmann v. Swaney*, 2020 Ill. App. Unpub. LEXIS 390, at *15-16 (March 10, 2020) (Citations omitted):

> By improperly condensing the text of his brief in this way, Dohrmann has been able to fit more facts and arguments into a 50-page brief than a party who complied with the rules would be able to do. By our count, the substantive portions of Dohrmann's brief contain over 17,600 words. This far exceeds the 15,000-word limit for an appellant's brief that Rule 341(b) provides as an alternative to the 50-page limit.
>
> The rules of procedure governing appellate briefs are rules, not suggestions. As with other supreme court rules, they have the force of law, and the presumption must be that they will be obeyed and enforced. Adherence to length limitations for briefs is not an inconsequential matter. Parties who ignore the length limitations… "do so at their peril." We are well aware that attorneys and parties, in order to comply with the requirements for page limits, word limits, typeface, and spacing, often have to prioritize their appellate arguments and sacrifice some of the points, arguments, or issues that they might prefer to raise on appeal. Doing this can be a challenging and time-consuming task. If we overlook a party's violation of these requirements, we allow that party an unfair advantage over parties who comply with this rule. Ignoring violations provides parties with no incentive to comply with our rules.

*See generally Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (Trial Court did not err in denying relief when Plaintiff's counsel violated local rules); *See e,g., Dunn v. SW. Airlines Co.*, 2022 U.S. Dist. LEXIS 239950, at *2 (N.D. Tex. October 20, 2022) (Striking Reply for violating the Local Rules and also disregarding the corresponding argument in it).

Plaintiff's failure to plausibly allege agency. Still fatal to Plaintiff's contract and fraud claims.

7. The SAC is still fatally deficient. Plaintiff cites *Patel v. Pac. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 44105 (N.D. Tex. May 22, 2009) to escape having to plead agency with particularity. Corrected Response, at p. 4. First, apparent authority of an agent to bind a principal was not raised in *Patel. Id.*, at *35 ("Plaintiffs here do not allege apparent authority"). In this Case, authority is a component of

[6] The Court has already cautioned Plaintiff's counsel against attempting to gain advantage in briefing by violating the Local Rules. *See* Case 1:23-CV-616-RP; *Yes Period, LLC v. Lottery.com*; *Order* (Dkt. 22), at p. 2 ("Plaintiff is reminded that parties are not permitted to file sur-replies and sur-responses absent leave of this Court. *See* W.D. Tex. Loc. R. CV-7(e)(1)").

reliance, and reliance must be plead with particularity.[7] Second, because Plaintiff completely failed to allege agency, the SAC fails a Rule 8 standard for pleading. *See Wilhite v. Acell Investors Ltd.*, 2014 U.S. Dist. LEXIS 8478, at *8 (N.D. Tex. January 23, 2014). Third, a majority of courts require that agency be pleaded with particularity. *See Burback v. Oblon*, 2022 U.S. Dist. LEXIS 128867, at *27-28 (E.D. Tex. July 20, 2022); *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, 2007 U.S. Dist. LEXIS 7371, at *8-15 (S.D. Tex. Feb. 1, 2007) (collecting cases). This requirement is consistent with the Fifth Circuit's strict interpretation of Rule 9(b), "applied with bite and without apology." *Moncibais v. Newrez LLC*, 2024 U.S. Dist. LEXIS 76058, at *10-11 (S.D. Tex. Mar. 1, 2024).

8. There is no allegation in the SAC about any Lottery.com action sufficing to create apparent agency; and actual agency is not alleged. Plaintiff did not allege that Lottery.com's board of directors delegated any authority.[8] Assigning corporate titles does not create agency.[9] Therefore, Plaintiff's fraud

---

[7] *Abdee Sharifan v. Neogenis Labs, Inc.*, 622 F. Supp. 3d 478, 491 n.9 (S.D. Tex. 2022) (Citations and quotation marks omitted):

> The Fifth Circuit . . . and other district courts within this circuit have either held or strongly suggested that Rule 9(b)'s particularity requirement extends to allegations of actual reliance. In other words, to surmount the hurdle of Rule 9(b), a plaintiff must describe the circumstances of [his] reliance with particularity.

