# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CARL WELLS,**<br>***Plaintiff***<br><br>**v.**<br><br>**LOTTERY.COM, INC. d/b/a SPORTS.COM, INC.,**<br>***Defendant*** | **§<br>§<br>§<br>§<br>§<br>§<br>§** | **Case No. 1:23-cv-1081-RP** |

## ORDER SETTING MEDIATION

Pursuant to the parties' joint consent to mediation (Dkt. 44), the Honorable Robert Pitman has referred this case to this Magistrate Judge for mediation. Dkt. 45.

It is hereby **ORDERED** that this case is set for a **MEDIATION IN PERSON** before this Magistrate Judge at **10 a.m. Wednesday, December 4, 2024** in Courtroom 6 on the Sixth Floor of the United States Courthouse, 501 West 5th Street, Austin, Texas 78701.

### A. Schedule and Attendance of Parties Required

Lead counsel and parties or their representatives with full and complete settlement authority are required to attend the settlement conference in person.

### B. Exchange of Demand and Offer; Written Statements

Because mediation is more likely to be productive if the parties are actively engaged in the settlement process, the parties are hereby **ORDERED** to exchange written settlement proposals as they prepare for mediation. Plaintiffs shall submit a written offer of settlement to Defendants **on or before Thursday, November 14, 2024**. Defendants shall respond, in writing, **on or before Thursday, November 21, 2024**. If a settlement agreement is reached through this process, the parties must notify the Court.

If no settlement is reached, the parties are **ORDERED** to submit to Judge Hightower an *ex parte, in camera* written statement **on or before Monday, November 25, 2024**. The confidential statements need not set out all the legal or factual arguments that would be made at a hearing or trial. Each statement must, however, set forth the status of settlement negotiations, including a summary of the settlement offers and counterproposals made, and the party's respective settlement position concerning all issues involved in the case, with a brief explanation of the rationale for the position taken. Specifically, each confidential statement must contain **ALL** of the following information:

1. A brief summary of the party's claims or defenses, including the relief sought.
2. A brief description of any major issues in dispute.
3. A candid discussion of the strengths and weaknesses of each party's position.
4. A realistic appraisal of the value of the case with a description of how the value was calculated, including the following:
    a. attorneys' fees and other recoverable expenses incurred to date and expected prior to trial, and
    b. costs incurred to date.
5. A realistic estimate of the fees and costs that would be incurred in taking the case to trial and through appeal.
6. A discussion of the factors that could affect the settlement of the case, including any non-economic factors that may be germane.
7. A summary of the settlement discussions to date, including the last offers/demands made by each party.
8. A statement of any significant disputes of fact or law that could affect the mediation.
9. A description of any special circumstances that could affect the settlement of the case and discussion of any other issues you think I should be aware of before the conference.
10. Whether any third parties should be invited to participate in the mediation.
11. A list of the counsel, parties, and party representatives who will attend the conference.

The confidential statements are to be in letter format and must not exceed **seven (7) pages** in length, double-spaced. Please submit the statements directly to my chambers **via e-mail** to Courtroom Deputy Katherine Wallace at Katherine_Wallace@txwd.uscourts.gov. **Do not file the statements with the District Clerk's Office, and do not serve them on the opposing counsel or party.** Judge Hightower will review the statements before the settlement conference, along with the pertinent pleadings and orders.

**C. Format**

The mediation will begin with a brief joint session of the parties, followed by private caucusing with each side. The parties will not make opening statements. Both the parties and lawyers are expected to be fully prepared to participate. All parties are encouraged to keep an open mind to reassess their previous positions and discover creative means for resolving the dispute. Parties should be frank and open in their discussions, but they are expected to address each other with courtesy and respect.

**D. Statements Inadmissible**

As provided by Federal Rule of Evidence 408 and Local Rule CV-88 of the Local Court Rules of the United States District Court for the Western District of Texas, any communication made by any participant during the settlement conference is confidential. Except as specified by the rules or agreed by the parties, such communications may not be disclosed, used as evidence against any participant in any judicial or administrative proceeding, or held to constitute a waiver of any existing claim, defense, privilege, or immunity.

**E. Issues To Be Discussed**

Parties should be prepared to discuss the following at the settlement conference:

1. What are your goals in the litigation and what problems would you like to address in the settlement conference? What do you understand are the opposing side's goals?

2. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

3. Do you have adequate information to understand the opposing side's view of the case? What is wrong with their perception? What is right about it?

4. What are the points of agreement and disagreement between the parties? Factual? Legal?

5. What are the impediments to settlement? Legal? Financial? Emotional?

6. How can settlement better enable you to accomplish your goals?

7. Are there possibilities for a creative resolution of the dispute?

**F. Involvement of Clients**

Involvement of clients is essential to a productive mediation. For many clients, this will be their first time to participate in a court-supervised mediation. Counsel therefore should provide a copy of this Order to their clients and discuss it with them before the mediation.

**IT IS SO ORDERED.**

**SIGNED** on November 8, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE