**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **LOTTERY.COM, INC.,** | § | **1:23-CV-1081-RP** |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Defendant Lottery.com, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. 36) and all related briefing.[1] After reviewing the pleadings and the relevant case law as well as having conducted a hearing on June 12, 2024 on a previous motion to dismiss and granting leave for Plaintiff to file a Second Amended Complaint (Dkt. 35), the undersigned submits the following Report and Recommendation to the District Judge.

**I.   BACKGROUND**

Plaintiff Carl Wells is suing Texas-based Lottery.com, asserting employment-related claims. Dkt. 35 ("SAC") at 1–2. Wells asserts federal-question jurisdiction[2] under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. *Id.* ¶ 3.

Wells alleges that he began working for Lottery.com on March 9, 2022, as "Vice President of Information Technology." *Id.* ¶¶ 9, 11. He was to "be paid a bi-weekly salary of $9,615.39

---

[1] United States District Judge Robert Pitman referred the Motion to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order, Jul. 25, 2024.

[2] It is apparent on the face of the Second Amended Complaint that diversity jurisdiction does not exist here. Wells states he resides in Texas, SAC ¶ 1, and that he relocated within Texas to work for Lottery.com, *id.* ¶ 10. Lottery.com's principal place of business is also in Texas. *Id.*

(being $250,000 annualized).” SAC, Exh. A at 1. Wells received regular pay roll from March 9, 2022 to July 8, 2022. SAC ¶ 12. However, by at least July 2022, Lottery.com was experiencing extreme financial difficulties, which caused it to furlough many employees. *Id*. ¶¶ 15-17. Wells alleges that since July 8, 2022, he has continued to be employed by Lottery.com, he has not been furloughed, and he has continued to complete work for Lottery.com, but he has not been paid. *Id*. ¶¶ 12, 17.

Wells brings claims for: (1) violations of the Fair Labor Standards Act (“FLSA”), *id*. ¶¶ 50-61; (2) breach of contract, *id*. ¶¶ 62-72; (3) common law fraud and fraud in the inducement, *id*. ¶ 73-80; and in the alternative (4) “quantum meruit/unjust enrichment,” *id*. ¶¶ 81-85. Lottery.com moved to dismiss the SAC under Rule 12(b)(6), arguing that none of Wells’s causes of action comply with Rules 8(a) and 9(b). Dkt. 36 at 1.

## II.    LEGAL STANDARD—RULE 12(b)(6)

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a “short and plain statement of the claim showing that the pleader is entitled to relief,” this standard demands more than unadorned accusations, “labels and conclusions,” “a formulaic recitation of the elements of a cause of action,” or “naked assertion[s]” devoid of “further factual enhancement.” *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to “state a claim to relief that is plausible on its face.” *Id*. at 570.

The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, in considering a motion to dismiss, the court must first identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## III.    FLSA CLAIM

Wells asserts that he is covered by the FLSA and that Lottery.com failed to pay him minimum wages as required by the law. Dkt. 35 ¶¶ 50-61. Specifically, Wells claims that he is entitled to "unpaid minimum wages," *id.* ¶ 55, "for any week in which he performed any work . . . . *Id.* 57. But Wells also "demand [*sic*] that he be paid **full regular pay** as compensation as required by the FLSA . . . ." *Id.* ¶ 61 (emphasis added). Wells misapprehends the FLSA.

The FLSA requires employers to pay minimum wage to their nonexempt employees. 29 U.S.C. § 206(a)(1). Specifically, the FLSA establishes that an employee covered by the Act must be paid a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(c). However, the FLSA also specifically exempts from its provisions "any employee employed in a bond fide executive,

administrative or professional capacity." 29 U.S.C. § 213(a)(1); *Timm v. Advanced Eng'g Sols.*, No. A-12-CV-227 ML, 2014 WL 12649850, at *6 (W.D. Tex. Mar. 18, 2014) (consent case).

