**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS** | § | |
| | § | |
| ***Plaintiff,*** | § | **CASE NO. 1:23-CV- 01081-RP** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b//a** | § | |
| **SPORTS.COM, INC.** | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE**:

COMES NOW, pursuant to Federal Rule of Civil Procedure 72(b), Carl Wells, ("Plaintiff") objects to the Report and Recommendation of the United States Magistrate Judge ("MJ") (Dkt. 48) ("R&R"). Plaintiff incorporates by reference his response to the Motion to Dismiss (Dkt. 38) and his Second Amended Complaint ("SAC") (Dkt. 35); and in support of the objections Plaintiff will show the Court as follows:

## I. INTRODUCTION

1. This court is on the verge of creating the most convenient and lucrative pathway for employers to escape FLSA liability in the Fifth Circuit. In essence, any small business, struggling business, or start-up business can hire multiple employees, assign and label them with executive functions, offer them a high salary and not pay them any wages without suffering the consequences of the FLSA. The employers can even give the employees notice that funds will be paid, but never be held liable for not paying any wages or minimum wages. Lastly, employers will no longer be

required to pay their employees at least $684 per week to be considered exempt; because according to the R&R whether an employee is **actually** paid $684 a week is not relevant to the 12(b)(6) analysis but only what the Plaintiff was **offered** to the employee. *See R&R* pg. 5 ("the conclusion that Wells was (or is) exempt is buttressed by the allegation, which the court takes as true that he was to employed with an annual salary of $250,000 paid biweekly). That scenario will become precedent if this Court accepts and adopts the R&R, which will any company to take advantage of individuals for free without any federal repercussions. The R&R is also implying that a Plaintiff cannot seek both minimum wage damages and contractual damages under the law, even when the Plaintiff's breach of contract claim is independent of the FLSA claim, when cases have allowed Plaintiff to seek both damages. *See Karna v. BP Corp. North America, Inc*., 11 F. Supp. 3d 809 (S.D. Tex. 2014)(finding breach of contract claim not preempted because it was independent of the FLSA).

2. Plaintiff Wells brings claims for: (1) minimum wage violations under the Fair Labor Standards Act ("FLSA"); (2) breach of contract; (3) common law fraud and fraud in the inducement; and in the alternative (4) quantum meruit/unjust enrichment.

3. Defendant filed a 12(b)(6) Motion asking the Court to dismiss all claims because Plaintiff has failed to comply with Rules 8(a) and 9(b). On November 15, 2024 the MJ issued his R&R which recommended the dismissal of all Plaintiff's claims. The R&R contains bad case law and fails to analyze important facts within the FLSA cases that have been identified in R&R. Plaintiff objects to all portions of the R&R on four (4) specific grounds.

4. Federal Rule of Civil Procedure 72 allows a party to object to a Magistrate Judge's order on a dispositive issue within 14 days after being served with the order. See FED. R. CIV. P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition

that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition." *Id*.

## II. ARGUMENT AND AUTHORITIES

### A. (**OBJECTION 1**) – The SAC specifically states that Plaintiff's FLSA claim is based on Defendant's failure to pay minimum wages and the R&R conflates Plaintiff's request for damages under a contract theory with his request for minimum wage damages.

1. The MJ states that even if Plaintiff's allegations do not support the *obvious*[1] conclusion he is exempt "also demand that he be paid full regular pay as compensation as required by the FLSA," therefore, Plaintiff has not pleaded a minimum wage violation because he complains about wages to "the tune of hundreds of thousands of dollars" as unpaid wages. (Dkt. 48 pg. 5-9). The SAC explicitly states: "This case is brought under 29 U.S.C. § 206(a) based on Defendant's failure to pay minimum wages." (Dkt. 35 ¶ 3). "Defendant's actions violate federal minimum wage laws." (Dkt. 35 ¶ 5). "Between July 22, 2022 and present Defendant has failed to pay Plaintiff minimum wages as required under the FLSA. (Dkt. 35 ¶ 56). Plaintiff quadrupled down on his minimum wage violations by distinguishing the damages in his breach of contract claim by stating: "Plaintiff's claim for breach of the employment agreement, does not seek unpaid minimum wages or unpaid overtime compensation, and is not preempted by the FLSA because Plaintiff seeks damages for breach of contract <u>above and beyond the FLSA's recovery of unpaid minimum and overtime wages</u>." (Dkt. 35 ¶ 72). *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994) (when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must

---

[1] It is clear that facts are not being taken liberally in Plaintiff's favor by the R&R's statements regarding Wells' statements support the obvious conclusion he is exempt; even when Plaintiff repeatedly plead Plaintiff is a "non-exempt" employee and or "no exemption applies." Dkt. 35 ¶ 52; 58. The R&R states that Wells does not complain about minimum wages but the "tune of hundreds of thousands of dollars," which is an attempt to conflate Plaintiff's request for contractual damages with Plaintiff's attempt to hold Defendant liable for failing to pay nonexempt employees minimum wages.

examine the complaint to determine whether the allegations provide relief on any possible theory).

