IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARL WELLS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1081-RP |
| | § | |
| LOTTERY.COM, INC., | § | |
| Defendant. | § | |

**Lottery.com, Inc.'s Response to Plaintiff's Objections to R&R**

Defendant Lottery.com, Inc. responds to *Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge* (Dkt. 49) ("Objection") where Plaintiff Carl Wells "objects to the Report and Recommendation of the United States Magistrate Judge ("MJ") (Dkt. 48) ("R&R")" on Lottery.com's *Motion to Dismiss for Failure to State a Claim* (Dkt. 36) ("Motion to Dismiss").[1]

1. This Case (filed September 11, 2023) is one of four cases that Plaintiff's Counsel has filed in this Division against Lottery.com.[2]

2. Three out of Plaintiff's four objections go to Judge Lane's recommendation to dismiss with

[1] "Plaintiff incorporates by reference his response to the Motion to Dismiss (Dkt. 38) and his Second Amended Complaint ("SAC") (Dkt. 35)" Objection, p. 1. Therefore, Lottery.com incorporates by reference the Motion to Dismiss.

[2] The other three cases being *Yes Period, LLC v. Lottery.com, Inc.*, No. 1:23-CV-616-RP (W.D. Tex. filed June 1, 2023); *Peterson v. Lottery.com*, No. 23-cv-646-RP (W.D. Tex. filed June 8, 2023); and *Marsh v. Lottery.com, Inc.*, No. 23-cv-880-RP (W.D. Tex. filed July 27, 2023).

In the *Marsh* Case:

- Plaintiff Marsh alleged the exact same causes of action that Plaintiff does in this Case; and
- Judge Lane recommended dismissing all those causes of action – with prejudice (Dkt. 48).

In the *Yes Period* Case:

- Judge Pitman dismissed all of Plaintiff's claims without prejudice for failure to comply with Court orders and want of prosecution. (Dkt. 36), p. 8.

prejudice Plaintiff's claims for violations of the Fair Labor Standards Act ("FLSA"). Objection, p. 2-8; R&R, p. 2

3. However, Plaintiff plead themself out of Court. Plaintiff's factual allegations established that they are **not** a covered employee under the FLSA. R&R, p. 1-2, 5; Motion to Dismiss (Dkt. 36), p. 5-7; *Venable v. Smith Int'l, Inc.*, 2024 U.S. App. LEXIS 22468, at *4-5 (5th Cir. Sep. 4, 2024) (The FLSA also exempts workers from its overtime-pay guarantee protection, such as employees that are employed in a bona fide executive, administrative, or professional capacity…The duties test for higher-income employees, or HCEs, however, is more relaxed…Under the duties test, the HCE 'regularly performs' one, not all, of the following responsibilities: 'managing the enterprise, directing other employees, and exercising power to hire and fire.'"). More specifically, Plaintiff's FLSA claim is barred based on Plaintiff's allegation about employment. The first paragraph of Plaintiff's alleged Employment Agreement states:

> **Position** You will be employed in the fulltime, **exempt** role of Vice President of Information Technology

SAC, at p. 29 (Emphasis added). This allegation was fatal to FLSA coverage. *See Ware v. Collectcorp Corp.*, 2007 U.S. Dist. LEXIS 111576, at *4-5 (D. Ariz. August 28, 2007) ("Nevertheless, the very first fact in Plaintiff's SAC states that Plaintiff 'was employed by Collectcorp Corporation . . . as a Senior Vice President.' …Plaintiff's claim against Collectcorp also fails.").

4. Plaintiff contends they must be compensated at least $684 weekly to be considered an exempt Employee under the FLSA. Objection, p. 8. Not true. Salary allegations like the ones made by Plaintiff establish that the employee is exempt from the FLSA's minimum wage provision (regardless of whether the employer paid the employee). *Buan v. AATRU Med., LLC*, 2024 U.S. Dist. LEXIS 92161, at *7 (D. Minn. May 23, 2024) (Emphasis added) ("Ultimately, because Aatru promised to pay Buan $240,000, Aatru satisfied FLSA's minimum wage requirements **regardless of whether it ultimately**

**paid Buan**."); *Miller v. Infinite Percent Partners, LLC*, 2021 U.S. Dist. LEXIS 114026, at *4-7 (N.D. Cal. June 17, 2021):

> According to Plaintiff's own allegations, she was hired to perform professional functions, and she was to be paid a monthly salary, not an hourly wage. Plaintiff does not even attempt to allege that she was a nonexempt employee. Instead, she argues in her opposition that "[e]xempt employees are still entitled to the benefits of the FLSA if they are paid no minimum wage for 3 months." Plaintiff cites no authority, and the Court has found none, in support of this proposition. On the contrary, the plain language of 29 U.S.C. § 213 clearly exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the minimum wage provisions of 29 U.S.C. § 206. Accordingly, the Court finds that Plaintiff has not plausibly alleged a violation of the FLSA's minimum wage provisions.

