**FILED**
January 24, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CARL WELLS** | § | |
| | § | |
| ***Plaintiff,*** | § | **CASE NO. 1:23-CV- 01081-RP** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **LOTTERY.COM, INC. d/b/a** | § | |
| **SPORTS.COM, INC.** | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE**:

COMES NOW, pursuant to Federal Rule of Civil Procedure 72(b), Carl Wells, ("Plaintiff") files this reply in support of his objections to the Report and Recommendation of the United States Magistrate Judge ("MJ") (Dkt. 48) ("R&R"). Plaintiff incorporates by reference his response to the Motion to Dismiss (Dkt. 38); his Second Amended Complaint ("SAC") (Dkt. 35); and his Objections (Dkt.49) and reply to the response submitted by Defendant; Plaintiff will show the Court as follows:

## I. REPLY IN SUPPORT

### A. Defendant filed its response 15 days after the Objections were filed, therefore the response is considered late.

1. Rule 72(b)(2) states:

> (2) *Objections.* Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. FED. R. CIV. P. RULE 72(b)(6).

2. Here, the R&R was filed on November 15, 2024. (Dkt. 48). Plaintiff submitted his objections on November 18, 2024. According to Rule 72(b)(6), Defendant was required to submit a response on or before December 2, 2024. Defendant filed its response on December 3, 2024, one day after their deadline to respond. (Dkt. 51). Therefore, Defendant's response was not timely filed according to the federal rules.

3. The Court has previously held the parties to a strict compliance to the local and federal rules throughout the four pending cases before this Court. Plaintiff is not asking the Court to strike Defendant's response, but to take notice of the late filing, and the fact that Defendant failed to file a Motion for Leave to file a late response. Plaintiff would have been unopposed to that Motion if it was only one day late.

4. Plaintiff now responds directly to the new cases and new arguments presented by the Defendant in their late response that were not analyzed by the Magistrate Judge. The District Court reviews the case *de novo* for any part of the magistrate judge's disposition that has been properly objected to and Plaintiff would like the opportunity to address these new arguments presented in the late response.

**B. Defendant is asking this Court to create a new precedent under the FLSA which disregards the actual elements of establishing exemption status.**

5. Defendant's main argument, regarding exemption status, is that:

> Plaintiff's factual allegations established that they are not a covered employee under the FLSA… The first paragraph of Plaintiff's alleged Employment Agreement states: Position You will be employed in the fulltime, exempt role of Vice President of Information Technology SAC, at p. 29 (Emphasis added). This allegation was fatal to FLSA coverage. *See Ware v. Collectcorp Corp*., 2007 U.S. Dist. LEXIS 111576, at *4-5 (D. Ariz. August 28, 2007) ("Nevertheless, the very first fact in Plaintiff's SAC states that Plaintiff 'was employed by Collectcorp Corporation . . . as a Senior Vice President.' …Plaintiff's claim against Collectcorp also fails.").

6. However, Courts in the Western District have already found on a summary judgment level

that:

> "**<u>A job title alone is insufficient to establish the exempt status of an employee under FLSA</u>**; the exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements as detailed in the regulations promulgated with regard to FLSA exemptions. Fair Labor Standards Act of 1938 § 13, 29 U.S.C.A. § 213(a)(1); 29 C.F.R. § 541.2." *Alawar v. Trican Well Serv., L.P.*, 397 F. Supp. 3d 873, 890 (W.D. Tex. 2019)(emphasis added).

7. Here, Plaintiff has pled he is not an exempt employee under the FLSA because he was compensated less than $684 per week, (no administrative or executive exemption applies). If an offer letter that purports an executive job and a high salary is all that is needed to overcome a 12(b)(6) motion on a FLSA claim; then there would be no need for the FLSA provide guidelines on exemption status. Even highly compensated employees must be paid *something* and cannot be paid *nothing* or the minimum wage requirements under the FLSA would be illusory. Further information is needed to decide whether Plaintiff qualifies as exempt under 29 C.F.R. § 541.100 (executive employee); 29 C.F.R. § 541.200 (administrative employee); 29 C.F.R. § 541.300 (professional employee); 29 C.F.R. § 541.500 (outside sales employee); or 29 C.F.R. § 541.601 (highly compensated employee). Plaintiff's allegation that he did not receive at least $684 per week or any wages during the relevant period (July 2022 to present) disqualifies him from most of those exemptions that require the employee to be paid $684 per week. Therefore, if the District Court adopts the R&R it would create precedent that employers can label their employees as an exempt, offer them a high salary, and *never* pay them, and not be liable under the FLSA for failing to pay minimum wages, by seeking 12(b)(6) dismissal without ever ascertaining whether Defendant can establish its burden of each element for any respective exemption.

