**FILED**
August 27, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 6, 2025
Lyle W. Cayce
Clerk

No. 25-50037

Carl Wells,

*Plaintiff—Appellant*,

*versus*

Lottery.com, Incorporated, *doing business as* Sports.com, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1081

Before Stewart, Clement, and Wilson, *Circuit Judges*.

Per Curiam:*

In this case, we review the district court's dismissal of Carl Wells's suit against his employer, Lottery.com, under the Fair Labor Standards Act ("FLSA"). The district court held that Wells did not plead a cognizable minimum wage violation claim and that he is exempt under the FLSA. Wells appealed. For the following reasons, we AFFIRM.

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I.

### *A. Factual Background*

Wells serves "in the fulltime, exempt role of Vice President of Information Technology of Lottery.com" between March and July 2022.[1] He relocated from Houston to Austin, Texas to take the position, and Lottery.com agreed to pay for his relocation expenses. According to Wells, in this role, he is:

> tasked with developing and implementing all IT strategies, ensuring the organization's data and systems are secure and comply with relevant regulations and standards, overseeing the administration of Google Workspace with other enterprise systems and applications, managing user accounts, access permissions, and identity management to ensure that the right people have the right access to resources, implementing policies and procedures for data storage, backup, and recovery to ensure data integrity and availability, establishing and managing IT support services to address user issues, troubleshoot problems, and ensure continuous availability of services, managing the IT budget, controlling costs, and ensuring that investments in Google Workspace and related technologies provide a good return on investment, and managing relationships with vendors, negotiating contracts, and ensuring that third-party services and products meet the organization's needs and standards.

Wells's employment agreement provides for an annual salary of $250,000, and he received this pay biweekly as expected from March 9, 2022 to July 8, 2022.

---

[1] Because this appeal involves review of a motion to dismiss under Federal Rule of Civil Procedure 12(b), the facts presented herein are as alleged by Wells. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In July 2022, amidst serious financial difficulties, Lottery.com furloughed many of its employees. Wells alleges that he was not furloughed and that Lottery.com instead induced him to continue working while it sorted out its finances. He states that he was also encouraged to incur tens of thousands of dollars in operational expenses on his credit card under the belief that those expenses would later be reimbursed. Wells alleges that since the furlough, Lottery.com has not paid him full wages or satisfied nonwage debts that it owes to him.

*B. Procedural History*

Wells sued Lottery.com, asserting a minimum wage violation claim under the FLSA and several claims under Delaware law including claims for breach of contract, fraud, and unjust enrichment. Lottery.com filed a Rule 12(b)(6) motion to dismiss Wells's first amended complaint. The district court granted Wells leave to amend. After Wells filed his second amended complaint, Lottery.com again moved to dismiss. A magistrate judge issued a report and recommendation in favor of dismissal, and the district court adopted it over Wells's objections.

In doing so, the district court dismissed Wells's FLSA claim with prejudice, reasoning that Wells (1) did not plead minimum wage violations cognizable under the FLSA and (2) is exempt under the FLSA. After the district court dismissed his FLSA claim, it declined to exercise supplemental jurisdiction over his remaining state-law claims and dismissed them without prejudice. On appeal, Wells only challenges the district court's dismissal of his claim under the FLSA.

## II.

"We review a district court's ruling on a motion to dismiss de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

FLSA exemptions are affirmative defenses, and they "are to be narrowly construed against the employers seeking to assert them." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). Employers have the burden of proving the applicability of an exemption. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974). But "[d]ismissal based on a successful affirmative defense can be appropriate when that defense appears on the face of the complaint." *Carbon Six Barrels v. Proof Rsch.*, 83 F.4th 320, 324 (5th Cir. 2023) (citing *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017)).

## III.

On appeal, Wells raises two arguments.[2] First, he argues that the district court erred by determining that he failed to state a minimum wage violation under the FLSA. Second, he argues that the district court erred by concluding that he is an exempt employee under the FLSA. We take each argument in turn.

### *A. Minimum Wage Violation*

Wells argues that the district court erred by holding that he failed to plead a minimum wage violation under the FLSA. We agree.

In 1938, Congress enacted the FLSA to eliminate substandard labor conditions by "regulating minimum wages, maximum working hours, and child labor in industries that affected interstate commerce." *See Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1024 (5th Cir. 1993) (citing 29 U.S.C. § 202; 81 Cong. Rec. 7648 (1937)). The FLSA requires employers to pay minimum wage to nonexempt employees. 29 U.S.C. § 206(a)(1). Specifically, it establishes that covered employees must be paid a minimum wage of at least $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c).

Here, the district court concluded that Wells was not seeking to recover minimum wages but was instead seeking unpaid wages in the amount that Lottery.com initially agreed to pay him. Wells argues that his second amended complaint explicitly states: "[t]his case is brought under 29 U.S.C. § 206(a) based on [Lottery.com]'s failure to pay minimum wages," and

---

[2] Lottery.com argues that Wells's appeal is untimely because it did not specifically identify the judgment and order from which it seeks our review. But Wells's notice states that he "appeals to the United States Court of Appeals for the Fifth Circuit from [the district court]'s Adoption of the Magistrate's Report and Recommendations." Lottery.com provides no authority suggesting that more is necessary. Thus, we proceed to resolve the issues outlined in Wells's appeal.

"[b]etween July 22, 2022 and present [Lottery.com] has failed to pay [Wells] minimum wages as required under the FLSA." Lottery.com retorts that Wells's FLSA claim has "always been a throw-away claim" made to "maintain[] a [f]ederal forum." It contends that Wells is "not looking to recover $7.25 per hour for the time [he] worked."