[8] *See* Tex. Bus. Org. Code §21.401 (Management by Board of Directors):

> (a) Except as provided by Section 21.101 or Subchapter O, the board of directors of a corporation shall:
> (1) exercise or authorize the exercise of the powers of the corporation; and
> (2) direct the management of the business and affairs of the corporation.

8 Del. C. §141 (Board of Directors…):

> (a) The business and affairs of every corporation organized under this chapter shall be managed by or under the direction of a board of directors, except as may be otherwise provided in this chapter or in its certificate of incorporation…

[9] *Douglass v. Panama, Inc.*, 487 S.W.2d 228, 233 (Tex. App.—Houston [14th Dist.] 1972) aff'd 504 S.W.2d 776 (Tex. 1974). (Finding no actual authority of the president of a corporation to promise

and contract claims[10] must be dismissed. *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, 2007 U.S. Dist. LEXIS 7371, at *14-15 (S.D. Tex. Feb. 1, 2007); *See e.g., White v. Cyr*, 2020 U.S. Dist. LEXIS 57968, at *16-20 (W.D. Tex. April 2, 2020) (Fraud claim did not plausibly allege facts to demonstrate agency); *Singleton v. Synchrony Bank*, 2019 U.S. Dist. LEXIS 44038, 1t *8 (S.D. Tex. March 18, 2019) (Plaintiff failed to plead fraud "with the particularity required by Rule 9(b)… [the] allegations fall[ing] short because the relationship between [Plaintiff] and the salesman is central to his claim, but he has not alleged that the salesman represented [Defendant], nor has he established an agency relationship with the necessary particularity.").[11]

<u>Still Naked. But Unafraid</u>.

9. Apparent authority is based on estoppel. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). Plaintiff – the party relying on estoppel has the burden of proof – and the failure to plead and prove any of the elements "is fatal." *See Rahlek, Ltd. v. Wells*, 587 S.W.3d 57, 72 (Tex. App.—Eastland 2019, pet. denied). Plaintiff admits that the sole allegations of agency in the SAC come from the titles alleged for the people that Plaintiff associates with Lottery.com. Corrected Response, at p. 4. Plaintiff

---

employees bonuses because under Texas statutes "the business and affairs of a corporation are managed by the board of directors and not by . . . anyone else in the absence of an agreement or, as to third parties, apparent authority"); *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 921(Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("A finding of actual authority cannot be based merely on the words or deeds of the agent.").

[10] *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 923 n.5 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (Enforceable agreements must be made by someone with authority).

[11] Plaintiff's characterization of *Elaazami* at page 3 of the Corrected Response fails to recognize that factual allegations are needed to connect a title to a person's apparent authority to bind a principal. For example, Texas' Third Court of Appeals found evidence of authority lacking in *Impact Floors of Tex., L.P. v. At Your Disposal, Inc.*, 2019 Tex. App. LEXIS 5659, at *14 (Tex. App.—Austin July 9, 2019, no pet.) (Mere appointment of a person as a vice president does not by itself establish apparent authority as a matter of law to execute contracts on behalf of the company; Summary Judgment Movant presented no evidence concerning the authority typically wielded by someone with the Title of the signer).

contends that these labels provide a sufficient allegation of agency. *Id.* ("It can be reasonably inferred that the COO, CEO, CLO, CFO, compliance director, Chairman of the Board, and other board members' leads one to suppose that each agent of Defendant had the authority he/she purported to exercise."). Plaintiff never matches up the alleged statement to the scope of the purported agency. *See Buffalo Xerographix, Inc. v. Hartford Ins. Grp.*, 540 F. Supp. 3d 382, 393 (W.D.N.Y., May 18, 2021). Instead, Plaintiff invites the Court to do exactly what *Twombly* prohibits. Accept labels with no factual enhancement. *Garza v. Gibraltar U.S., Inc.*, 2024 U.S. Dist. LEXIS 111755, at *8-9 (W.D. Tex. May 15, 2024) (Lane, Mag.) *adopted in part by*, 2024 U.S. Dist. LEXIS 124783 (W.D. Tex., July 16, 2024) (Citing *Twombly*) (Internal citations omitted) (Emphasis added)("Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief, this standard demands more than unadorned accusations, **labels** and conclusions, a formulaic recitation of the elements of a cause of action, or **naked assertion**[s] devoid of further factual enhancement.").