The Supreme Court recognized in *Christopher v. SmithKline Beecham Corporation* that the § 213(a)(1) "exemption is premised on the belief that exempt employees 'typically earned salaries well above the minimum wage' and enjoyed other benefits that 'se[t] them apart from the nonexempt workers entitled to overtime pay.'" *Meza v. Intel. Mex. Mktg.*, 720 F.3d 577, 586 (5th Cir. 2013) (quoting *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 166 (2012)). The Court reasoned that the salaried employees in *Christopher* "who made significantly more than minimum wage [there $70,000], were not the sort of employees the FLSA was meant to protect, thus implying only that earning significantly more than minimum wage may preclude relief under the statute." *Id.* (citing *Christopher*, 567 U.S. at 166).[3]

Lottery.com moves to dismiss Wells's FLSA claim, asserting the affirmative defense that Wells was (or is) an exempt employee. Dkt. 36 at 6–7. In support of its position, Lottery.com quotes from a recent case out of the Northern District of California in which that court concluded the plaintiff had "not plausibly alleged a violation of the FLSA's minimum wage provisions," where "[a]ccording [p]laintiff's own allegations, she was hired to perform professional functions, and she was to be paid a monthly salary, not an hourly wage." *Id.* at 6 (quoting *Miller v. Infinite Percent Partners*, 2021 U.S. Dist. LEXIS 114026, at *4–7 (N.D. Cal. June 17, 2021). The plaintiff in *Miller* raised the same argument Wells raises now: "Exempt employees are still entitled to the benefits of the FLSA if they are paid non minimum wage . . . ." *Miller*, 2021 U.S. Dist. LEXIS

---

[3] FLSA exceptions are affirmative defenses, and they "are to be narrowly construed against the employers seeking to assert them." *Arnold v. Ben Kanowsky*, 361 U.S. 388, 392 (1960); *see also Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974) ("the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."). Nevertheless, "[d]ismissal based on a successful affirmative defense can be appropriate when that defense appears on the face of the complaint." *Carbon Six Barrels v. Proof Rsch.*, 83 F.4th 320, 324 (5th Cir. 2023) (citing *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017)).

114026, at *4–7; *compare* Dkt. 41 ¶ 9 (Wells "has received 'no compensation,' which is $684 less than what he is required to be compensated to be considered exempt under the FLSA").

The undersigned has little trouble concluding Wells was employed in a capacity which exempts him from the provisions of the FLSA. *See Dewan v. M-I*, 858 F.3d 331, 334 (5th Cir. 2017) (exempt employee is one whose primary duty consists of office work directly related to management policies or general business operations for employer, including work requiring exercise of discretion and independent judgment). Wells's allegations state his work was related to management and business operations, requiring discretion and independent judgment. For example, he alleges he was

> tasked with developing and implementing all IT strategies, ensuring the organization's data and systems are secure and comply with relevant regulations and standards overseeing the administration of Google Workspace with other enterprise systems and applications, managing user accounts, access permissions, and identity management to ensure that the right people have the right access to resources, implementing policies and procedures for data storage, backup, and recovery to ensure data integrity and availability, establishing and managing IT support services to address user issues, troubleshoot problems, and ensure continuous availability of services, managing the IT budget, controlling costs, and ensuring that investments in Google Workspace and related technologies provide a good return on investment, and managing relationships with vendors, negotiating contracts, and ensuring that third-party services and products meet the organization's needs and standards.

SAC ¶ 11; *see* SAC, Exh. A (stating Wells would be "be employed in the fulltime, *exempt* role of Vice President of Information Technology of Lottery.com") (emphasis added).

The conclusion that Wells was (or is) exempt is buttressed by Wells's allegations, which the court takes as true that he was to be employed with an annual salary of $250,000 paid biweekly. SAC ¶¶ Exh. A at 1. That salary is well above the minimum wage.

Wells contends, "At the pleading stage, it may be 'premature' to rule that an FLSA exemption forecloses a plausibly stated § 207(a)(1) claim." Dkt. 41 ¶10 (quoting *White v. U.S.*

*Corr.*, 996 F.3d 302, 310 (5th Cir. 2021) (discussing applicability of the Motor Carrier Act in an overtime-wage dispute), "because the determination as to whether an employee is exempt under the [FLSA] is primarily a question of fact typically better suited for summary judgment." *Id.* (quoting *White*, 996 F.3d at 310, and *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990)) (cleaned up). Nonetheless, "the *ultimate decision* whether [an] employee is exempt from the FLSA's overtime compensation provisions is a question of law." *Fraser v. Patrick O'Connor & Assocs.*, 954 F.3d 742, 745 (5th Cir. 2020) (quoting *Lott v. Howard Wilson Chrysler-Plymouth*, 203 F.3d 326, 331 (5th Cir. 2000) (emphasis added).