2. The MJ cites *Villa v. Waters*, for the proposition that an employee did not state FLSA claim because allegations involved failure to pay wages rather than unpaid minimum wages. *Villa v. Waters*, (W.D. Tex. June 11, 2009). *Villa* is distinguishable, the Plaintiff filed FLSA claims because she was not paid for a two-hour window and alleged she was paid $12.50 hour, which is twice the minimum wage. *Id*. Here, Plaintiff is not seeking unpaid wages under the FLSA but to hold Defendant liable and to collect damages for Defendant's failure to pay minimum wages during the relevant period. Plaintiff has presented facts that he was not paid any wages, let alone minimum wages for the relevant time period, unlike the Plaintiff in *Villa* who was compensated above the minimum wage, but not for the two-hour window. *See Villa* at 4 (the Court further found that Villa had not stated a claim under the FLSA because she did not name a proper defendant). Therefore, *Villa* is distinguishable and not applicable; Plaintiff has adequately pled he is seeking both minimum wages under the FLSA and contractual wages under state law.

3. The confusion lies in the SAC because Plaintiff cites to the FLSA Fact Sheet #70 which provides instruction to employers on exemption status and how to compensate furloughed employees "free-and-clear" for any week they performed any work. Even though, Plaintiff may have demanded that Defendant comply with the FLSA Fact Sheet #70 and pay full regular pay compensation as required by the FLSA [Dkt. 35 ¶ 61], it does not change the fact that Plaintiff is seeking to hold Defendant liable for failing to pay a nonexempt employee minimum wages.

4. The Fact Sheet #70 in itself does not negate the fact that Plaintiff is seeking compensation for minimum wage violations, which has been clearly alleged. Plaintiff's allegations specifically request for relief for minimum wage violations, which the R&R failed to examine. The fact that Plaintiff has alleged damages above and beyond the FLSA's recovery of minimum wage does not

preempt Plaintiff from seeking under both contract theory and under the FLSA. *See Karna v. BP Corp. North America, Inc*., 11 F. Supp. 3d 809 (S.D. Tex. 2014)(finding breach of contract claim not preempted because it was independent of the FLSA). Therefore, we respectfully object to the MJ's recommendation that the SAC does not plead minimum wage violations and ask the District Court judge to **OVERRULE** the R&R's finding that Plaintiff has not plead minimum wage violations.

B. (**OBJECTION 2**) – The MJ committed manifest error of law and fact with its use of *Miller* to determine that an exemption exists and failed to analyze the elements required to prove whether an exemption exists.

5. In the Motion, Defendant cites *Miller v. Infinite Percent Partners*, alleging that the Plaintiff in *Miller* raised the same argument that plaintiff was hired to perform professional functions and entitled to FLSA benefits if they are not paid minimum wages. In response, Plaintiff provided the MJ with relevant facts from the *Miller* case, specifically in *Miller*, the Court found Plaintiff pled she received a $5,000 payment during the three-month relevant period. *Miller v. Infinite Percent Partners, LLC*, at *fn. 2 (N.D. Cal. June 17, 2021). *See* **Exhibit A** at footnote 2.

6. In the R&R, the MJ doubled-down on the *Miller case* stating Plaintiff raised the same argument. However, the arguments are not the same; Plaintiff has pled he has received no compensation during the relevant period, unlike *Miller* who received $5,000 during the relevant period. Thus, the R&R is creating precedent that employers are no longer required to prove that employees actually received $684 as required by the FLSA exemptions. Employers will be allowed to give an employee an offer letter with a proposed salary above-minimum wages and escape FLSA liability without ever having to compensate its employees minimum wages. The MJ's failure to address this relevant fact (compensation during the relevant period) in *Miller* creates a manifest error of law and fact if the District Court adopts the recommendation. It is unclear how

the R&R found the cases are the same and that an exemption exists based on the *Miller* case:

| *FLSA EXECUTIVE EXEMPTION ELEMENTS* | *MILLER CASE* | *WELLS CASE* |
|---|---|---|
| *(1) The employee must be compensated on a salary basis (as defined in the regulations) at a rate not less than $684* per week.* | Alleges she was compensated $5,000 during the relevant three-month period, which the Court found "she was paid $5,000 on September 8, 2019 for work performed in August…this $5,000 payment exceeds the federal minimum wage for an employee working full time for three months. Assuming a 40-hour work week for 12 weeks, <u>Plaintiff would have been entitled to $3,480, i.e. less than the $5,000</u> she was paid at the beginning of September." *Miller v. Infinite Percent Partners, LLC*, at *fn. 2 (N.D. Cal. June 17, 2021). | Alleges no compensation during the relevant period from July 2022 to present. Plaintiff alleges he continues to work and does not receive $684 per week. Dkt. 35 ¶ 52, 58. |
| *(2) The employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise* | No analysis on this element | Plaintiff has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "customarily managing the enterprise." |
| *(3) The employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent;* <br><br> *AND* | No analysis on this element | Plaintiff has alleged he was offered the Vice President of IT position. No discovery to conclude the position includes "customarily and regularly directing the work of at least two or more other full-time employees or their equivalent." |
| *(4) The employee must have the authority to hire or fire other employees, or the* | | Plaintiff has alleged he was offered the Vice President of IT position. No discovery to |

| | | |
|---|---|---|
| *employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.* | No analysis on this element | conclude the position includes "authority to hire or fire." |

7. Here, the MJ makes improper factual determinations and resolves all factual disputes in Defendant's favor. *IberiaBank Corp.* at 345 (5th Cir. 2020). The MJ states, "The undersigned has little trouble concluding Marsh was employed in a capacity which exempts him from the provisions of the FLSA." (Dkt. 48 pg. 8). Yet, the MJ does not address one of the elements for an exemption, which requires Plaintiff to be paid at least $684 per week, which Plaintiff has sufficiently pled he was not paid during the relevant period. (Dkt. 35). Moreover, the MJ concluded that Plaintiff was exempt based on allegations of his annual salaries, which the MJ states is well above minimum wage, without ever seeing a paystub or evidence that Plaintiff was paid according to his salary. Employers will use the R&R as precedent to essentially offer to pay employees' salaries above minimum wages and escape liability under the FLSA on a 12(b)(6) motion without actually paying the employees <u>any</u> compensation let alone minimum wages. Thus, the R&R will create the opportunity for employers to collect free labor without any repercussions, which is why these factual determinations are premature. *White v. U.S. Corr., LLC,* 996 F.3d 302, 310 (5th Cir. 2021). These conclusions by the MJ do not take Plaintiff's allegations liberally in Plaintiff's favor. Therefore, because Plaintiff has sufficiently pleaded he received no compensation during the relevant period, which is $684 less than what he has to receive to be considered exempt, we object to the finding by the MJ that an exemption exists, which prevents Plaintiff from bringing FLSA claims.

8. Defendant may attempt to cite the case *Buan v. AATRU Med. LLC*, with the proposition

that because an employer promised to pay an employee above the minimum wage requirements the employer satisfied the minimum wage requirements regardless of whether the employee was actually paid. *Buan v. AATRU Med. LLC,* 2024 U.S. Dist. LEXIS 92161 (D. Minn. May 23, 2024). Another case outside the Fifth Circuit, in which the plaintiff was compensated at least $684 per week as required under the FLSA's exemption. *Buan* at *2. The Plaintiff in *Buan* was also compensated $12,000 for wages during the relevant period, which is clearly distinguishable from what is being alleged in this case (i.e. no compensation during the relevant period):

> "[b]eginning in October 2022, Aatru stopped paying Buan. (*Id.* ¶ 15.) After ten months, Buan filed a written complaint for non-payment and Aatru responded by lowering Buan's salary to $684 per week. (*Id.* ¶¶ 20–21.) Buan acknowledges payment of $12,000 for August and September 2023 wages." *Buan v. AATRU Med. LLC,* 2024 U.S. Dist. LEXIS 92161 at *1 (D. Minn. May 23, 2024).

9. Majority of the cases make determinations of whether an exemption exist on a summary judgment motion; not a 12(b)(6) motion without any fact discovery. *Guilbeau v. Schlumberger Tech. Corp.*, No. SA-21-CV-0142-JKP-ESC, 2022 WL 199271 (W.D. Tex. Jan. 21, 2022). The R&R's conclusion that Plaintiff was compensated $684 per week, based on his allegation of his offer letter, is inapposite to the SAC, and are facts not taken liberally in Plaintiff's favor. Plaintiff has pled he received no compensation during the relevant period, which is $684 less than what he needs to be compensated to be considered an exempt employee. The MJ made manifest error when it found Plaintiff was exempt based on the SAC and we respectfully object to the R&R's conclusion that Plaintiff was an exempt employee. If the District Court adopts the R&R it would allow employers to offer high salaries, not pay its employees, and conveniently escape minimum wage liability under the FLSA. Moreover, no facts have been discovered to fully conclude that there is factual evidence of each element of any FLSA exemption. The R&R does not narrowly construe the FLSA exemptions against Defendant, and allows Defendant to escape liability under

the FLSA with allegations present that Defendant did not pay $684 per week during the relevant period. Therefore, we respectfully object to the MJ's recommendation that the SAC concludes that Plaintiff was an exempt employee and ask the District Court judge to **OVERRULE** the R&R's finding that Plaintiff was an exempt employee under the FLSA.

C. (**OBJECTION 3**) – The MJ committed manifest error of law and fact with its use of the Supreme Court case *Christopher* because whether employees are considered outside salesman is not a relevant exemption which Defendant seeks and is irrelevant to the analysis of Plaintiff's claims.

10. The MJ cited *Christopher* for the proposition that Plaintiff has pled he was exempt by stating, "The Court reasoned that salaried employees in *Christopher* 'who made significantly more than the minimum wage [there $70,000] were not the sort of employees the FLSA was meant to protect…" Dkt. 48 pg. 4. In *Christopher*, the Supreme Court found an exemption of outside salesmen from its minimum wage and maximum hours requirements, which was premised on the belief that exempt employees typically earned salaries well above the minimum wage and enjoyed other benefits that set them apart from the nonexempt workers entitled to overtime pay. *See Christopher*. However, there is no claim that Plaintiff is exempt from the FLSA based on the outside salesman exemption; and the *Christopher* case does not analyze whether an employee can be considered exempt if he was offered a high salary, but paid no minimum wages during the relevant period. Therefore, it is irrelevant to analyze *Christopher* in deciding whether an exemption exists. Therefore, we respectfully object to the MJ's recommendation that the SAC concludes that Plaintiff was an exempt employee and ask the District Court judge to **OVERRULE** the R&R's finding that Plaintiff was an exempt employee under the FLSA.

D. (**OBJECTION 4**) – The R&R declined supplemental jurisdiction, which should be reversed given that the FLSA claim is for minimum wage violations under federal law and the remaining claims under state and common law.

11. The R&R failed to consider Plaintiff's remaining claims and declined to analyze Plaintiff's

state law claims. As stated above, this Court retains federal jurisdiction because Plaintiff has adequately pled he is a non-exempt employee and was not paid minimum wages. Defendant did not even address the issue that Plaintiff's claim for breach of the employment agreement, does not seek unpaid minimum wages or unpaid overtime compensation, and is not preempted by the FLSA. Defendant confused the Court into believing that Plaintiff is only seeking unpaid wages, when his SAC specifically asks for minimum wages and contractual wages separately. Plaintiff's damages for breach of contract are above and beyond the FLSA's recovery of unpaid minimum and overtime wages, including but not limited to, contracted wages, vested bonuses, and reimbursements. **Dkt. 36 ¶** 60. *Karna v. BP Corp. North America, Inc.*, 11 F. Supp. 3d 809 (S.D. Tex. 2014)(finding breach of contract claim not preempted because it was independent of the FLSA). Therefore, the R&R erred when it denied supplemental jurisdiction and we respectfully **OBJECT** to the R&R's finding that no jurisdiction exists.

## III. CONCLUSION & PRAYER

12. Rarely, are FLSA exemptions decided on a 12(b)(6) motion, but in this situation it is clear the R&R did not take facts liberally in the nonmovant's favor; and it even assumed facts that are not in evidence ("Wells does not complain about unpaid minimum wages but about the tune of hundreds of thousands of dollars… the Court takes true he was to be employed with an annual salary of $250,000). Yet, the R&R does not take into consideration the *obvious* allegation that Plaintiff was not paid the $250,000 he was offered. The MJ and the R&R is on the verge of creating the most favorable case law for employers under the FLSA, which essentially allows employers to escape FLSA liability by presenting an offer letter that purports to pay the employee more than minimum wages. Whether employees are actually paid $684 per week to be considered exempt; is long in the past; and now employers have the opportunity to collect free labor by citing the R&R.

13. The R&R contains statements of bad case law and fails to take the facts liberally in Plaintiff's favor. However, Plaintiff has provided specific objections to each dispositive issued rendered in the R&R. Failing to not recognize material facts that have been omitted from the cases' analysis, will only lead to the District Court adopting bad case law, which will have a prejudicial effect in the Western District and Fifth Circuit. Discovery will uncover the fact-intensive inquiries, which Defendant seeks to assert in seeking dismissal under Rule 12(b)(6). Therefore, Defendant's 12(b)(6) motion should have been **DENIED** as to all claims and the R&R must be **REJECTED** by the District Court in its entirety.

Respectfully Submitted,

Eddie R. Hodges Jr.
______________________________

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
Federal Bar No.: 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal I.D. No. 713316
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of November 2024, a true and correct copy of this Objections to the R&R was filed with the Court using the Court's CM/ ECF system and served on Defendant's counsel.

**ANDREW R. KORN**
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Lottery.com

Eddie Hodges Jr.

**CERTIFICATE OF COMPLIANCE**

I certify that this Motion response is within the page-limit ordered by Local Rule CV-7. This objection is filed with no more than twenty (20) pages, exclusive of the caption, the signature block, any certificate, and any accompanying documents.

Eddie Hodges Jr.