5. Plaintiff continues to insist that the Court adopt their irrational reasoning to find Plaintiff covered under the FLSA. Lottery.com asks the Court to follow the rationality of the FLSA – which excludes an executive like Plaintiff from its coverage. *Emmons v. City of Chesapeake*, 982 F.3d 245, 257-258 (4th Cir. 2020) (Emphasis added):

> **there is an underlying thread of rationality to the statute and its regulations, which is that hourly workers who are the bulk of many a workforce are covered, but that those who operate in managerial capacities are not**.

*See also Yourman v. Giuliani*, 229 F.3d 124, 130 (2d Cir. 2000) ("The purpose of the salary basis test is to distinguish 'true' executive, administrative, or professional employees from non-exempt employees, i.e., employees who may be disciplined 'by piecemeal deductions from . . . pay.'"); *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 564 (2d Cir. 2012) (stating that the broad purpose of the executive exemption is "to distinguish managerial employees from non-managerial employees").

6. Plaintiff also plead themselves out of court by seeking unrecoverable damages. R&R, p. 6-7; *See generally Romero v. Becken*, 256 F.3d 349, 354-55 (5th Cir. 2001) (Affirming dismissal of a claim because it sought money damages unavailable under the relevant statute); *Koeller v. Numrich Gun Parts Corp.*, 675 F. Supp. 3d 260, 270 n.5 (N.D.N.Y. 2023) ("the plaintiff must also plead cognizable damages to survive a defendant's motion to dismiss under Rule 12(b)(6)."); *Burns v. Stratos*, 581 F. Supp. 3d 687, 696 (E.D. Pa. 2022) *aff'd*, 2023 U.S. App. LEXIS 14854 (3d Cir. June 15, 2023) (Dismissing claims

seeking a measure of damages that was unavailable); Barone v. Inspire Summits LLC, 2022 U.S. Dist. LEXIS 139696, at *2 (E.D.N.Y. Aug. 4, 2022) ("The trouble for Plaintiffs is that the FLSA permits a claim for a failure to promptly pay minimum wages—not agreed-upon wages." (emphasis in original)) This was a strategic decision. *Tasion Communs. v. Ubiquiti Networks, Inc.*, 2013 U.S. Dist. LEXIS 169861, at *8 n.3 (N.D. Cal. December 2, 2013) (Decision to seek tort instead of contract damages was a strategic decision). Plaintiff contends that general statements in the SAC support a claim for "unpaid minimum wage." Objection, p. 5-7. But the more specific allegations in a Complaint govern over the general. *Papapietro v. Clott*, 2024 U.S. Dist. LEXIS 20150, at *12-13 (E.D.N.Y. February 5, 2024).

7. Plaintiff also complains that the Complaint is "not being taken liberally in Plaintiff's favor" Even when Plaintiff alleged being a "non-exempt" employee. Objection, p. 3 n.1. But this general, conclusory, and formulaic allegation is disregarded in a 12(b)(6) challenge. Additionally, because Plaintiff alleged being an exempt employee with some context, that characterization controls. The "Employment Agreement" attached to the SAC as Exhibit A states that Plaintiff "will be employed in the fulltime, exempt role of Vice President of Information Technology of Lottery.com…" *See Dalzeal LLC v. Mellberg*, 2024 U.S. App. LEXIS 2842, at *9 (11th Cir. February 7, 2024 (Emphasis added):

> When evaluating a Rule 12(b)(6) motion, the court may consider exhibits attached to the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023) ("[C]ourts . . . consider the four corners of a complaint and the complaint's attached exhibits when analyzing a Rule 12(b)(6) motion to dismiss."). **Furthermore, and relevant here, "when the exhibits contradict the general and conclusory allegations of the [complaint], the exhibits govern**." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). *See also Turner*, 65 F.4th at 583 n.27 ("[A] litigant may be defeated by his own evidence, the pleader by his own exhibits when he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them."

<u>There's no place like where you're at</u>

8. With respect to Objection 4, Lottery.com agrees that the Court should retain supplemental

jurisdiction over Plaintiff's remaining state law claims (breach of contract, fraud, quantum meruit/unjust enrichment). But not for the reason urged by Plaintiff.

9. The Court has already spent a substantial amount of time on the Plaintiffs' four cases against Lottery.com. For example, Judge Lane conducted a hearing in this Case on a previous motion to dismiss, which covered Plaintiff's remaining state court claims. (Dkt. 48), p. 1. A further investment of a significant amount of judicial resources is inevitable in these cases. In a thirty-one page R&R in *Marsh v. Lottery.com, Inc.*, No. 23-cv-880-RP, Judge Lane recommended dismissing with prejudice the same state law claims brought by Plaintiff in this Case. *See Marsh v. Lottery.com, Inc.*, No. 23-cv-880-RP (Dkt. 47); *Marsh v. Lottery.Com, Inc.*, 2024 U.S. Dist. LEXIS 154613 (W.D. Tex. August 28, 2024). The Court will become even more familiar with the same state law causes of action when it rules on Plaintiff Marsh's objection to the R&R and the motions relating thereto. *See* (Dkts. 50-59).

10. The same state law claims are also involved in Lottery.com's *Motion to Dismiss for Failure to State a Claim* (Dkt. 39) in *Peterson v. Lottery.com*, No. 23-cv-646-RP, which is fully briefed and at issue before Judge Lane. Because there is diversity of citizenship in the *Peterson* case, the Court will retain jurisdiction over the same state law claims if it disposes of the same FLSA claim.

11. The Court's familiarity with the Plaintiffs' state law claims – fully briefed in substantive motions ripe for determination in the three open cases – is a "key" factor favoring retaining supplemental jurisdiction. *Cf. Hernandez v. West Tex. Est. Sales, LLC*, 2024 U.S. Dist. LEXIS 82777, at *10-17 (W.D. Tex. May 7, 2024) appeal filed, (Jun. 4, 2024).

12. "A district court's decision whether to exercise supplemental jurisdiction over pendent state-law claims 'after dismissing every claim over which it had original jurisdiction is purely discretionary.'" *Baker v. Bentonville Sch. Dist.*, 75 F.4th 810, 818 (8th Cir. 2023) (Citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009)). Here, Plaintiff asks the Court to retain the state law claims. Objection, p. 9-10. And this forum is Plaintiff's chosen forum. *Boyd v. Nephron*

*Pharms. Corp.*, 2023 U.S. Dist. LEXIS 5864, at *9 (D.S.C. January 11, 2023) (choice of forum given weight in deciding whether to exercise supplemental jurisdiction over state law claim). Dismissing Plaintiff's state law claims without prejudice subjects Lottery.com to multiple proceedings that will likely take longer to conclude. Lottery.com is a publicly traded company that prefers to minimize the time it is under accusations of fraud. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) ("[A] lawsuit containing the serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending."). Therefore, Lottery.com requests that the Court exercise supplemental jurisdiction over Plaintiff's state law claims.

Conclusion

13. To avoid dismissal of Plaintiff's FLSA claim, Plaintiff foretells the coming of a dark world of exploited employees forced into "free labor" through the "assignment of executive functions." Objection, p. 1 & 10.[3] When the Court adopts the R&R and dismisses Plaintiff's FLSA claims, hourly workers who are bulk of the workforce will still be covered by the FLSA. Only a fraction of employees can be assigned bona fide "executive functions." Highly compensated executives won't be left without a remedy for unpaid salary. These executives will still have to do what they did before the Court dismissed Plaintiff's FLSA claim (*i.e.* select and properly plead the claims and remedies that apply to their situation).

14. Therefore, Lottery.com requests that the Court:

- deny Plaintiff's objections to Judge Lane's recommendation for dismissing with prejudice Plaintiff's claims for violations of the FLSA (*See* R&R, p. 7); and

[3] "Over-the-top hyperbole has no place in proper briefing." *United States v. Minor*, 2022 U.S. Dist. LEXIS 145906, at *14, n.4 (W.D.N.C. August 16, 2022). However, no objection is necessary here because Lottery.com expects that the Court will ignore the hyperbole and address the merits. *See Lalonne v. NewRez LLC*, 2023 Cal. App. Unpub. LEXIS 3269, at *4 (June 6, 2023) ("ignoring the hyperbole and tone of plaintiff's appellate briefs, we have attempted to address the merits of the issues raised").

- sign an order:
  - dismissing with prejudice Plaintiff's claims for violations of the FLSA; and
  - exercising supplemental jurisdiction over Plaintiff's state law claims.

Local Court Rule CV-10(b) Required Information:

Signature: Andrew R. Korn
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Defendant Lottery.com, Inc.

## CERTIFICATE OF SERVICE

I certify that on December 3, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Eddie Hodges, Jr.
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Email: eddie.hodges@kennardlaw.com
Attorney for Plaintiff

Andrew R. Korn
ANDREW R. KORN