8. The *Marsh v. Lottery.com*, R&R opinion is already public and employers in the 5th Circuit can now cite to the R&R's authority that incorrectly analyzes this case with *Miller*, and concludes

that an exemption exists even though the R&R disregarded a crucial fact in the *Miller* decision that the employee in *Miller* pled she received $5,000 during the relevant period, which is distinguishable because here Plaintiff alleged he received "no compensation during the relevant period." *Marsh v. Lottery.com*, 2024 WL 4327461 at *4-5 (W.D. Tex. 2024). Defendant makes it appear that it has established its burden that Plaintiff was an exempt executive employee, but where are the facts that: "The employee must customarily and regularly direct the work of at least two or more other full-time employees or their equivalent*;"* or "The employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight." Inferences have been made in the movant's favor that these elements have been met under 29 C.F.R. § 541.100 (executive employee).

9. Technically, given the *Marsh* precedent employers are no longer required to pay their employees at least $684 per week to be considered exempt; because according to the *Marsh* and *Wells* R&R whether an employee is **actually** paid $684 a week is not relevant to the 12(b)(6) analysis but only what the Plaintiff was **offered** to the employee. *See R&R* pg. 5 ("the conclusion that Wells was (or is) exempt is buttressed by the allegation, which the court takes as true that he was to employed with an annual salary of $250,000 paid biweekly). *Marsh v. Lottery.com*, 2024 WL 4327461 at *4-5 (W.D. Tex. 2024). Thus, there is no need to analyze the elements of an executive exemption under the FLSA. However, that is a fatal flaw and contradicts FLSA guidelines.

10. Lastly, there is no analysis in the R&R or in the response to the objections as to the case law which purports that Plaintiff can seek both minimum wage damages and contractual damages under the law, because Plaintiff has specifically pled his breach of contract claim is independent

of the FLSA minimum wage violation claim. *See Karna v. BP Corp. North America, Inc*., 11 F. Supp. 3d 809 (S.D. Tex. 2014)(finding breach of contract claim not preempted because it was independent of the FLSA).

11. The SAC explicitly states: "This case is brought under 29 U.S.C. § 206(a) based on Defendant's failure to pay minimum wages." (Dkt. 35 ¶ 3). "Defendant's actions violate federal minimum wage laws." (Dkt. 35 ¶ 5). "Between July 22, 2022 and present Defendant has failed to pay Plaintiff minimum wages as required under the FLSA. (Dkt. 35 ¶ 56). "Plaintiff's claim for breach of the employment agreement, does not seek unpaid minimum wages or unpaid overtime compensation, and is not preempted by the FLSA because Plaintiff seeks damages for breach of contract <u>above and beyond the FLSA's recovery of unpaid minimum and overtime wages</u>." (Dkt. 35 ¶ 72). *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994) (when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory).

12. Here, Plaintiff is not seeking unpaid wages under the FLSA but to hold Defendant liable and to collect damages for Defendant's failure to pay minimum wages during the relevant period. In *Buan v. AATRU Med. LLC*, the plaintiff was compensated at least $684 per week as required under the FLSA's exemption. *Buan* at *2. The Plaintiff in *Buan* was also compensated $12,000 for wages during the relevant period, which is clearly distinguishable from what is being alleged in this case (i.e. no compensation during the relevant period).

13. Plaintiff has alleged minimum wage violations and is seeking damages under the FLSA for failure to pay minimum wages during the relevant period. Plaintiff has alleged he is not an exempt employee because his compensation was below $684 per week during the relevant period. Plaintiff has not alleged he regularly directed the work of at least two or more other full-time employees or

their equivalent or that he had the authority to hire or fire other employees. The inferential leap that Plaintiff was exempt as an executive is not found in his pleadings, nor has Defendant established its burden of proving an exemption exists through each element. Therefore, improper summary judgment determinations were made in the R&R at the 12(b)(6) stage, which is why the District Court judge should decline to adopt the R&R in its entirety.

**C. The Court should decline to adopt the R&R's decision to decline supplemental jurisdiction because Plaintiff's remaining state law claims are viable.**

11. Defendant cites to *Marsh* for the proposition that the Magistrate Judge has already made the decision on similar issues and the Court should accept supplemental jurisdiction to make the same decision as the magistrate. The R&R does not explicitly analyze the merits of Plaintiff's remaining claims: breach of contract, fraud, and alternative quantum meruit/unjust enrichment claims. Therefore, Plaintiff's objections did not specifically address the claims the MJ failed to analyze when it decided to decline supplemental jurisdiction.

12. In response to Defendant's argument that the Court should accept and dismiss the remaining claims based on *Marsh*, we disagree. As of this filing, the Objections in *Marsh* have been fully briefed and the facts in this case are distinguishable. Here, Plaintiff presented a contract that purports that Defendant would reimburse Plaintiff for moving expenses and personal expenses and Plaintiff has also presented facts of the existence of unilateral contracts based on his performance, which continues to be accepted by Defendant. In *Marsh*, the R&R erred when it failed to look at the timing between the alleged false statements made by Defendant and the performance by Plaintiff thereafter, which was accepted by Defendant and created a unilateral contractual relationship. The MJ found because the statements occurred after Marsh alleged he entered a contract with Lottery.com, it could not have induced the contract, but failed to analyze whether unilateral contracts were formed after each of the statements were made to induce Plaintiff

to continue to work. Unilateral contracts are enforceable under Texas law.

13. Moreover, the *Marsh* R&R failed to analyze or address: (i) the exceptions to the at-will doctrine as it relates to Plaintiff's breach of contract and fraud claim; (ii) the exception to "future predictions" in fraudulent statements; and (iii) incorrectly found that a third-party involvement is necessary to plead unjust enrichment/quantum meruit. It is unclear whether the District Court will adopt or reject the R&R for *Marsh* at this time, but Plaintiff incorporates portions of his response to the Motion to Dismiss that ask the Court to deny the 12(b)(6) motion as to his remaining, breach of contract, fraud, and quantum meruit claims.

14. The R&R erred when it dismissed Plaintiff's FLSA claims without taking facts liberally in Plaintiff's favor and making the inferential leap that Defendant has established its burden of showing an exemption exists under the FLSA. In doing so the R&R denied supplemental jurisdiction on the remaining claims without analyzing the merits. Plaintiff presented the who, what, when, where, and how on each alleged fraudulent statement to satisfy the Rule 9 burden for his fraud claim. We ask the Court to disregard Plaintiff's late response asking the Court to accept supplemental jurisdiction so that the Court can dismiss the remaining claims based on the same analysis in *Marsh*. As stated above, we respectfully believe the R&R in *Marsh* contained bad case law and failed to take facts liberally in Plaintiff's favor. We ask the Court to accept supplemental jurisdiction and take a *de novo* review of the remaining claims, which have been properly pled under Rule 8 and Rule 9.

## II. CONCLUSION & PRAYER

12. Rarely, are FLSA exemptions decided on a 12(b)(6) motion. Rarely are 12(b)(6) motions granted in general. But in this situation it is clear the R&R did not take facts liberally in the nonmovant's favor; and it even assumed facts that are not in evidence ("Wells is exempt under the

FLSA”). Yet, the R&R does not take into consideration the *obvious* allegation that Plaintiff was not paid the $250,000 he was offered. In fact, Plaintiff alleges he was not exempt and did not receive the required $684 per week during the relevant period. The most favorable case law for employers under the FLSA is already out there with the *Marsh* case, which essentially allows employers to escape FLSA liability without ever having to pay its employees by presenting an offer letter of an executive position that purports to pay an employee a salary higher than minimum wages. Whether employees are actually paid $684 per week to be considered exempt or whether they have the power to direct other employees or hire and fire; is long in the past; and now employers have the opportunity to collect free labor by citing *Marsh* and the R&R in *Wells* without ever having to go through discovery. It is the most favorable case law for employers under the FLSA in the 5th Circuit and we respectfully ask the District Court to intervene to prevent this practice from becoming the new norm.

13. The R&R contains statements of bad case law and fails to take the facts liberally in Plaintiff’s favor. However, Plaintiff has provided specific objections to each dispositive issued rendered in the R&R. Failing to not recognize material facts that have been omitted from the cases’ analysis, will only lead to the District Court adopting bad case law, which will have a prejudicial effect in the Western District and Fifth Circuit. Discovery will uncover the fact-intensive inquiries, which Defendant seeks to assert in seeking dismissal under Rule 12(b)(6). Therefore, Defendant’s 12(b)(6) motion should have been **DENIED** as to all claims and the R&R must be **REJECTED** by the District Court in its entirety.

Respectfully Submitted,

Eddie R. Hodges Jr.
______________________________
**Eddie Hodges, Jr.**
Texas Bar No.: 24116523

Federal Bar No.: 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal I.D. No. 713316
Kennard Law PC
5120 Woodway Dr., Suite 10010
Houston Texas 77056
Main: (713) 742-0900
Fax: (713) 742-0951
Email: alfonso.kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on this 6th day of December 2024, a true and correct copy of this Objections to the R&R was filed with the Court using the Court's CM/ ECF system and served on Defendant's counsel.

**ANDREW R. KORN**
State Bar card number: 11683150
Mailing address:
Andrew R. Korn, PLLC
4221 Avondale Avenue
Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Lottery.com

Eddie R. Hodges Jr.
____________________________
Eddie Hodges Jr.

**CERTIFICATE OF COMPLIANCE**

I certify that this Motion response is within the page-limit ordered by Local Rule CV-7. This reply objection is filed with no more than ten (10) pages, exclusive of the caption, the signature block, any certificate, and any accompanying documents.

Eddie R Hodges Jr.

Eddie Hodges Jr.