Wells has the better argument. Setting aside exemptions, his second amended complaint contains "sufficient factual matter, accepted as true" to state a plausible claim to relief under the FLSA's minimum wage violation provision. *See Iqbal*, 556 U.S. at 678. To be sure, Wells concedes that he "seeks damages for breach of contract above and beyond the FLSA's recovery of unpaid minimum and overtime wages." But Lottery.com cites no authority suggesting that a plaintiff's complaint cannot seek to recover both FLSA minimum wages and broader unpaid wages.[3] Moreover, neither the district court nor Lottery.com reasoned that Wells did not "plead[] factual content that allows the court to draw the reasonable inference that [Lottery.com] is liable" for an FLSA minimum wage violation. *Iqbal*, 556 U.S. at 678. Thus, we conclude that Wells stated a plausible claim for relief under the FLSA's minimum wage provision. That said, we nonetheless affirm the district court's dismissal of Wells's FLSA claim because his second amended complaint establishes that he is a statutorily exempt employee.

---

[3] Lottery.com cites *Barone v. Inspire Summits LLC*—an out-of-circuit district court opinion—in support of its argument that Wells failed to plead a claim under the FLSA's minimum wage provision. No. 20-cv-5978NGGCLP, 2022 WL 3139124 (E.D.N.Y. Aug. 4, 2022)). But in *Barone*, the court dismissed an FLSA minimum wage claim because "the term 'minimum wage' [was] missing entirely from the [c]omplaint."*Id.* at *2. Here, however, Wells's second amended complaint used the term "minimum wage" several times. Thus, *Barone* is disanalogous.

### *B. FLSA Exemption*

Wells argues that the district court erred by concluding that he is an exempt employee under the FLSA. We disagree.

The FLSA exempts from its provisions any employee employed in a "bona fide [1] executive, [2] administrative, or [3] professional capacity." 29 U.S.C. § 213(a)(1). Relevant here, the administrative exemption applies "when an employee's 'primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers,' and the 'primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.'" *Smith v. Ochsner Health Sys.*, 956 F.3d 681, 684 (5th Cir. 2020) (quoting 29 C.F.R. § 541.200(a)).

The FLSA also includes a "Highly Compensated Employee" ("HCE") exemption. *Id.* In *Smith*, we explained that:

> [a]n employee is exempt under the highly compensated category if he or she (1) is annually compensated at least [an amount specified by regulation]; (2) 'customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative[,] or professional employee'; and (3) has within his or her primary duties the performing of office or non-manual work.

956 F.3d at 684 (quoting 29 C.F.R. § 541.601(a); § 541.601(d)). We further synthesized that an employee could be an administrative HCE "if the employee customarily and regularly performed 'office or non-manual work directly related to the management or general business operations of the employer,' § 541.200(a)(2), even if the employee's duties did not 'include[] the exercise of discretion and independent judgment with respect to matters of significance.'" *Id.* at 685 (emphasis omitted).

We conclude that the district court did not err in holding that Wells pleaded himself out of court. Wells's status as an administrative HCE appears on the face of his second amended complaint. [4]

To start, Wells's pleadings show that he was highly compensated. Wells alleges that he was paid biweekly salary of $9,615.39 (annually, $250,000).[5] He avers, however, that he only received this pay from March 9, 2022 to July 8, 2022, and that he has not been paid since the furlough in June 2022. Thus, he presses that he "lost" any exemption status he might have had under the FLSA since he was not compensated for work performed after that period. But Wells cites no authority from this court—or any other—that supports his argument that he lost FLSA exemption status when he stopped receiving paychecks. Without more, we reject that argument. Thus, the district court did not err in concluding that Wells is highly compensated under the FLSA.

Further, Wells's second amended complaint establishes that he is exempt under the FLSA. As a preliminary matter, his offer letter states that he serves in the "*exempt* role of Vice President of Information Technology of Lottery.com." But even setting that aside, his pleadings allege that he customarily performs administrative office duties. Wells pleaded that his responsibilities include "managing user accounts," "identity management,"

---

[4] In concluding that Wells is exempt from FLSA, the district did not specify which FLSA exemption was applicable. It did, however, highlight Wells's high compensation and cite to an opinion of this court applying the FLSA's administrative exemption. *Dewan v. M-I*, 858 F.3d 331, 334 (5th Cir. 2017)). On appeal, Lottery.com argues for application of the HCE exemption. Thus, we evaluate the applicability of the HCE exemption based on Wells's performance of administrative duties.

[5] The threshold compensation requirements under 29 C.F.R. § 541.601 have gone through multiple changes in the past few years, the most recent of which set the annual compensation for a highly compensated employee at $151,164 per year. Wells's quarter-million-dollar salary plainly clears this hurdle.

"establishing and managing IT support services," "managing the IT budget," and "managing relationships with vendors." In short, Wells's role as Vice President of Information Technology at Lottery.com involves management of the company's IT operations. Because Wells "customarily and regularly perform[s] 'office or non-manual work directly related to the management or general business operations of [his] employer,'" he is exempt under the FLSA. *Smith*, 956 F.3d at 685 (citing § 541.200(a)(2)).

In sum, it is evident from Wells's second amended complaint that he is highly compensated, performs administrative tasks, and serves in a role in which his primary duties include performing office work. *See id*. at 684 (5th Cir. 2020). Thus, the administrative HCE exemption is applicable, and the district court did not err by dismissing Wells's FLSA claim.[6] *Id.*

## IV.

For these reasons, we AFFIRM the district court's judgment.

---

[6] Lottery.com argues, in the alternative, that we must affirm because Wells failed to plausibly allege the requisite connection to interstate commerce in invoking the FLSA. Because we affirm the district court's dismissal on the ground that Wells is an exempt employee under the FLSA, we do not reach that issue.