<u>Refuse and Lose.</u>

10. Plaintiff's refusal to acknowledge and address three agency fundamentals is fatal to the fraud and breach of contract claims:

- Courts never presume an agency relationship exists;
- Plaintiff has the burden of proving agency; and
- Whether an agency relationship exists is generally a question of fact that must be supported by factual allegations in the Complaint.

*See Undavia v. Avant Med. Group, P.A.*, 468 S.W.3d 629, 634 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Lytikainen v. Schaffer's Bridal LLC*, 409 F. Supp. 3d 767, 778 (D. Ariz. 2019); *See generally Smith v. Lynch*, 115 F. Supp. 3d 5, 9 n.6 (D.D.C. 2015) (Plaintiff ignoring a fundamental flaw in her Complaint – "the utter lack of any evidence of causation" – was fatal to Plaintiff's case).

FLSA Minimum Wages (Still inapplicable to Plaintiff)

11. Lottery.com stands on the Motion as to the FLSA claim.

Breach of Contract (Plaintiff still an at will employee with no enforceable rights)

12. Lottery.com stands on the Motion as to the breach of contract claim.[12] With three clarifications.

Clarification I. Putting discovery before the Horse

13. Plaintiff states: "Plaintiff has raised a reasonable expectation that discovery will reveal evidence sufficient to state a claim for breach of contract or quasi-contract." Lottery.com appreciates Plaintiff's tacit admission by this statement that the document alleged as the "Employment Agreement" (SAC at. Ex. A) (Dkt. 35, p. 29-33) is currently insufficient to state a claim. Plaintiff failed to allege plausible factual allegations showing that Lottery.com is contractually obligated to Plaintiff. That failure triggers dismissal, not discovery. Plaintiff does not get a "pass" on the insufficiency of the SAC to begin taking discovery. *See In re Oil Spill*, 2021 U.S. Dist. LEXIS 117912, at *9 (E.D. La. June 24, 2021):

> First, this argument seemingly amounts to a concession that Valdivieso's amended complaint does not plausibly state a claim against BP. Moreover, it puts the cart before the horse. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79; see also id. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.")

*Robinson v. Lipps*, 2019 U.S. Dist. LEXIS 132166, at *10-11 (W.D. La. July 17, 2019) *adopted by* 2019 U.S. Dist. LEXIS 130868 (W.D. La. Aug. 5, 2019):

> Plaintiffs argue that anticipated discovery may reveal facts supporting their claims… Plaintiffs are not entitled to conduct discovery in order to sufficiently plead necessary facts to support their claims. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) ("The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."); *Senegal v. Jefferson Cty.*, 1 F.3d 1238 (5th Cir.1993) ("A motion to dismiss pursuant

[12] Lottery.com has addressed Plaintiff's failure to state a claim on the breach of contract claim due to fatal omissions on agency. *See supra*, at ¶¶7-10.

to Rule 12(b)(6) is decided solely on the pleadings; thus, the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion."). Absent specific factual allegations tending to show that Robideaux and Aguillard could be individually liable, Plaintiffs have failed to state a claim.

Clarification II. Pleading Themself Out of Court (again)

14. The "Employment Agreement" attached to the SAC refutes the claims for contractual compensation made by Plaintiff in the SAC.[13] *Dalziel Dalzeal LLC v. Mellberg*, 2024 U.S. App. LEXIS 2842, at *9 (11th Cir. February 7, 2024):

> When evaluating a Rule 12(b)(6) motion, the court may consider exhibits attached to the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023) ("[C]ourts . . . consider the four corners of a complaint and the complaint's attached exhibits when analyzing a Rule 12(b)(6) motion to dismiss."). Furthermore, and relevant here, "when the exhibits contradict the general and conclusory allegations of the [complaint], the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). *See also Turner*, 65 F.4th at 583 n.27 ("[A] litigant may be defeated by his own evidence, the pleader by his own exhibits when he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them."

*Gamble v. GMAC Mortgage Corp.*, 2009 U.S. Dist. LEXIS 12214, at *6-8 (N.D. Cal. Feb. 18, 2009) (Citing cases) ("Where an exhibit to a pleading is inconsistent with the pleading, the exhibit controls.").

[13] *Compare* Plaintiff's allegation of contractual bonus due (SAC, at p. 18, ¶65) *With* "Employment Agreement" (SAC, at. Ex. A) (Dkt. 35, p. 29) (providing for no bonus); *Compare* Plaintiff's request for expense reimbursement (SAC, at p.13, ¶45 & p. 18, ¶65) (lacking any allegation that a single expense was preapproved) *With* "Employment Agreement" at p. 2 (SAC, at. Ex. A) (Dkt. 35, p. 30). (providing only for "Location" expenses but requiring preapproval before any expense would be reimbursed).

Plaintiff pleaded themself out of court by attaching the "Employment Agreement:" to the SAC. To comply with the "Employment Agreement," Plaintiff was required to be employed "full time." "Employment Agreement" at p. 1 (SAC, at. Ex. A) (Dkt. 35, p. 29). But Plaintiff does not allege that he has been working for Lottery.com full time. SAC, at p. 5, ¶12 ("[Plaintiff's last date of full payroll was July 8, 2022. Since that date Plaintiff has continued to be employed by Defendant and continued to complete work for Defendant on a weekly basis."). Whether characterized as a failure to materially perform or prior material breach, Plaintiff's failure to plausibly allege performance precludes his recovery on a contract. *Graco Robotics, Inc. v. Oaklawn Bank*, 914 S.W.2d 633, 641 (Tex. App.—Texarkana 1995, writ dism'd):

> When a party to the contract fails to perform his obligation, he may not thereafter enforce the remaining terms of the contract… Where one of the parties refuses to perform the duties and obligations required of him, the other party need not perform the useless act of tendering performance.

Clarification III. If we had some eggs, we could have some ham and eggs, if we had some ham.[14]

15. Plaintiff argues that the Court should deny the Motion as to Plaintiff's breach of contract claim because:

> Plaintiff has provided fair notice of an employment relationship and has opted to assert his right to file a breach of contract lawsuit rather than a wage claim with the TWC, under Texas law. *Igal*, 250 S.W.3d at 82; *Hull*, 211 S.W.3d at 464 (A worker has a choice either to file an administrative claim with the TWC or a common law breach of contract claim in district court). **Plaintiff has alleged that there may exist some employment agreement**…

Corrected Response, at p. 12-13, ¶22 (Emphasis added).

Plaintiff cannot create a contract cause of action by failing to file an administrative claim for wages. "The law does not create a contract where the parties intended none." *Ventura v. Cincinnati Enquirer*, 2002 U.S. Dist. LEXIS 25723, at *10 (S.D. Ohio 2002); *In the Interest of A.M.G.*, 2021 Tex. App. LEXIS 9143, at *5 (Tex. App.—San Antonio November 10, 2021, no pet.) (Texas courts "may not create a contract where none exists.").

16. Alleging that an agreement "may exist" does not sufficiently state a claim. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"); *Cf. Balderas v. United Parcel Serv., Inc.*, 385 F. Supp. 3d 1090, 1098 (D. Idaho 2019). (When Plaintiffs made the vague assertion that there might be a separate agreement, the Court proceeded as if no separate agreement existed).

Common Law Fraud Claim (Still insufficient)

17. The word "false" appears in the SAC only four times, and only in general or conclusory terms. SAC, at pp. 18, 20, 23, and 24. Not surprisingly, after being informed by Lottery.com's original Reply in the *Marsh* Case (Dkt. 39) about the SAC's failure to allege falsity, the Corrected Response contains

[14] In American jurisprudence, a form of this poem is attributed to a Judge Kozinski dissent. *See Koch v. Elliott*, 2017 Nev. App. Unpub. LEXIS 886, at *9 (Nev. App. Dec. 15, 2017) (Tao, J., concurring).

the word "false" 17 times. However, Plaintiff cannot supplement the allegations of the SAC through a response to a motion to dismiss. *Shockley v. EMC Mortg. Corp.*, 2011 U.S. Dist. LEXIS 168142, at * (N.D. Ga. September 28, 2011); *In re GDC Technics, LLC*, 643 B.R. 417, 429-430 (Bankr. W.D. Tex. 2022) ("Subsequent pleading cannot cure a legally deficient claim for relief… Because a trial court may only consider the allegations set forth in a complaint at the motion to dismiss stage, setting forth more specific factual allegations in response to a motion to dismiss does not supplement the complaint."). With or without improper bolstering from the Corrected Reply, the SAC fails to adequately allege how the representations complained of were false. *See Gardner v. Forest River, Inc.*, 2017 U.S. Dist. LEXIS 103310, at *17-18 (W.D. Tex. July 5, 2017) (Dismissing fraud claims on the basis that "plaintiffs do not explain why either statement was fraudulent"); *Siragusa v. Arnold*, 2014 U.S. Dist. LEXIS 96392, at *11-18 (N.D. Tex. July 16, 2014) ("Because Plaintiff does not provide adequate factual detail concerning the alleged representations or Arnold's intent, the Court GRANTS Defendants' Motion to Dismiss Siragusa's common law fraud claim."); *In re BP p.l.c.*, 2013 U.S. Dist. LEXIS 171459, at *61 (S.D. Tex. Dec. 2, 2013) ("Because Alameda County has not adequately alleged that the above statements were false when made, they cannot form the basis of a viable 10(b) claim.").

<u>Plaintiff's Fraud Claim: Too unbelievable to be plausible. Made implausible by alternate explanation.</u>

18. In the Corrected Response, at page 210, Plaintiff generally contends that:

- nine people (all representatives of Lottery.com with actual or apparent authority);
  - separately made false statements to Plaintiff over two years;
    - for the purpose of obtaining Plaintiff's work;
      - with no intention of compensating Plaintiff.

The only explanation provided for the falsity of these representations is "because as of this date Plaintiff has not been compensated." *Id.*

19. "The presence of an obvious alternative explanation for assertedly unlawful conduct may

justify dismissal under Rule 12(b)(6). Allegations are implausible when there exists a concrete, obvious alternative explanation for the defendant's conduct. An inference pressed by the plaintiff is not plausible if the facts he points to are precisely the result one would expect from lawful conduct in which the defendant is known to have engaged." *Fritton v. Taylor Corp.*, 2023 U.S. Dist. LEXIS 145940, at *22 (D. Minn. August 21, 2023) (Citations and internal quotations omitted). The SAC establishes an obvious alternative explanation for the unlawful conduct alleged. That is that Lottery.com has not secured the money to make payments to anyone and that Lottery.com remains insolvent and unable to pay any employees. *See e.g.*, SAC, at p. 11, ¶38. Plaintiff contends that Lottery.com is accruing liability for amounts owed to him. SAC, at p. 13, ¶44 (Citing Lottery.com's Q1 Form 10-Q/Q dated June 6, 2024). Plaintiff alleges that since July 29, 2022, Lottery has "not currently ha[d] sufficient financial resources to fund its operations or pay certain existing obligations, including its payroll and related obligations.") SAC, at p. 6, ¶16. Moreover, despite Plaintiff's penchant for including or attaching public information about the financial condition of Lottery.com, Plaintiff has not alleged that Lottery.com has had the money to pay Plaintiff, or that Lottery.com improperly paid or preferred other creditors over Plaintiff. Since Plaintiff alleges that they are still employed as Lottery.com's Vice President of Information Technology (SAC, at p. 4-5, ¶11), someone in that position would have access to the information to confirm the Company's financial condition. *Id.* (Identifying the Company data and systems Plaintiff contends he oversees). *See Guitar Trust Estate v. Boyd*, 120 S.W.2d 914, 918 (Tex. Civ. App.—Eastland 1938, no writ) (No fraud between parties with equal means of knowledge).

20. Last, Plaintiff's characterization of their fraud claim is self-defeating. Opinions are non-actionable. Statements predicting future events are not actionable. *Zar v. Omni Indus., Inc.*, 813 F.2d 689, 693 (5th Cir. 1987) ("The generally accepted rule in Texas jurisprudence is that future predictions and opinions… cannot form a basis for fraud as a matter of law."). Statements about making payment

if various conditions occur are not actionable. See *United Mobile Homes, Inc. v. ING Inv. Mgmt.*, LLC, 34 Fed. Appx. 876, 877 (3d Cir. 2002) ("District Court did not err in dismissing the complaint):

> District Court found that no intentional or negligent misrepresentation had occurred. UMH alleges, however, that ING falsely represented that, if UMH qualified for a multi-million dollar loan, ING would be willing to lend UMH the money. The District Court found this to be a conditional statement that does not misrepresent a presently existing or past fact. It was nothing more than a statement of a possible future conditional event. Thus, this statement fails to meet the requirements of a claim of intentional misrepresentation.

<u>Plead Man Walkin' (Plaintiff is still "plead out" on the Quantum Meruit/Unjust Enrichment claim)</u>

21. While Plaintiff spends pages 21-24 of the Corrected Response on Quantum Meruit/Unjust Enrichment, Plaintiff addressed Lottery.com's argument about how Plaintiff pleaded themself out of court (by seeking non-recoverable damages) by stating only:

> Plaintiff has alleged that Plaintiff is entitled to recover the reasonable value of his management services rendered to Defendant. SAC, ¶ 82. Plaintiff alleges such services to the Company provided by Plaintiff, at the request of and on behalf of Defendant, have a reasonable fair market value in excess of the minimum jurisdictional limits of this Court, for all of which Plaintiff hereby sues. SAC, ¶ 84.

Corrected Response, at p. 21, ¶33.a. But Plaintiff mischaracterizes their own SAC, which states the following at pages 25-26 (Emphasis added):

> 84. Plaintiff was not properly compensated for his work at the applicable salary that he contracted to earn. Such services to the Company provided by Plaintiff, at the request of and on behalf of Defendant, have a reasonable fair market value in excess of the minimum jurisdictional limits of this Court, for all of which Plaintiff hereby sues.
>
> 85. **Plaintiff now seeks damages in the amount of all respective unpaid wages**, **bonuses**, and **reimbursements**, **plus liquidated damages**. Plaintiff seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant.

The statements in paragraphs 82 and 84 of the SAC identify a minimum amount for purposes of jurisdiction and allege that "the reasonable value of" Defendant's "management services" is his "applicable salary." Moreover, Paragraph 85 contains what Plaintiff is specifically seeking[15] – which is

[15] *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, 32 F.4th 1347, 1362 (11th Cir. 2022) (Specific allegations as to the types of damages govern over the general).

**not** recoverable in quantum meruit or unjust enrichment. *Vandelay Hosp. Grp. LP v. Cincinnati Ins. Co.*, 2020 U.S. Dist. LEXIS 149196, at *15 (N.D. Tex. Aug. 18, 2020) ("Because [Plaintiff] seeks damages that are not recoverable…as a matter of law, the court concludes that [Plaintiff] has failed to plead a plausible [] claim, and there is therefore no reasonable basis on which the court can conclude that [Plaintiff] could recover on this claim…").[16]

<u>Missing **one** element of a cause of action is a **complete** failure</u>

22. Because Plaintiff failed to plead all the elements of quantum meruit and unjust enrichment (*See* Motion at pp. 13-15), the Court must dismiss these claims. The Court can't evaluate the sufficiency of any factual allegations without measuring the factual allegations to each of the elements of the claim. *Mitskog v. U.S. DOJ*, 2023 U.S. Dist. LEXIS 83359, at *4 (D.D.C. May 12, 2023) (Citing *Iqbal*):

> A complaint has facial plausibility when a plaintiff pleads all of the elements of their claim and supports those elements with enough factual allegations to 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'

*SDC Info. Servs. Inc. v. Intelligroup, Inc.*, 2012 U.S. Dist. LEXIS 80792, at *5 (D.N.J. Jun. 11, 2012):

> a Complaint must still plead the specific elements of each claim, and must contain more than '[t]hreadbare recitals of the elements.' Iqbal, 556 U.S. at 678. The Plaintiff has failed to make factual allegations that would state a claim for unjust enrichment or negligence; in fact, the Complaint does not even recite the elements of these two claims.

23. In evaluating the sufficiency of a Complaint, the Court "must determine" whether a Plaintiff "has sufficiently plead all the elements of a[] claim under Texas law." *Dickson v. United States*, 2024 U.S.

---

[16] *See also Barinaga v. Ariel Wireless, Inc.*, 2002 U.S. Dist. LEXIS 25555, at *21 (D. Or. July 2, 2002):

> Plaintiffs also argue Defendant' alleged damages are not recoverable under an unjust enrichment claim. Plaintiffs correctly note the appropriate measure of damages is the amount of the unjust benefit that Plaintiffs received rather than the amount of damages suffered by Defendant as a result of Plaintiffs' conduct. Although Defendant properly alleges it conferred a benefit on Plaintiffs, Defendant only identifies the amount of damages suffered by Defendant. The Court is unable to conclude whether the alleged benefit Plaintiffs received and the alleged damages Defendant suffered are the same. The Court, therefore, dismisses Defendant's Sixth Counterclaim…

Dist. LEXIS 35340, at *29 (E.D. Tex. January 11, 2024) (Stetson, Mag.) *adopted by* 2024 U.S. Dist. LEXIS 34214 (E.D. Tex., Feb. 27, 2024); *See, e.g. Recio-Garcia v. Ditech Fin. LLC*, 2018 U.S. Dist. LEXIS 173084, at *6-7 (W.D. Tex. June 6, 2018) (Manske, Mag.) *adopted by* 2018 U.S. Dist. LEXIS 173080 (W.D. Tex., July 10, 2018) (Pitman, J.) ("In order to prevail under a wrongful foreclosure claim, a plaintiff must plead all wrongful foreclosure elements within their complaint and provide some plausible basis for their claim in order to survive a motion to dismiss.").

24. Even before *Twombly* and *Iqbal*, Rule 8 required a Plaintiff to plead all the elements of their claims. *Bushman v. Lockheed Martin Corp.*, 2001 U.S. Dist. LEXIS 16800, at *9 (N.D. Tex. October 16, 2001) ("If plaintiff is going to assert a breach of contract claim, he must plead all of the elements of such claim."). Moreover, this Court recently rejected Plaintiff's argument about the sufficiency of their unjust enrichment claim. *See Noble Cap. v. Newman*, 2024 U.S. Dist. LEXIS 41247, at *22-24 (W.D. Tex. Jan. 31, 2024) (Lane, Mag.), *adopted by* 2024 U.S. Dist. LEXIS 39928 (W.D. Tex. Mar. 7, 2024):

> Defendants move to dismiss this claim because the Fund does not allege that Defendants "retained a benefit 'by fraud, duress, or the taking of an undue advantage,' or that it is inequitable for Defendants to retain the benefit."…and because the Live Complaint does not allege fraud, duress, or undue advantage as part of its unjust enrichment claim, the undersigned will recommend the District Court dismiss the Fund's unjust enrichment claim…

<u>Conclusion</u>

Plaintiff failed to sufficiently plead any of their four causes of action. Plaintiff did manage to plead themself out of court on several of the causes of action. "Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss." *Wells Fargo Bank, N.A. v. Sutherland*, 2017 U.S. Dist. LEXIS 218818, at *4 (W.D. Tex. November 28, 2017) (Lane, Mag.). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Regalado v. Mgt. & Training Corp.*, 2021 U.S. Dist. LEXIS 234736, at *6 (N.D. Tex. December 8, 2021) (Citing *Iqbal*, 556 U.S. at 678-79). The Court gave Plaintiff another opportunity to plead sufficiently. Now that Plaintiff has failed to do so, the Court "must faithfully fulfill" its "gatekeeping role [to] ensure the

sufficiency of pleadings"[17] by dismissing Plaintiff's Case for failing to state a claim upon which relief can be granted.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn

ANDREW R. KORN

State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

CERTIFICATE OF SERVICE

I certify that on the 21st day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Email: eddie.hodges@kennardlaw.com
Attorney for Plaintiff

Andrew R. Korn

ANDREW R. KORN

[17] *See* Victor Schwartz & Christopher Appel, *Rational Pleading in the Modern World of Civil Litigation: The Lessons and Public Policy Benefits of Twombly and Iqbal*, 33 Harv.J.L. & Pub. Pol'y 1107, 1149 (2010).