"[T]the only function of the federal judiciary under the FLSA 'is to assure to the employees of a covered company a minimum level of wages,' [the Fifth Circuit has] said that '[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.'" *Martin v. PepsiAmericas*, 628 F.3d 738, 741 (5th Cir. 2010) (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). To be clear: "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards." *Id*

Even if Wells's allegations did not support the obvious conclusion that he is exempt, his allegations make clear that he is seeking recovery of unpaid wages in an amount Lottery.com allegedly agreed to pay him. On pages 14 through 15 of the SAC, Wells lists the amounts he alleges he is owed by pay period, beginning July 22, 2022 and continuing through June 21, 2024. SAC ¶ 47. The biweekly salary amount is $9,615.38; Wells also contends he is owed two bonuses totaling $70,000. *Id.*

However, the FLSA does not provide a cause of action for unpaid wages but rather only for failure to pay an employee overtime pay or the legal minimum wage, currently $7.25 per hour.

*Villa v. Waters*, 2009 WL 1650482, at *1–2 (W.D. Tex. June 11, 2009) (concluding employee did not state FLSA claim because allegations involved failure to pay wages rather than unpaid minimum wages or overtime pay); *Abatement v. Williams*, 324 S.W.3d 858, 865 (Tex. App.— Houston [14th Dist.] 2010, pet. denied) (FLSA provides private cause of action for failure to pay minimum wages and overtime pay, not for failures to pay wages).

Wells has not pleaded a minimum wage claim (overtime wage claim) under the FLSA. The FLSA provides for a private cause of action against an employer who violates the Act's minimum-wage and overtime provisions. *Villa*, 2009 WL 1650482, at *1. The FLSA permits an employee to sue their employer for unpaid minimum wages or unpaid overtime compensation. *Id.* Wells does not complain about unpaid minimum wages or unpaid overtime compensation. He complains about unpaid wages to the tune of hundreds of thousands of dollars of allegedly unpaid salary and bonuses. Accordingly, the undersigned will recommend that the District Judge dismiss Wells's first cause of action for violation of the FLSA with prejudice.

## IV.    SUPPLEMENTAL JURISDICTION

Wells's remaining claims for breach of contract, fraud, and quantum meruit/unjust enrichment are state-law claims. Although not stated in the Second Amended Complaint, the court's jurisdiction over these claims is based on supplemental jurisdiction. 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(2)-(3). In deciding whether to exercise its discretion to retain supplemental jurisdiction over state law claims under Section 1367 after all federal claims have been dismissed, a district court should be "guided by the statutory factors set

forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity." *Shine v. Goodwin & Co.*, No. 1:23-CV-1131-RP, 2024 WL 3566700, at *1 (W.D. Tex. July 29, 2024) (quoting *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 601–02 (5th Cir. 2009) (citation omitted)). No single factor is necessarily dispositive. *Id*. In cases like this one "when all federal-law claims are eliminated before trial," the Fifth Circuit has made clear that "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims." *Id.*; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). This rule is "neither mandatory nor absolute," *Brookshire Bros.*, 554 F.3d at 601, but it is the default rule, *see, e.g., Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992) (finding that the "matter justified no departure from the usual rule that dismissal was required").

Here, the court finds no reason to depart from the default rule. Two of the three statutory factors under 28 U.S.C. § 1367(c) are met here. Section 1367(c)(2) is met as the federal claim upon which jurisdiction was based has been disposed of. Section 1367(c)(3) is met because as there are no more federal claims, the state claims predominate. *Shine*, 2024 WL 3566700, at *2.

The common-law factors—judicial economy, convenience, fairness, and comity—also weigh against retaining the case. The court has not expended significant resources in connection with the state-law claims. Requiring the claims to proceed in state court will not cause inconvenience to the parties because "[l]ittle new legal research would be necessary, as the surviving claims were governed by state law, in either forum." *Parker & Parsley*, 972 F.2d at 587-

88. Nor would either party be prejudiced. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 160 (5th Cir. 2011) ("[I]t was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court."). Finally, comity weighs in favor of declining supplemental jurisdiction. Federal courts "often are not as well equipped for determinations of state law as are state courts," *Parker & Parsley*, 972 F.2d at 588–89.

Now that the court has disposed of the only claim that gave it jurisdiction, 28 U.S.C. § 1367(c)(3), "it may decline to exercise supplemental jurisdiction." *Id.* Taking into account the common law and statutory factors, the undersigned will recommend the District Judge decline to exercise supplemental jurisdiction over the remaining state-law claims.

## V.    RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** that Lottery.com's Motion to Dismiss (Dkt. 36) be **GRANTED in part**. Specifically, the undersigned recommends Wells's FLSA claim be dismissed with prejudice and the District Judge decline to exercise supplemental jurisdiction over the remaining claims and dismiss those claims without prejudice.

## VI.    OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED November 15, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE